U.S. COURTS
01 NOV 19 PM 1:25
CLERK

ALAN G. LANCE
ATTORNEY GENERAL
STATE OF IDAHO

DAVID G. HIGH, Chief
Civil Litigation Division

BRETT T. DeLANGE
Deputy Attorney General
Consumer Protection Unit
Office of the Attorney General
Len B. Jordan Building, Lower Level
700 West Jefferson Street, Room 210
P. O. Box 83720
Boise, Idaho 83720-0010
Telephone: (208) 334-2424

ATTORNEYS FOR THE STATE OF IDAHO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION<br><br>Plaintiff,<br><br>vs.<br><br>PACIFICORP (including UTAH POWER, & LIGHT COMPANY, a division),<br><br>Defendant,<br><br>STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General<br><br>Defendant - Intervenor. | Case No. 96-308-E-BLW<br><br>MEMORANDUM IN SUPPORT OF THE STATE OF IDAHO'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT |

The State of Idaho moves the Court to grant partial summary judgment against Plaintiff Snake River Valley Electric Association (Snake River), pursuant to Rule 56, Fed. R. Civ. Pro. Specifically, the State of Idaho seeks an order finding that:

(1) PacifiCorp is immune, pursuant to the amended Idaho Electric Supplier Stabilization Act (ESSA) (presently codified at Idaho Code §§ 61-332 through 61-334C), from federal



143

antitrust liability for conduct undertaken since December 8, 2000, the date ESSA's amendments first took effect;[1] and

(2) Requested permanent injunctive relief, which runs counter to ESSA's provisions, as amended, should not be granted.

## STATEMENT OF THE CASE

### 1. Course of Proceedings Background

Snake River filed a complaint against PacifiCorp, alleging a number of federal antitrust violations. Snake River seeks both damages and injunctive relief. Relying upon ESSA, PacifiCorp moved, in part, to dismiss Snake River's complaint pursuant to the "state action doctrine," as first set forth in Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307 (1943).

On April 25, 1997, this Court denied PacifiCorp's motion. The Court held that the State of Idaho, through enactment of ESSA, has clearly articulated and affirmatively expressed a state policy of restraining competition for PacifiCorp's existing customers, April 25, 1997 Memorandum Decision and Order, pp. 7-10, the first of two elements necessary to establish a state action defense. The Court held, however, that the policies of ESSA were not actively supervised by the State, which is the second element of the state action defense. *Id.* p. 14.

On July 16, 1997, the State of Idaho moved for leave to intervene, which the Court granted. The State of Idaho subsequently moved for partial summary judgment, providing additional argument and evidence, and contending that the State of Idaho actively supervised the policies underlying ESSA (as it existed prior to is being amended in 2001). The Court granted the State's motion. April 20, 1998 Memorandum Decision and Order. After the District Court

[1] The Idaho Legislature significantly amended ESSA both in its 2000 Extraordinary Session and in its 2001 regular legislative session. The 2000 Extraordinary Session legislation, HB 1, took effect December 8, 2000, but had a March 1, 2001 sunset clause. The 2001 legislative session legislation, HB 142, was enacted and took effect March 1, 2001. Both bills are substantially similar in content.

Attached to the November 19, 2001 Affidavit of Brett T. DeLange are true and correct copies of HB 1 and HB 142.

any claim that has as its basis conduct occurring on or after the effective date of ESSA's amendments, which was December 8, 2000.

**D. Snake River Should Not Be Entitled to Prospective Injunctive Relief**

If this Court agrees that the amended ESSA confers state action immunity upon parties complying with its terms, then it should be equally clear that requested injunctive relief, inconsistent with the terms of ESSA, is inappropriate and should not be granted.

Injunctions are equitable remedies that are not issued "'as of course.'" Weinberger v. Romero-Barcelo, 456 U.S. 305, 311, 102 S.Ct. 1798, 1803 (1982). Indeed, an injunction is an "extraordinary remedy," *id.* 456 U.S. at 312, 102 S.Ct. at 1803, and "requires the movant to unequivocally show the need for its issuance." Valley v. Rapids Parish School Board, 118 F.3d 1047, 1050 (5th Cir. 1997); *see also* Natural Resources Defense Council, Inc. v. E.P.A., 966 F.2d 1292, 1300 (9th Cir. 1992) ("Injunctions are an extraordinary remedy issued at a court's discretion when there is a compelling need.")

It appears that in the Ninth Circuit, courts apply one of two tests for determining the appropriateness of issuing an injunction. Ali v. United States, 932 F.Supp. 1206, 1209 (N.D. Cal. 1996). Under the first test for issuance of a preliminary injunction, the party must show: (1) irreparable injury; (2) probability of success on the merits; (3) the balance of equities in the party's favor; and (4) if the public interest is involved, the granting of the injunction is in the public interest. Stanley v. University of Southern California, 13 F.3d 1313, 1319 (9th Cir. 1994) (internal citation omitted). Under the second test, the moving party must demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardship tips sharply in the moving party's favor. *Id.* Even if the balance tips in the moving party's favor, the movant must still show a fair chance of success on the merits. *Id.* If the balance tips sharply in favor of the plaintiff, less likelihood of success on the merits is required. Wilson v. Watt, 703 F.2d 395, 399 (9th Cir.1983). In addition, the party must also show an inadequate remedy at law. Stanley, 13 F.3d at 1320.

The standards for a permanent injunction are the same as a preliminary injunction, except the moving party must show actual success on the merits, instead of probable success on the merits. Amoco Production Co. v. Village of Gambell, 480 U.S. 531, 546 n.12, 107 S.Ct. 1396, n.12 (1987). The decision to grant an injunction is committed to the sound discretion of the Court. U.S. S.E.C. v. Fehn, 97 F.3d 1276, 1295 (9th Cir. 1996).

"Because injunctive relief looks to the future, and is designed to deter rather than punish, relief will be denied if the conduct has been discontinued on the ground that the dispute has become moot and does not require the court's intervention." 11A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 2942 (1995) (citations omitted). Thus, in cases where the plaintiff's cause of action relies upon a statute or ordinance that has been repealed or otherwise declared unenforceable, courts have declined to issue injunctions based upon the repealed or unenforceable law. *See e.g.*, Penny Saver Publications v. Village of Hazel Crest, 905 F.2d 150 (7th Cir. 1990); BellSouth v. City of Coral Springs, 42 F.Supp.2d 1304, 1312 (S.D.Fl. 1999) *aff'd in part, rev'd in part*, BellSouth v. City of Palm Beach, 252 F.3d 1169 (11th Cir. 2001). Similar reasoning applies here.

The substantive amendments to ESSA now confer state action immunity over conduct which Snake River seeks injunctive relief—an order allowing Snake River to serve existing customers of PacifiCorp. Snake River can no longer establish a reasonable likelihood of future federal antitrust violations, nor that PacifiCorp can be held liable for such future violations, because any such future conduct, which is in compliance with ESSA, is now immunized from federal antitrust liability under the state action doctrine. Thus, any request for injunctive relief would be inappropriate, and this Court should so hold.

## II.

## THIS COURT MAY CONSIDER THE STATE OF IDAHO'S MOTION FOR PARTIAL SUMMARY JUDGMENT BECAUSE OF THE LEGISLATIVE CHANGES TO ESSA

This Court has already ruled once on the state action doctrine. Hence, the issue arises whether the Court should or can review the issue again. In general, a successive motion for summary judgment is

> appropriate especially if one of the following grounds exist: '(1) an intervening

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2001, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to the following:

| | | |
|---|---|---|
| Charles F. Wheatley, Jr.<br>Timothy P. Ingram<br>Wheatley & Ranquist<br>34 Defense Street<br>Annapolis, MD 21401 | ____<br>X<br>____<br>____<br>____ | HAND DELIVER<br>U.S. Mail<br>Overnight Mail<br>Telecopy (Fax)<br>Certified Mail |
| Robert C. Huntley<br>Christopher F. Huntley<br>Huntley, Park, Thomas, Burkett,<br>Olsen & Williams, LLP<br>250 So. 5th Street, Suite 660<br>P.O. Box 2188<br>Boise, ID 83702 | ____<br>X<br>____<br>____<br>____ | HAND DELIVER<br>U.S. Mail<br>Overnight Mail<br>Telecopy (Fax)<br>Certified Mail |
| David J. Jordan<br>John M. Eriksson<br>Stoel Rives<br>201 South Main Street #1100<br>Salt Lake City, UT 84111 | ____<br>X<br>____<br>____<br>____ | HAND DELIVER<br>U.S. Mail<br>Overnight Mail<br>Telecopy (Fax)<br>Certified Mail |
| Robert C. Brown<br>Stoel Rives<br>101 S. Capitol Blvd., Suite 1900<br>Boise, ID 83702-5958 | ____<br>X<br>____<br>____<br>____ | HAND DELIVER<br>U.S. Mail<br>Overnight Mail<br>Telecopy (Fax)<br>Certified Mail |

Brett T. DeLange
Deputy Attorney General