Robert C. Huntley, ISB No. 894
Christopher F. Huntley ISB No. 6056
Huntley, Park, Thomas Burkett,
 Olsen & Williams, L.L.P.
250 So. 5th Street, Suite 660
P.O. Box 2188
Boise, ID  83702
Telephone: (208) 388-1230
Fax : (208) 388-0234

Charles F. Wheatley, Jr.
Wheatley & Ranquist
34 Defense Street
Annapolis, MD 21401
Telephone: (410) 266-7524
Fax:  (301) 261-8699

Attorneys for Snake River Valley Electric Association

U.S. COURTS

02 JAN 28 PM 4: 22

CAMERON S. BURKE
CLERK            IDAHO

**ORIGINAL**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY<br> ELECTRIC ASSOCIATION<br>13586 North 45th Street<br>Idaho Falls, ID 83401<br><br>                    Plaintiff,<br><br>         v.<br><br><br>PACIFICORP (including UTAH<br> POWER & LIGHT, a division)<br>%C. T. Corporation<br>300 N. 6th St.<br>Boise, Idaho  83701<br>                    Defendant. | CIV96-308-E-BLW<br><br>JURY TRIAL REQUESTED |

**AMENDED COMPLAINT**

174

- 2 -

The Snake River Valley Electric Association, Idaho, a cooperative authorized to engage in the sale of electric power to its members in the State of Idaho, Plaintiff, by its attorneys, brings this action against the defendant named herein, and alleges as follows:

## I
## JURISDICTION AND VENUE

1. This Complaint is filed and this action is instituted against defendant under Sections 4 and 16 of the Act of Congress of October 15, 1914, as amended, 15 U.S.C. §§ 15, 26, commonly known as the Clayton Act, in order to restrain and to provide compensation to the plaintiff for the past and continuing violation by the defendant, as hereinafter set forth of §§ 1 and 2 of the Sherman Act (15 U.S.C. §§ 1, 2), and Section 3 of the Clayton Act, 15 U.S.C. § 14.

2. Violations of law hereinafter described are being carried out within the State of Idaho where the defendant transacts business and is found.

## II
## THE PARTIES

3. The plaintiff is a cooperative organized and existing under the laws of the State of Idaho to acquire electric power at wholesale and to resell such electric power to its members and other users desiring service in an area surrounding Idaho Falls consisting of the unincorporated area served by the defendant through Utah Power and Light, bounded on the south by Idaho Power Company and the Northern boundary of Caribou County, on the North by Vigilante Electric and Idaho Power Company, on the East by Tall River Rural Electric Cooperative and Lower Valley Power and Light Cooperative, and on the West by Salomon River Electric Cooperative and Lost River Electric Cooperative.

- 3 -

4. The plaintiff has been seeking, for over the past three (3) years, to supply the electric power requirements for the area, but has been thwarted in its efforts by the defendant, which has refused to deal with the plaintiff in its efforts to purchase wholesale power and certain electrical system facilities from defendant, and thereafter refusing to wheel electric power to the plaintiff's over defendant's existing transmission facilities from alternate power suppliers from which the plaintiff has a right to purchase wholesale powers.

5. The defendant, Pacificorp, through its division Utah Power and Light, organized under the laws of the State of Oregon, is doing business in the State of Idaho and has offices located in the State for the purpose of doing such business. Defendant is a vertically-integrated power company which generates, and transmits and sells electric power at wholesale-for-resale and at retail. Defendant presently owns and operates transmission lines in the area in which the plaintiff is authorized to purchase wholesale power and operate as an electric power cooperative, and while defendant makes sales at wholesale from those facilities to entities located near to that area, the company has consistently refused to deal with the plaintiff to allow the plaintiff to establish its own electric facilities within the area, and has also refused to wheel electric power over its transmission facilities in the area to the plaintiff, which would allow the plaintiff to use competitive wholesale power acquired from other suppliers, to resell to its customers to thereby compete with defendant.

### III
### TRADE AND COMMERCE

6. The defendant, Pacificorp and its division Utah Power and Light, is a large integrated power company operating in Idaho and other states. Defendant owns generation facilities or has obtained purchase rights to power located in the interstate market, which brings power to the area presently being served by Utah Power and light in Idaho.

- 4 -

PacifiCorp owns and operates an extensive system of transmission lines necessary to transport its own power supplies as well as any competing supplies of wholesale power necessary to serve the area of Utah, for which the plaintiff is seeking to serve its members. Transmission is the act of transporting electric power from generating plants to transmission facilities to points where it is sold to customers, either at wholesale or at retail. Wheeling is a sub-function of transmission. It refers to the transportation of bulk electrical energy produced or acquired by one party, using the facilities of another party, for the benefit of the first party or a third party.

7. Defendant owns and controls the only electric transmission facilities by which the plaintiff can purchase power at wholesale from another supplier and sell to the members of its cooperative in competition with Utah Power and Light's sales to such area. It would be economically impractical to construct alternate electric transmission facilities to connect plaintiff with the transmission of generation facilities of any other utilities. Defendant has monopoly power in the transmission of electric power to the plaintiff.

8. Plaintiff and defendant compete (a) for the sale of electricity at retail within plaintiff's service area; (b) to serve customers located in areas on or near the border between plaintiff's service areas and the service area of defendant; (c) to attract potential new customers; and (d) to retain existing customers.

9. Defendant maintains interconnections with numerous utility systems (other than its municipal and rural electric cooperative customers) over which it interchanges power. These utilities are located in Utah, Oregon, California and Montana. Defendant is a member of an interstate power pool which consists of utilities located in Idaho, and which is interconnected with other utility companies in the Western United States.

10. Defendant is engaged in, and its activities affect, interstate commerce. Defendant sells and buys wholesale electric power to and from electric utilities located in several states, and the power exchanged among them crosses state lines. This power, in turn, is delivered at wholesale by defendant to various other municipal and cooperative customers. The alleged violations of law hereinafter described have prevented, and are preventing, the flow of electric power in interstate commerce.

## IV
## VIOLATIONS ALLEGED

11. Defendant, in continuing violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and Section 3 of the Clayton Act, 15 U.S.C. § 14; have contracted, conspired, restrained, monopolized, and attempted to monopolize trade and commerce by:

(a) refusing to deal, or refusing to deal except upon unreasonable and anticompetitive conditions, to block the plaintiff from acquiring wholesale supplies of power from defendant and facilities for the service of electric power to plaintiff's competitive distribution system;

(b) refusing to wheel, or refusing to wheel except upon unreasonable or anticompetitive conditions, wholesale power to plaintiff from available, alternate suppliers;

(c) preventing plaintiff from obtaining access to wholesale electric power from suppliers other than defendant, and preventing competing suppliers from gaining access to plaintiff;

(d) by refusing to compete with the plaintiff, as a wholesale purchaser of power, to block the plaintiff from obtaining

        alternate, lower cost supplies of power at wholesale, and delivering those power supplies to its members;

(e)    refusing to deal or to wheel outside sources of power to plaintiff at wholesale, on the ground that plaintiff thereafter would compete with it for customers and the right to serve.

12.    Defendant, in violation of Section 3 of the Clayton Act, 15 U.S.C. § 14, has acted to substantially lessen competition and tended to create a monopoly by:

(a)    refusing to wheel or transmit electric power at wholesale to the plaintiff;

(b)    restricting the sale of electricity to plaintiff on the condition that plaintiff not purchase or use the electricity and generation and transmission facilities of other utilities, where such other utilities are in competition with defendant; and

(c)    the allegations of ¶ 11 are incorporated herein.

## V
## EFFECTS

13.    The aforesaid Acts have had, and will have, the following effects, among others:

(a)    defendant has been able to preserve its monopoly in the sale of electric power at retail in the area in which plaintiff seeks to establish a competing, lower-cost power supply;

(b)    competition in the sale of electric power at wholesale to plaintiff has been eliminated;

(c)     plaintiff has been deprived of free and open competition in the sale to it of electric power at wholesale;

(d)     trade and commerce in the generation, sale and transmission of electric power has been restrained;

(e)     the plaintiff has been denied the benefits of lower-cost power and an expanded revenue base which, but for the defendant's activities, would have been available to it;

(f)     plaintiff is being denied revenues and potential profits from the customers not served by reason of the acts of defendant;

(g)     as a result of defendants' continuing violations of Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act, plaintiff has been and will be damaged in an amount estimated at $60,000,000 before trebling;

(h)     plaintiff's competitive position in viability is threatened; and

(i)     potential competitors of defendant are discouraged from entering into or expanding into defendants' markets.

## VI
## PRAYER

14.    WHEREFORE, plaintiff prays:

(a)     that defendant's refusal to deal on the proposed acquisition by plaintiff of electric facilities, or its refusal to transmit electric power, to plaintiff be adjudged to be unreasonable and anticompetitive in violation of Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act;

(b)     that defendant be permanently enjoined from refusing to transmit electric power and from refusing to transmit electric power, except on reasonable anticompetitive conditions, over its transmission facilities from any electric power supplier to plaintiff;

(c)     that defendant be required to file with the Federal Energy Regulatory Commission, under §§ 205 and 206 of the Federal Power Act, 16 U.S.C. §§ 824d and 824e, a tariff or tariffs pursuant to which defendant will transmit electric power in accordance with the preceding sub-paragraphs;

(d)     that plaintiff recover treble damages as prescribed by Section 4 of the Clayton Act, 15 U.S.C. § 15, for defendants' violations of §§ 1 and 2 of the Sherman Act and § 3 of the Clayton Act;

(e)     that plaintiff has such other and further relief as the Court may deem just and proper; and

(f)     that plaintiff recover the costs of this action, including attorney's fees.

.

- 9 -

## VII

## **DEMAND FOR JURY TRIAL**

16.  Plaintiff demands a trial by jury in this action.

Respectfully submitted,

*[signature]*
Charles F. Wheatley, Jr.
WHEATLEY & RANQUIST
34 Defense Street
Annapolis, MD  21401
(410) 266-7524
(301) 261-8699 (fax)

*[signature]*
Robert C. Huntley
Huntley, Park, Thomas Burkett,
 Olsen & Williams, L.L.P.
250 So. 5th Street, Suite 660
P.O. Box 2188
Boise, ID  83702
(208) 388-1230
(208) 388-0234 (fax)

July 17, 1996
Amended November 30, 2001