

ORIGINAL

David J. Jordan (1751)
John M. Eriksson (4827)
Marc T. Rasich (9279)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328-3131

Mary S. Hobson
999 Main Street, Suite 1015
Boise, ID 83702-9011
Telephone: (208) 389-9000
Fax Number: (208) 389-9014

Attorneys for Defendant PacifiCorp

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> PACIFICORP (including UTAH POWER & LIGHT, a division), <br><br> Defendant, <br><br> STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General, <br><br> Defendant-Intervenor. | Case No. 96-308-E-BLW <br><br> PACIFICORP'S PROPOSED JURY INSTRUCTIONS |

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 1

## PRELIMINARY - DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case, and I want to take a few
minutes to tell you something about your duties as jurors and to give you some instructions.
At the end of the trial, I will give you more detailed instructions. Those instructions will
control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think
of the evidence or what your verdict should be.

9th Cir. Civ. Jury Instr. 1.1 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 2

## PRELIMINARY - WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received into evidence; and

(3)     any facts to which the lawyers stipulate.


9th Cir. Civ. Jury Instr. 1.3 (2001)


Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 3

## PRELIMINARY - WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

9th Cir. Civ. Jury Instr. 1.4 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 4

Portlnd3-1374069.1  0019436-00149

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 4

## PRELIMINARY - EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that
an item of evidence has been admitted for a limited purpose, you must consider it only for that
limited purpose and for no other.

9th Cir. Civ. Jury Instr. 1.5 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 5

## PRELIMINARY - DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. . You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

9th Cir. Civ. Jury Instr. 1.6 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 6

## PRELIMINARY - RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

9th Cir. Civ. Jury Instr. 1.7 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

**PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 7**

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 7

## PRELIMINARY - CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness' memory;

(3)     the witness' manner while testifying;

(4)     the witness' interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness' testimony;

(6)     the reasonableness of the witness' testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

9th Cir. Civ. Jury Instr. 1.8 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 8

## PRELIMINARY - CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tried to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the foreperson to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

9th Cir. Civ. Jury Instr. 1.9 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 9

## PRELIMINARY - NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

9th Cir. Civ. Jury Instr. 1.10 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 10
Portlnd3-1374069.1  0019436-00149

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 10

## PRELIMINARY - TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

9th Cir. Civ. Jury Instr. 1.11 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 11

## PRELIMINARY - OUTLINE OF TRIAL

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

9th Cir. Civ. Jury Instr. 1.12 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 12
Portlnd3-1374069.1  0019436-00149

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 12

## PRELIMINARY - BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

9th Cir. Civ. Jury Instr. 1.13 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 13

## PRELIMINARY - BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

9th Cir. Civ. Jury Instr. 2.2 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 14

**DUTIES OF JURY TO FIND
FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

9th Cir. Civ. Jury Instr. 3.1 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 15

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which the lawyers have agreed or stipulated.


9th Cir. Civ. Jury Instr. 3.2 (2001)


Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 16

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9th Cir. Civ. Jury Instr. 3.3 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 17

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9th Cir. Civ. Jury Instr. 3.5 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

**PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 18**
Portlnd3-1374069.1  0019436-00149

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 18

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

9th Cir. Civ. Jury Inst. 3.7 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 19

## PRELIMINARY - CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness' memory;

(3)     the witness' manner while testifying;

(4)     the witness' interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness' testimony;

(6)     the reasonableness of the witness' testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

9th Cir. Civ. Jury Instr. 3.6 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 20

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

9th Cir. Civ. Jury Instr. 3.9 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 21

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as they underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

9th Cir. Civ. Jury Instr. 3.10 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 22

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should, but do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9th Cir. Civ. Jury Instr. 4.1 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 23
PortInd3-1374069.1  0019436-00149

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 23

## USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

9th Cir. Civ. Jury Instr. 4.2 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 24

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

9th Cir. Civ. Jury Instr. 4.3 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 25

## BURDEN OF PROOF—
## PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a
preponderance of the evidence, it means you must be persuaded by the evidence that the claim
or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party
presented it.

9th Cir. Civ. Jury Instr. 5.1 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 26

## COMPLETE AFFIRMATIVE DEFENSE

On any claim, if you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff on that claim, unless you also find that the defendant has proved an affirmative defense, in which event your verdict should be for the defendant on that claim.

9th Cir. Civ. Jury Instr. 5.3 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp



DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 27

## CORPORATIONS AND PARTNERSHIPS—
## FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

9th Cir. Civ. Jury Instr. 6.1 (2001)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

Portlnd3-1374069.1   0019436 00149

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 28

## MONOPOLIZATION - GENERAL

Plaintiff alleges that it was injured by defendant's unlawful monopolization of the retail electric power supply market in southeastern Idaho. To win on its claim of monopolization, plaintiff must have proved each of the following elements by a preponderance of the evidence:

**First**, that defendant had monopoly power in a relevant market;

**Second**, that defendant willfully acquired or maintained that power through restrictive or exclusionary conduct;

**Third**, that defendant's activities occurred in or affected interstate commerce; and

**Fourth**, that plaintiff was injured in its business or property because of defendant's restrictive or exclusionary conduct.

If you find that the evidence is insufficient to prove any one or more of these elements, then you must find for defendant and against plaintiff on plaintiff's monopolization claim.

*Sample Jury Instructions in Civil Antitrust Cases,* C-2 (ABA 1999).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

**PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 29**
Portlnd3-1374069.1 0019436-00149

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 29

## MONOPOLIZATION - *MONOPOLY POWER DEFINED*

Monopoly power is the power to exclude competition from the relevant market.

The power to control prices is the power of a company to establish appreciably higher prices for its goods than those charged by competitors for equivalent goods without a substantial loss of business to competitors. Thus, if a company that has raised prices eventually has to lower its prices to the level of prices charged by its competitors, it may not have monopoly power in the sense of power to control prices.

The power to exclude competition means the power of a company to dominate a market by eliminating existing competition from that market or by preventing new competition from entering the market.

To establish the possession of monopoly power, plaintiff need not prove that competition actually was excluded, but only that defendant had the power to exclude competition.

Further, to conclude that defendant had monopoly power, you need not find that defendant had no competition whatsoever. A company may face some competition in the relevant market and still have monopoly power. On the other hand, if you find that defendant did not have the power to control prices or to exclude competition, then you must conclude that it did not have monopoly power.

*United States v. E.I. du Pont de Nemours & Co.*, 351 U.S. 377, 389, 391 (1956).

*American Tobacco Co. v. United States*, 328 U.S. 781, 811 (1986); *accord Illinois ex rel. Hartigan v. Panhandle E. Pipe Line Co.*, 730 F Supp 826, 902 (C.D. Ill 1990)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

(quoting *American Tobacco*), *aff'd sub nom. Illinois ex rel. Burris v. Panhandle E. Pipeline Co.*, 935 F2d 1469 (7th Cir 1991), *cert. denied*, 502 U.S. 1094 (1992).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 30

## MONOPOLIZATION - *RELEVANT MARKET*

If monopoly power exists, it must be found to exist within an economically meaningful market, or what is called a relevant market.

Defining the relevant market is essential because you are required to make a judgment about whether defendant has power over prices or competition. To do so, you must be able to determine what economic forces, if any, restrain its freedom to act as it pleases. The most likely and most important restraining force will be competition from other firms and their products. This includes all firms and products that act as real and practical restraints on defendant's power to set prices as it pleases. All the firms and products that exert this restraining force are considered to be within what is called the relevant market.

There are two aspects you must consider in defining a relevant market. The first is the relevant product market; the second is the relevant geographic market.

*Sample Jury Instructions in Civil Antitrust Cases* C-6 (ABA 1999).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 31

## MONOPOLIZATION - *RELEVANT PRODUCT MARKET*

The basic idea of a relevant product market is that the products within it are reasonable substitutes from a buyer's point of view; that is, the products compete with each other. This does not mean that products must be identical to be in the same relevant product market. It means that, as a matter of practical fact and the actual behavior of buyers, the products are reasonable substitutes for the buyer's needs. In this case, plaintiffs define the relevant product market as retail electric power supply in Southeastern Idaho.

There are a number of factors you may consider in determining whether products are reasonable substitutes for each other. The basic test is whether changes in the price of one product to another. If so, the products are in the same market. You also may consider how people in the industry and the public at large view the products; whether the products have the same or similar characteristics or uses; whether the products have similar prices; whether changes in the price of one product are followed by changes in the price of the other product; whether the products are sold to similar customers; and whether they are distributed and sold by the same kinds of distributors or dealers.

In sum, to determine the relevant product market, you must decide which products compete with each other. This is a practical determination. Products do not have to be identical to be in the same relevant market, but they must compete meaningfully with each other.

*Sample Jury Instructions in Civil Antitrust Cases*, C-7-8 (ABA 1999)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 32

## MONOPOLIZATION - *RELEVANT GEOGRAPHIC MARKET*

The other aspect of relevant market to be considered is the geographic area within which the products compete.[1]

Plaintiff contends that the relevant geographic market is southeastern Idaho.

The relevant geographic market is the area in which defendant faces competition from suppliers that are in the relevant product market, and to which a buyer can practicably turn for supplies.[2]

To determine the proper geographic market, you may consider if the people in the industry and the public at large view sellers in the different locations as being in competition with each other. Such evidence would tend to prove that the different locations are in the same relevant geographic market.

You also may consider how readily sellers can and do shift from selling in one location to selling in another. Evidence that sellers shift readily among different locations in response to price changes would tend to indicate that the different locations are in the same geographic market.

---

[1] *See, e.g., United States v. Grinnell Corp.*, 384 U.S. 563 (1966); United States v. Griffith, 334 U.S. 100, 107 (1948); *Battle v. Liberty Nat'l Life Ins. Co.* 493 F2d 39, 45 (5th Cir. 1974), *cert. denied*, 419 U.S. 1110 (1975).

[2] *See, e.g. Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 327 (1961); *Morton Bldgs. Of Nebraska, Inc. v. Morton Bldgs., Inc.*, 531 F2d 910 (8th Cir 1976); *Case-Swayne Co. v. Sunkist Growers, Inc.*, 369 F2d 449, 457-58 (9th Cir 1966), *rev'd on other grounds*, 389 U.S. 384 (1967); *see also* ABA Section of Antitrust Law, 1 *Antitrust Law Developments* 533 n.177 (4th ed. 1997) (collecting cases).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

In addition, you may consider where purchasers, as a practical matter, can and do buy the product; that is, whether buyers residing in one area buy from the same sources as buyers residing in another area or if they buy from local sources rather than more distant sources because they find it more convenient or practical to do so.[3] In this regard, you may consider whether an increase in prices charged by suppliers in one location would cause a substantial number of purchasers to turn to more remote sources of supply.  If so, the two locations are part of the same geographic market.

*Sample Jury Instructions in Civil Antitrust Cases*, C-11-12 (ABA 1999).

---

[3] *United States v. Phillipsburg Nat'l Bank & Trust Co.*, 399 U.S. 350, 362-65 (1970); *United States v. Philadelphia Nat'l Bank*, 374 U.S. 321, 357-61 (1963).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 33

## MONOPOLIZATION - *RELEVANT MARKET - NECESSITY OF PROOF*

If after considering all the evidence you find that plaintiff has proved both a relevant product market and a relevant geographic market, then you must find that plaintiff has established the relevant market requirement and you must consider the remaining elements of its monopolization claim. If you find that plaintiff has not proved a relevant product market, or that it has not proved a relevant geographic market, then you must find for defendant and against plaintiff on this claim.

*Sample Jury Instructions in Civil Antitrust Cases*, C-13 (ABA 1999)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 34

## MONOPOLIZATION - *EXISTENCE OF MONOPOLY POWER*

If you find that a relevant market has been proved, you should then determine whether defendant has monopoly power in that market. There are a number of factors you should consider, none of which is necessarily controlling.

For example, you have heard evidence about defendant's market share. You may infer whether or not monopoly power exists from defendant's share of the relevant market. Market share is a firm's share of total industry sales, shipments, production, capacity, or reserves, expressed as a percentage of the whole. There are a variety of ways to measure market share, but whatever measure you use must be reasonable and consistently applied.

If you determine that defendant's share of the relevant market is less than 50 percent, that market share by itself does not permit you to infer that the defendant has monopoly power. If you determine that defendant's share of the relevant market is 80 percent or higher, that is strong evidence of the existence of monopoly power. If you determine that defendant's market share is somewhere between 50 percent and 80 percent, you may infer the existence of monopoly power from that share, and the inference is stronger the higher defendant's market share is within that range.

You also may consider the trend in defendant's market share. A declining market share may indicate the absence of monopoly power, though it does not foreclose such a finding, while an increasing market share may indicate the opposite.

Another factor is the number and size of defendant's competitors. If these are few, weak, or have small or decreasing market shares, so that they do not offer substantial

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

competition to defendant in the relevant market, this may tend to indicate that defendant has monopoly power. If, on the other hand, they are numerous, vigorous, or have large or increasing shares in that market, this may be evidence that defendant does not have monopoly power.

You also may consider the history of entry into and exit from the market by other companies. Entry of companies into the market may indicate that defendant lacks monopoly power. On the other hand, departure of companies from the market, or the failure of companies to enter the market, may indicate that defendant has monopoly power.

If you find that defendant had monopoly power, then you must find that plaintiff has established this requirement and you must consider the remaining elements of its monopolization claim. If you find that defendant did not have monopoly power, then you must find that defendant did not violate Section 2 of the Sherman Act, and you accordingly must find for the defendant and against plaintiff on this claim.

*Otter Tail Power Co. v. United States*, 410 U.S. 366 (1973).

*See, e.g., Los Angeles Land Co. v. Brunswick Corp.*, 6 F.3d 1422 (9th Cir 1993) (requires proof of power to exclude competitors, even if 100% of market).

*Sample Jury Instructions in Civil Antitrust Cases*, C-14-19 (ABA 1999) (modified)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 35

## MONOPOLIZATION - *WILLFUL MAINTENANCE OF MONOPOLY POWER*

The next element that plaintiff must prove is that defendant willfully maintained monopoly power through exclusionary acts or practices, rather than by supplying better goods services, or by exercising superior business judgment, or just by chance.

Exclusionary conduct is conduct that has the effect of preventing or excluding competition or frustrating or impairing the efforts of other firms to compete for customers within the relevant market. It is not necessary that such conduct be unlawful in and of itself, apart from its effect in maintaining defendants monopoly power.

To prove defendant acted willfully, plaintiff must prove either that defendant engaged in exclusionary acts or practices with the conscious object of furthering the dominance of defendant in the relevant market or that this was the necessary direct consequence of defendant's conduct or business arrangements.

You may not find that a company willfully maintained monopoly power if it has maintained that power solely through the exercise of superior foresight and skill; or because of natural advantages, such as unique geographic access to markets; or because of economic or technological efficiency, or simply because the market is so limited that it is impossible to efficiently produce the product except by a plant large enough to supply the whole demand. The acts or practices that result in maintenance of monopoly power must represent something more than the conduct of business that is part of the normal competitive process or extraordinary commercial success. They must represent conduct that has made it very difficult or impossible for competitors to engage in fair competition.

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

If you find that defendant willfully maintained monopoly power, then you must consider the remaining elements of its monopolization claim.  If you find that defendant did not willfully monopoly power, then you must find that defendant did not violate Section 2 of the Sherman Act, and you must accordingly find for defendant and against plaintiff on this claim.

*United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966).

*Instructional Sys. Dev. Corp. v. Aetna Cas. & Sur. Co.*, 817 F2d 639, 649 (10th Cir 1987) ("conduct constituting an abnormal response to market opportunities").

*Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 541 (1992); *United States v. Griffith*, 334 U.S. 100 (1948).

*Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F2d 263, 274-75, 286 (2d Cir 1979), *cert. denied*, 444 U.S. 1093 (1980); *Telex Corp. v. IBM*, 510 F2d 894 (10th Cir), *cert. dismissed*, 423 U.S. 802 (1975).

*Sample Jury Instruction in Civil Antitrust Cases*, C-23-24 (ABA 1999).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 36

## MONOPOLIZATION - *REFUSAL TO DEAL,*
## *UNILATERAL REFUSAL - ESSENTIAL FACILITY*

Plaintiff has alleged as its monopolization claim that defendant refused to deal with plaintiff and thereby denied plaintiff access to a facility essential to competition in the marketplace. This claim requires that you examine defendant's conduct under the so-called "essential facility" or "bottleneck" theory of antitrust liability according to the following principles of law.

Ordinarily, a company may deal or refuse to deal with whomever it pleases, as long as it acts independently. A company that has exclusive control over a facility essential to effective competition may not, however, deny potential competitors access to that facility on reasonable terms and conditions if to do so would create or maintain monopoly power in the relevant market. On the other hand, even a monopolist may refuse to deal if valid business reasons exist for that refusal.

Plaintiff alleges that defendant denied it access to electric power transmission and facilities without a valid business reason. To win on this claim, plaintiff must have proved each of the following elements by a preponderance of the evidence:

**First,** that defendant controls a facility that is essential to effective competition in the relevant market;

**Second,** that the facility could not practically or economically be duplicated by potential competitors;

**Third,** that plaintiff could use electric power transmission facilities without interfering with defendant's use or significantly inhibiting defendant's ability to conduct its business;

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

**Fourth**, that defendant denied plaintiff access to electric power transmission facilities on reasonable terms and conditions; and

**Fifth**, that the refusal to grant plaintiff substantially equal access to electric power transmission was intended to or had the effect of creating or maintaining monopoly power in a relevant market.

A facility is essential to effective competition if it is impracticable without it to compete in the relevant market with the firm that controls the facility.

> *City of Anaheim v. Southern California Edison Co.*, 955 F2d 1373, 1380-81 (9th Cir 1992) (power company could deny access so long as it had legitimate business justification).
>
> The Ninth Circuit held that an essential facility claim does not create a Section 2 violation unless the alleged monopolist has the power to eliminate competition in the "downstream market." *See Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F2d 536, 542-46 (9th Cir 1992), *cert denied*, 503 U.S. 977 (1992).
>
> An alternative test is whether denial of the facility's use inflicts a severe handicap on potential market entrants. *Hecht*, 570 F2d at 992.
>
> *Sample Jury Instructions in Civil Antitrust Cases*, C-29-31 (ABA 1999).
>
> *Data Gen. v. Gruman Systems Support*, 36 F3d 1149, 1182 (1st Cir 1994). ("We label as improper that conduct which harms the competitive process and not conduct which simply harms competitors.")
>
> *Town of Concord v. Boston Edison Co.*, 915 F2d 17, 21 (1st Cir 1990) ("[A] practice is not 'anticompetitive' simply because it harms competitors. After all, almost all business activity, desirable and undesirable alike, seeks to advance a firm's fortunes at the expense of its competitors.

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 37

**DOWNSTREAM MARKET**

A facility controlled by a single firm is "essential" only if control of the facility carries with it the power to eliminate competition in the downstream market.

*Alaska Airlines, Inc. v. United States*, 948 F2d 536, 545

(9th Cir 1991), cert. denied, 503 U.S. 922 (1992).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 38

## ESSENTIAL FACILITY  - DEFINED

A facility is not essential when its denial merely creates difficulties for a plaintiff or reduces its profits.  The fact that a plaintiff might achieve cost savings at the expense of the defendant or the defendant's other customers is not enough to make a defendant's facilities essential.

*City of Anaheim v. Southern California Edison Co.*, 955 F2d 1373 (9th Cir 1992).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 39

## ESSENTIAL FACILITY - PUBLIC UTILITY

The facilities of a public utility are not an essential facility if plaintiff already has access but at a differing rate.

*City of Chanute v. Williams Natural Gas*, 955 F2d 641 (10th Cir), *cert. denied*, 506 US 831 (1992).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 45

Portlnd3-1377760.1   0019436-00149

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 40

## ESSENTIAL FACILITY - OTHER SOURCES

A facility is not essential if the benefits from access can be obtained in another fashion.

*Vernon v. Southern Cal. Edison*, 955 F2d 1361, 1367 (9th Cir.) *cert. denied*, 506 US 908 (1992).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

Portlnd3-1377760.1   0019436-00149

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 41

## ESSENTIAL FACILITY - EXPENSE

The burden is on the plaintiff to prove that it is neither practical nor reasonable to duplicate the facility. It is not enough for a plaintiff to show that the facility at issue is more economical than any alternative that exists or could be built.

*Ferguson v. Greater Pacatello Chamber of Commerce*, 848 F2d 976, 983 (9th Cir 1988).

*Twin Labs, Inc. v. Weider Health & Fitness*, 900 F2d 566, 570 (2nd Cir 1990).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 42

## ESSENTIAL FACILITY - NO DUTY TO BUILD

In deciding whether to grant access, the owner of a facility has no duty to increase capacity or build new facilities in order to enable access.

*Oahu Gas Services, Inc. v. Pacific Resources, Inc.*, 838 F2d 360, 368 (9 th Cir.), *cert. denied*, 488 US 870 (1988).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

**PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 48**

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 43

### MONOPOLIZATION - *MAINTENANCE OF LAWFULLY ACQUIRED MONOPOLY POWER*

Mere possession of monopoly power, if lawfully acquired, does not violate the antitrust laws. But it is unlawful to use monopoly power, however lawfully acquired, to foreclose competition, to gain a competitive advantage, or to destroy a competitor. Therefore, a company that has lawfully acquired monopoly power may not use that power to maintain or tighten its hold on the market. Such use may be shown by conduct that depends for its success on the company's monopoly power, as distinguished from conduct that could be successfully employed by firms without monopoly power in the relevant market.

In determining whether there has been an unlawful exercise of monopoly power, you must bear in mind that a company has not acted unlawfully simply because it has engaged in ordinary competitive behavior that would have been an effective means of competition if it were engaged in by a firm without monopoly power, or simply because it is large and efficient. To find defendant liable for monopolization because of the maintenance of lawfully acquired monopoly power through use of that power, you must determine that the defendant actually exercised monopoly power to maintain or tighten its control of the market.

> *Data Gen. Corp. v. Gruman Systems Support*, 36 F3d 1149, 1182 (1st Cir 1994). ("We label as improper that conduct which harms the competitive process and not conduct which simply harms competitors.").
>
> *Town of Concord v. Boston Edison Co.*, 915 F.2d 17, 21 (1st Cir. 1990) ("[A] practice is not 'anticompetitive' simply because it harms competitors. After all, almost all business activity, desirable and undesirable alike, seeks to advance a firm's fortunes at the expense of its competitors. Rather, a practice is 'anticompetitive' only if it harms the competitive process."), *cert. denied*, 499 U.S. 931 (1991).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 44

## MONOPOLIZATION - *REFUSAL TO DEAL -*
## *UNILATERAL REFUSAL - INTENT TEST*

Ordinarily, a company may deal or refuse to deal with whomever it pleases, as long as it acts independently. Even a company with monopoly power in a relevant market has no general duty to cooperate with its business rivals and may refuse to deal with them or with their customers if valid business reasons exist for such refusal. It is unlawful, however, for a monopolist to engage in conduct, including refusals to deal, that unnecessarily excludes or handicaps competitors to maintain its monopoly or extend its monopoly into another relevant market. Exclusionary conduct is conduct that does not benefit consumers by making better products or services available, by increasing efficiency, or in other ways, but instead has the effect of impairing competition.

Plaintiff has alleged that defendant refused to deal with it as a purposeful means of monopolizing the market for retail electric power customers.

If you find that defendant had monopoly power in the retail electric power market, and that it refused to deal in furtherance of a purpose to exclude competition in that market and that it was successful in accomplishing its purpose, then you should find for plaintiff on this issue. If, however, you find that this refusal to deal was primarily motivated by legitimate business reasons rather than by an intent to exclude competition, then defendant, even if it is found to possess monopoly power in a relevant market, has not violated the law because of its refusal to deal.

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 50

Portlnd3-1377760.1  0019436-00149

In determining whether defendant refused to deal as a purposeful means of monopolizing, you need not find that it was defendant's conscious object to achieve a monopoly: the question is whether the challenged conduct can fairly be characterized as unnecessarily restrictive or exclusionary. In your deliberations on this issue, you should focus not only on defendant's intent, but also on the effect of the conduct on plaintiff, its impact on buyers or consumers, and whether it has impaired competition in an unnecessarily restrictive way. If a firm has been attempting to exclude rivals on some basis other than by providing better products or services or by achieving greater efficiencies, it is fair to characterize the conduct as restrictive or exclusionary.

*Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451 (1992) ("liability turns, then, on whether valid business reasons can explain Kodak's conduct").

*Mid-Texas Communications Sys. Inc. v. AT&T*, 615 F.2d 1372 1387-90 (5th Cir.) (regulated monopolist's good faith belief that its refusal to deal was in accordance with regulatory criteria was a valid business reason), *cert. denied*, 449 U.S. 912 (1980).

The mere refusal of a regulated monopolist to give competitors access to its nonessential facilities or services is not evidence that a refusal to deal was motivated primarily by an intent to monopolize, at least as long as such access is not authorized or mandated by regulatory authorities, *MCI Communications Corp. v. American Tel. & Tel. Co.*, 708 F.2d 1081, 1147-50 (7th Cir 1983). *City of Anaheim v. Southern California Edison Co.*, 95 5 F.2d 1373, 1380-81 (9th Cir. 1992).

*Sample Jury Instructions in Civil Antitrust Cases*, C-7, (ABA 1999).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 45

## MONOPOLIZATION - *UNILATERAL REFUSAL* - *BUSINESS JUSTIFICATION*

Defendant has introduced evidence that its refusal to deal was based on legitimate business purposes, including regulatory concerns. A refusal to deal that is designed to protect or further the legitimate business purposes of defendant does not violate the antitrust laws, even if that refusal injures competitors. A refusal to deal that is part of a scheme to intentionally obtain or maintain monopoly power is not based on legitimate business purposes and does violate the antitrust laws if the other elements of the violation are established. It is up to you to determine whether defendant's refusal to deal was motivated by legitimate and valid business purposes or whether it was part of a plan to intentionally obtain or maintain monopoly power. The plaintiff, here Snake River, bears the burden of proving by a preponderance of the evidence that defendant's refusal to deal was not primarily motivated by a legitimate business reason, including regulatory concerns.

In *Eastman Kodak v. Image Technical Services*, 504 U.S. 451 (1992), the Court held that (where a defendant claims a unilateral refusal to deal is justified by legitimate business purposes, the question is whether those purposes are legitimate and whether they were in fact the reason for the refusal to deal).

*Sample Jury Instructions in Civil Antitrust Cases* C-42-44 (ABA 1999)(modified).

*Image Technical Services v Eastman Kodak Co.*, 903 F2d 612, 620 n. ( 9th Cir. 1990), aff'd, 504 U.S. 407 (1992).

*Phonetele, Inc. v. AT&T Co.*, 664 F.2d 716, 737-738 (9th Cir. 1981)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 46

## LIMITATION OF DUTY

A company in a monopoly position is, however, not required to aid its competitors at all costs.

*City of Anaheim v. Southern California Edison Co.*, 955 F2d 1373, 1379 (9th Cir 1992).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 53

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 47

## REFUSAL TO DEAL - ESSENTIAL FACILITY GENERALLY

A company which has a monopoly position over an essential facility may refuse to make that facility available to others where there is a legitimate business reason or regulatory justification for the refusal.

*City of Anaheim v. Southern California Edison Co.*, 955 F2d 1373, 1379 (9th Cir 1992)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 54

Portlnd3-1377760.1   0019436-00149

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 48

## REGULATORY JUSTIFICATION - GENERAL

In the instance of regulated utility companies, reasonable business decisions may include denying access due to reasonable regulatory concerns. In particular, a reasonable regulatory concern would exist here if you find that Pacificorp had a reasonable basis in regulatory policy to conclude, and in good faith concluded, that refusal of wheeling to plaintiff was required by a public interest in the provision of safe, dependable, consistent, fairly priced power to all Idaho residents.

*Chanute v. Williams Natural Gas Co.*, 955 F2d 641, 647-49 (10th Cir), cert. denied, 506 US 831 (1992) (considering pervasive federal regulationof pipeline in deciding whether utility acted reasonable).

*Southern Pac. Communications v. AT&T*, 740 F2d 980, 1009-11 (DC Cir 1984), cert. denied, 470 US 1005 (1985) (detailing the elements of a reasonable regulatory justification for refusing access).

*Anaheim v. Southern Cal. Edison*, 955 F2d 1373, 1381 (9th Cir 1992) (public benefits if regulated monopoly keeps rates low).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 49

## REGULATORY JUSTIFICATION - SPECIFIC

The Idaho Electric Supplier Stabilization Act (which I'll refer to as "the Act") did not allow an electric supplier like SRVEA to serve an existing consumer of another supplier like PacifiCorp without that utility's consent. The Idaho Legislature designed the Act, in part, to prohibit one electric supplier from, in the legislature's words, "pirating" the consumers of another supplier.

If you find that PacifiCorp refused to permit SRVEA to wheel power through its facilities, but that PacifiCorp's motive was, at least partly, to act in furtherance of the State's public policy against pirating of electric consumers, then PacifiCorp is not liable under the antitrust laws and your verdict must be for PacifiCorp.

Electric Supplier Stabilization Act, Idaho Code §§ 61-332, 61-332B

*Snake River Valley Electric Assn. v. PacifiCorp*, 238 F.3d 1189, 1191 (9th Cir. 2001)

*Southern Pacific Communications Co. v. AT&T Co.*, 740 F.2d 980, 1009-1010 (DC Cir. 1984)

*Phonetele, Inc. v. AT&T Co.*, 664 F.2d 716, 737-738 (9th Cir. 1981)

*Mid-Texas Communications Systems, Inc. v. AT&T Co.*, 615 F.2d 1372, 1381 (5th Cir. 1980)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

**PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 56**

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 50

### *INJURY AND CAUSATION*

If you find that defendant has violated Section two of he Sherman Act as alleged by plaintiff, then you must decide if plaintiff is entitled to recover damages from defendant.

The law provides that anyone who is injured by an antitrust violation may recover damages for any injury to its business or property caused by the violation.

For plaintiff to establish that it is entitled to recover damages, it must prove that it was injured as a result of defendant's alleged violation of the antitrust laws. This is sometimes referred to as proving "causation" or "fact of damage." Proving causation does not require plaintiff to prove the dollar value of its injury. It requires only that plaintiff prove that it was in fact injured by defendant's alleged antitrust violation. If you find that plaintiff has established that it was in fact injured, you may then consider the amount of plaintiff's damages. It is important to understand, however, that injury and amount of damage are different concepts and that you cannot consider the amount of damage unless and until you have concluded that plaintiff has established that it was in fact injured.

To establish injury, plaintiff must have offered evidence that establishes as a matter of fact and with a fair degree of certainty that defendant's alleged illegal conduct was a material cause of plaintiff's injury. This means that plaintiff must have proved that some damage flowed to it as a result of defendant's alleged antitrust violation. Plaintiff is not required to prove that defendant's alleged antitrust violation was the sole cause of its injury; nor need plaintiff eliminate all other possible causes of injury. It is enough if plaintiff has proved that the alleged antitrust violation was a material cause of its injury. Injury may be established by

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 57

Portlnd3-1377760.1  0019436-00149

inference or circumstantial evidence. Plaintiff's burden may vary in each case, depending upon the type of antitrust violation alleged. However, if you find that plaintiff's injury was caused solely by something other than the alleged antitrust violation, then you must find that plaintiff has failed to prove that it is entitled to recover damages from defendant.

15 U.S.C. § 15.

*Brunswick Corp. v. Pueblo Bowl-0-Mat, Inc.*, 429 U.S. 477, 488 (1977).

*Affiliated Capital Corp. v. City of Houston*, 735 F.2d 1555, 1564 (5th Cir. 1984) (en banc), *cert. denied*, 474 U.S. 1053 (1986).

*Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1321 n.34 (5th Cir. 1976).

*Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555 (1931); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 114 n.9 (1969).

*Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690 (1962).

*See* J. Von Kalinowski, 9 *Antitrust Laws & Trade Regulation* § 81.02[2][c][iv], at 8-29 & n.77 (1995).

*Sample Jury Instructions in Civil Antitrust Cases*, F2-4 (ABA 1999).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 51

### DAMAGES - *AMOUNT AND CERTAINTY*

If you find that plaintiff has been injured by an antitrust violation committed by defendant, the law provides that plaintiff should be fairly compensated for all damages to its business or property that were a direct result or likely consequence of the conduct that you have found to be unlawful. A defendant's violations of the antitrust laws often create a situation in which it is hard to determine the precise amount of damages suffered by the plaintiff. Plaintiff's right to be fairly compensated should not be affected by any difficulty you may have in determining the precise amount of the recovery so long as there is a reasonable basis in the evidence for your award. You may not, however, calculate damages based only on speculation or guesswork, and you must remember that you can award plaintiff damages only for injuries caused by a violation of the antitrust laws. You may not award damages for injuries or losses caused by other factors.

*Sample Jury Instructions in Civil Antitrust Cases*, F-8 (ABA 1999).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 52

## DAMAGES - *CALCULATION - INTRODUCTION*

If you find that defendant violated the antitrust laws and that this violation caused injury
to plaintiff, then you must determine the amount of damages, if any, plaintiff is entitled to
recover.  Damages may include lost profits, or deprivation of the opportunity to engage in a
business.

The measure of damages depends on the type of injury.

*See* J. Von Kalinowski, 9 *Antitrust Laws & Trade Regulation* § 81.09[5][b] (1995)
(citing Mitchell, *Private Federal Antitrust Actions* 27-31 (1970)).

*Sample Jury Instructions in Civil Antitrust Cases*, F-72 (ABA 1999).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 60

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 53

## DAMAGES - *LOST PROFITS*

If you find that defendant did not commit an antitrust violation, then you should skip

this instruction. If you find that defendant did commit an antitrust violation, then you must

calculate the profits, if any, that plaintiff lost as a result of the defendant's antitrust violation.

Profit means net profit:  the amount by which plaintiff's gross revenues would have exceeded

all of the costs and expenses that would have been necessary to produce those revenues.

*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969).

*Litton Systems, Inc. v. AT&T*, 700 F2d 785 (2d Cir. 1983), *cert. denied*, 464 U.S. 1073
(1984).

*Sample Jury Instructions in Civil Antitrust Cases*, F-13-15 (ABA 1999) (modified).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

**PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 61**

Portlnd3-1377760.1  0019436-00149

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 54

## DAMAGES - *PREPAREDNESS TO ENTER BUSINESS*

Plaintiff claims that defendant's alleged antitrust violation prevented it from entering a new business. To recover damages, it is not necessary that plaintiff actually have entered into this business if you find that defendant's alleged antitrust violation prevented plaintiff from entering into this business. Plaintiff must prove, however, that it had an intention to enter into this business and that it had taken some steps to prepare to do so.

In determining whether or not plaintiff has demonstrated the intention and preparedness to engage in this new business, you may consider such elements as the following: the background and experience of the principals and employees of plaintiff; the ability of plaintiff to finance the business and to purchase the necessary facilities and equipment; affirmative steps taken by plaintiff to enter into this new business; and so forth. Ultimately, to award plaintiff damages related to its failure to enter this business, you must determine that had it not been for defendant's alleged antitrust violation, plaintiff would have entered that business.

The plaintiff must demonstrate that it had taken some steps to prepare actually to enter the business for which damages are claimed.

> *See Jayco Sys. v. Savin Bus. Mach. Corp.*, 777 F2d 306, 314 (5th Cir. 1985)
>
> *Ovitron Corp. v. General Motors Corp.*, 512 F.2d 442, 443 (2d Cir. 1975)
>
> ABA Section of Antitrust Law, 1 *Antitrust Law Developments* 763-64 (4th ed. 1997).
>
> *Sample Jury Instructions in Civil Antitrust Cases*, F-21-22 (ABA 1999).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 62

Portlnd3-1377760.1  0019436-00149

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 55

## DAMAGES - *MITIGATION*

Plaintiff may not recover damages for any portion of its injury that it could have avoided through the exercise of reasonable care and prudence. The law requires an injured party to take all reasonable steps it can to avoid further injury and thereby reduce its loss. If a plaintiff fails to take reasonable steps available to it, and the failure to take those steps results in greater harm to the plaintiff than it would have suffered had it taken those steps, the plaintiff may not recover damages for injury it would have avoided if it had taken reasonable actions that would have reduced its injury.

In determining whether plaintiff failed to take reasonable measures to limit its damages, you must remember that the law requires plaintiff to use only those measures that are reasonably practicable under the circumstances. In determining whether plaintiff's conduct was reasonable, you should take into account the evidence concerning the circumstances as they appeared to plaintiff at the time, rather than in hindsight. Plaintiff is given a wide latitude in deciding how to handle the situation, so long as what plaintiff did was not unreasonable in light of the existing circumstances.

Defendant has the burden of proof on this issue. Defendant must prove by a preponderance of the evidence that plaintiff acted unreasonably in failing to take specific steps to minimize or limit its losses, that the failure to take those specific steps resulted in its losses being greater than they would have been had it taken such steps, and the amount by which plaintiff's loss would have been reduced had plaintiff taken those steps.

*Golf City, Inc. v. Wilson Sporting Goods Co.*, 555 F.2d 426, 436 (5th Cir. 1977). (Obligation to mitigate damages in an antitrust case is clear).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

*See generally* ABA Section of Antitrust Law, 1 *Antitrust Law Developments* 793-94 (4th ed. 1997).

*Sample Jury Instructions in Civil Antitrust Cases*, F-23-24 (ABA 1999).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

PACIFICORP'S PROPOSED JURY INSTRUCTIONS - 64

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 56

## DAMAGES - *TREBLING OF DAMAGES*

The law requires that a defendant found to commit an antitrust violation pay three times the actual damages defendant caused plaintiff. The trebling is performed by the court. You must limit your damage award to actual damages (if any).

*Sample Jury Instructions in Civil Antitrust Cases*, F-35 (ABA 1999).

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp

PortInd3-1377760.1  0019436-00149

DEFENDANT'S PROPOSED JURY
INSTRUCTION NO. 57

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom. I will now read your verdict form.

9th Cir. Civ. Jury Instr. 4.4 (2001) (modified)

Submitted by:
Stoel Rives LLP
David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp