

David J. Jordan (Utah Bar #1751)
John M. Eriksson (Utah Bar #4827)
Marc T. Rasich (Utah Bar #9279)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328-3131

Mary S. Hobson (ISB #2142)
Erik F. Stidham (ISB #5483
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, Idaho 83702-5958
Telephone: (208) 389-9000

Attorneys for Defendant
PacifiCorp

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICORP (including UTAH POWER & LIGHT, a division),<br><br>Defendant,<br><br>STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General,<br><br>Defendant-Intervenor. | Case No. 96-308-E-BLW<br><br>**PACIFICORP'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE EVIDENCE PERTAINING TO DAMAGES INCURRED BY UNDOCUMENTED "MEMBERS"** |

PacifiCorp anticipates that plaintiff Snake River Valley Electric Association ("Snake River") may seek to offer evidence or arguments for a measure of damages calculated on the basis of opportunities lost or damages incurred by persons who were not members of Snake River at any time relevant to Snake River's remaining cause of action in this case. Such evidence and arguments are uniformly inadmissible under Rule 402 of the Federal Rules of Evidence, because they are irrelevant to any issue before this Court. PacifiCorp thus moves *in limine* for an order excluding such evidence and arguments.

### ARGUMENT

Under Rule 402, "[e]vidence which is not relevant" to disposing of a cause of action "is not admissible" in the trial thereof. Evidence is "relevant" only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

The March 8, 2002, report of Snake River's expert, Richard A. Slaughter Associates, suggests that Snake River will attempt to prove that it was damaged by PacifiCorp's alleged antitrust violations to the extent that Snake River's members paid more to PacifiCorp for electricity than they would have paid for both the purchase of the same volume of electricity on the wholesale market and the subsequent transmission thereof from the point of delivery to individual members. *See* Slaughter Report at 4. Snake River bears the burden of proof on this issue. Consequently, Snake River also bears the burden of proving the identity of its members for the period for which such damages are being calculated.

Snake River's By-Laws, which have been in effect throughout the relevant period, establish three independent criteria for membership: (1) "making a written application for membership," (2) "paying the membership fee," and (3) "be[ing] accepted for membership by the board of directors or the members." Snake River Valley Electric Ass'n, Inc., By-Laws, Art. I § 1. The satisfaction of each of these criteria is required to be fully documented: the written application is by definition a document, payment of membership fees must be reflected in receipts and treasurer's ledgers, *see* By-Laws Art. V § 7(b) (requiring the Treasurer to "receive and give receipts for moneys due and payable . . . from any source whatsoever"), and resolutions of the board of directors and the membership must be reflected in minutes, *see id.* Art. VI § 2(a) (requiring the Secretary to "keep the minutes of the members and the board of directors").

Snake River's failure to introduce these documents or equally competent evidence that *each of the relevant criteria* was satisfied by *every single person* alleged to be a member of Snake River for the relevant period would amount to a failure to prove that such persons were actually "members" of Snake River for any purpose relevant to this case.[1] Evidence and arguments relating to expenses allegedly borne by such persons cannot have "any tendency to make the existence of" Snake River's claimed damages from the allegedly higher costs of PacifiCorp's service (which could be incurred to Snake River's detriment only by its own members) "more probable or less probable than it would be without" such evidence and arguments. Fed. R. Evid. 401. Such evidence and arguments, including the

---

[1] Snake River already has failed to produce a single completed application, check for payment of a membership fee or minutes of any board or member meeting accepting new members.

PACIFICORP'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE EVIDENCE PERTAINING TO DAMAGES INCURRED BY UNDOCUMENTED "MEMBERS" Page 2
Portlnd3-1377380.2 0019436-00149

opinion of Snake River's expert (which rests on a presumption of 238 unnamed and unproven members), are therefore inadmissible. *See* Fed. R. Evid. 402.

PacifiCorp therefore requests that the Court issue an order excluding evidence and arguments pertaining to (or deriving from) costs allegedly incurred by persons not shown by competent evidence to be members of Snake River.

DATED: April 2, 2002.        STOEL RIVES LLP

                             _____
                             David J. Jordan
                             John M. Eriksson
                             Marc T. Rasich
                             Attorneys for Defendant PacifiCorp