

ORIGINAL



David J. Jordan (Utah Bar #1751)
John M. Eriksson (Utah Bar #4827)
Marc T. Rasich (Utah Bar #9279)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328-3131

Mary S. Hobson (ISB #2142
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, Idaho  83702-5958
Telephone:  (208) 389-9000

Attorneys for Defendant
PacifiCorp

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICORP (including Utah Power & Light Company, a Division),<br><br>Defendant.<br><br>STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General,<br><br>Intervenor. | Case No. 96-0308-E-BLW<br><br>**MEMORANDUM IN SUPPORT OF PACIFICORP'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DISSIMILAR WHEELING AGREEMENTS WITH THIRD PARTIES** |

194

PacifiCorp anticipates that Snake River may seek to offer for admission evidence relating to an agreement or agreements made by PacifiCorp to wheel power to persons or entities who are not parties to this litigation at distribution level voltages for $0.75 per kw month.  Such evidence is inadmissible.

## ARGUMENT

Under Rule 402 of the Federal Rules of Evidence[1], "[e]vidence which is not relevant" to disposing of a cause of action "is not admissible" in the trial thereof.  Evidence is "relevant" only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  When evidence of occurrences involving third parities is offered in a case involving a specific transaction or event, a threshold requirement of relevance is whether the third party events occurred under circumstances which are substantially similar in time, place, and nature.  *See e.g.*, *Rangen, Inc. v. Valley Trout Farms, Inc.*, 658 P.2d 955, 961 (Idaho 1983) (credit practices used with other customers not relevant to the credit practices at issue with plaintiff); *Minnesota Farm Bureau Mktg. Corp. v. North Dakota Agricultural Marketing Ass'n.*, 563 F.2d 906, 911 (8th Cir. 1977) (proper to exclude prior grain contracts with two other farmers that were dissimilar to the contract at issue).

Here, plaintiff is seeking to parade before the jury evidence of instances in which PacifiCorp has agreed to wheel power for various third parties.  Evidence of any such offers or dealings does not tend to prove any fact of consequence to this action absent proof from plaintiff that the circumstances in each third party transactions were substantially similar to those existing between itself and PacifiCorp.  *Rangen*, 658 P.2d at 961; *Minnesota Farm*, 563 F.2d at 94.  Plaintiff cannot in this case make the required showing.

Unlike plaintiff, all of the third parties for which PacifiCorp has offered to deliver power at distribution level voltages own distribution systems and indeed use those distribution

---

[1]      Except where noted, all references to "Rule" are references to the Federal Rules of Evidence.

systems to deliver power to the ultimate end users.  Affidavit of David B. Cory in Support of PacifiCorp's November 26, 2001 Motion for Summary Judgment, ¶ 4.  The circumstances consequently are not substantially similar to those present here, where Snake River owns no distribution facilities.  *Id.*  Additionally, evidence of third party transactions must be excluded under Rule 403 to avoid turning this case into a series of mini-trials of each and every third party transaction to demonstrate the dissimilarities with plaintiff's circumstances.  Finally, this lack of relevance also requires the exclusion of any expert testimony plaintiff might offer which would bring these irrelevant third party dealings before the jury.  When an expert testifies, "Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect."  Fed. R. Evid. 703.

The direct evidence, expert reports, and expert testimony, which plaintiff offers concerning the charge for distribution-level delivery under prior wheeling agreements with third parties also are inadmissible due to lack of substantial similarity under Rule 401; unfair prejudice, confusion of issues, and a waste of juror's time under Rule 403; and the bar of disclosure under Rule 703.  These prior contracts differ not only as to time but, more importantly the delivery of electricity to the cities specified by Snake River as receiving "similar service" (Supplemental Response to Interrogatory No. 5 of PacifiCorp's First Set of Interrogatories) is provided without using PacifiCorp distribution lines.  In contrast, Snake River states that it seeks wheeling through PacifiCorp's distribution lines and even through PacifiCorp's distribution transformers.  *See* Affidavit of Jack Stamper, submitted herewith.

## CONCLUSION

Evidence of third party wheeling offers and agreements is irrelevant under Rule 402 because the circumstances here are not substantially similar.  Additionally, evidence of third party offers or agreements confuses the issues, will needlessly consume jury time, and threatens unfair prejudice to PacifiCorp, because of their dissimilar nature, rendering such

evidence inadmissible under Rule 403.  Finally, the inadmissible matter is barred under Rule

703 from being disclosed though an expert's report or an expert's testimony.

     DATED:  April 2d, 2002.

                    STOEL RIVES LLP

                    David J. Jordan
                    John M. Eriksson
                    Marc T. Rasich
                    Mary S. Hobson
                    Attorneys for Defendant PacifiCorp