

David J. Jordan (Utah Bar #1751)
John M. Eriksson (Utah Bar #4827)
Marc T. Rasich (Utah Bar #9279)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328-3131

Mary S. Hobson (ISB #2142)
Erik F. Stidham (ISB #5483)
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, Idaho 83702-5958
Telephone: (208) 389-9000

Attorneys for Defendant
PacifiCorp

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICORP (including UTAH POWER & LIGHT, a division),<br><br>Defendant,<br><br>STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General,<br><br>Defendant-Intervenor. | Case No. 96-308-E-BLW<br><br>**PACIFICORP'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE EVIDENCE PERTAINING TO ITS OFFER TO STEP INTO ENRON'S SHOES FOR PURPOSES OF ITS FEBRUARY 1997 POWER SALES AGREEMENT WITH SNAKE RIVER** |

PacifiCorp anticipates that plaintiff Snake River Valley Electric Association ("Snake River") may seek to offer evidence or arguments revealing or otherwise relying on the fact that PacifiCorp has offered to discharge the duties of Enron Power Marketing, Inc. ("Enron") under the February 1997 Power Purchase and Sale Agreement executed between Enron and Snake River. Such evidence and arguments are uniformly inadmissible under Rules 402 and 403 of the Federal Rules of Evidence,[1] because they are irrelevant to any issue before this Court and would be unfairly prejudicial even if they were relevant. PacifiCorp thus moves *in limine* for an order excluding such evidence and arguments.

## ARGUMENT

Under Rule 402, "[e]vidence which is not relevant" to disposing of a cause of action "is not admissible" in the trial thereof. Evidence is "relevant" only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

As this Court noted in its April 20, 1998, Memorandum Decision and Order, PacifiCorp has "committed itself to match the terms of the Enron contract, should [Snake River] *prevail at trial* and should Enron *terminate its obligations* to [Snake River] in the interim." Mem. Dec. and Order 4 n.4 (emphases added). PacifiCorp's commitment was expressly conditioned on Snake River ultimately prevailing on the merits on its claim for injunctive relief:

> MR. JORDAN: . . . . If you were to make the determination that we were required to wheel to ESSA customers, and in the interim they lost this Enron contract, we would pick it up at the Enron rate to the very same points as you described that Enron would have delivered it at . . . .

---

[1] All future references to "Rules" are to the Federal Rules of Evidence.

(Dec. 8, 1997 Transcript at 43-44, attached as Ex. 4 to Affidavit of Marc T. Rasich, filed with PacifiCorp's January 11, 2002 Reply Memorandum in Support of Motion for Summary Judgment).

PacifiCorp's offer cannot be relevant to the trial of Snake River's case because the offer was expressly conditioned on Snake River's "prevail[ing] at trial," which would include obtaining injunctive relief requiring PacifiCorp to provide wheeling service. However, the court's February 7, 2002 Memorandum Decision and Order finding state action immunity for PacifiCorp from December 8, 2000 onward, precudes the possibility of such injunctive relief. Thus, a condition to the stipulated commitment cannot be satisfied. Moreover, Snake River cannot fairly bootstrap an outcome at trial from an offer that is *premised* on that outcome. Because the events on which PacifiCorp's offer to Snake River were expressly conditioned have not come to pass before Snake River would introduce evidence of the offer, and necessarily cannot come to pass, the offer is a nullity and as such irrelevant and inadmissible. *See* Fed. R. Evid. 402.

Even if conceivably relevant, evidence and arguments relating to PacifiCorp's offer would be minimally probative and unfairly prejudicial. Such evidence and arguments should not, therefore, be admitted in any event. *See* Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."). PacifiCorp bears a significant risk that its offer, which was made for technical reasons relating to the early posture of this case, will (in the hands of opposing counsel) be subject to damaging misconstruction by the jury. Specifically, the

jury may be led to surmise from the fact of the offer that PacifiCorp did not itself believe that performing the services demanded by Snake River would be intolerably burdensome. The risk of such an erroneous conclusion should not be imposed in light of the fact that PacifiCorp's offer would prove no fact of critical relevance (if any relevance at all) in this case.

PacifiCorp therefore requests that the Court issue an order excluding evidence and arguments pertaining to PacifiCorp's offer.

DATED:  April 2, 2002.

STOEL RIVES LLP

David J. Jordan
John M. Eriksson
Marc T. Rasich
Attorneys for Defendant PacifiCorp