

David J. Jordan (Utah Bar #1751)
John M. Eriksson (Utah Bar #4827)
Marc T. Rasich (Utah Bar #9279)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328-3131

Mary S. Hobson (ISB #2142)
Erik F. Stidham (ISB #5483)
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, Idaho 83702-5958
Telephone: (208) 389-9000

Attorneys for Defendant
PacifiCorp



### UNITED STATES DISTRICT COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICORP (including UTAH POWER & LIGHT, a division),<br><br>Defendant,<br><br>STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General,<br><br>Defendant-Intervenor. | Case No. 96-308-E-BLW<br><br>**PACIFICORP'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE EVIDENCE PERTAINING TO MATTERS ON WHICH SUMMARY JUDGMENT HAS BEEN GRANTED** |



Pacificorp anticipates that plaintiff Snake River Valley Electric Association ("Snake River") may seek to offer evidence and arguments that pertain solely to issues on which the Court has already granted summary judgment to PacifiCorp or that Snake River has waived. Such matters include:

- PacifiCorp's alleged refusal to sell wholesale power to Snake River,
- PacifiCorp's alleged refusal to sell electrical facilities to Snake River,
- PacifiCorp's alleged refusal to wheel power to new customers, and
- Any conduct by PacifiCorp occurring since December 8, 2000, and alleged by Snake River to amount to or to serve as evidence of a violation of antitrust laws, and any claim of damages since such date.

Evidence and arguments regarding these issues are uniformly inadmissible under Fed. R. Evid. 402, because they are irrelevant. Additionally, such evidence and arguments are inadmissible under Fed. R. Evid. 403, because they would be more prejudicial or wasteful of the Court's time than probative.

## ARGUMENT

*A.    Relevance*

Under rule 402, "[e]vidence which is not relevant" to disposing of a cause of action "is not admissible" in the trial thereof. Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence and arguments that directly relate only to matters that have been dismissed through summary judgment or Snake River's own waiver by their nature do not make facts that are still "of consequence to th[is] action" more or less probable. Such evidence and arguments

are therefore inadmissible. *See, e.g., Galletta v. Deasy*, 9 Fed. Appx. 909, 915-16 (10th Cir. 2001) (affirming on relevancy grounds the district court's exclusion of plaintiff counsel's question about a search "in light of the [prior] summary judgment ruling on [plaintiff's] illegal search claim"); *Pescatore v. Pan American World Airways, Inc.*, 97 F.3d 1, 16-17 (2d Cir. 1996) (holding that the district court abused its discretion during the damages phase of a bifurcated trial in referring and allowing plaintiff's counsel to refer to the verdict of "willful misconduct" entered during the liability phase, noting that "Pan Am's liability for willful misconduct was no longer at issue and thus not relevant.").

The Court has dismissed Snake River's claim that PacifiCorp violated antitrust laws by refusing to sell Snake River its electric facilities. As a result, evidence and arguments relating to PacifiCorp's alleged unwillingness to make the sale, including subsidiary matters such as PacifiCorp's prior sale of facilities to other purchasers are inadmissible.

The Court also has dismissed Snake River's claim that PacifiCorp violated antitrust laws by allegedly declining to sell wholesale power to Snake River and to provide wheeling service new customers that have a right of choice under the Idaho Electric Supplier Stabilization Act.. As a result, all evidence and arguments pertaining to PacifiCorp's negotiation or alleged refusal to negotiate with Snake River on a wholesale power contract or the provision of wheeling service to remote customers are inadmissible.

Finally, the Court has ruled that PacifiCorp is immune from the antitrust laws in its alleged conduct toward Snake River since December 8, 2000, the effective date of the amendments to the Idaho Electric Supplier Stabilization Act. As a result, all evidence and

arguments pertaining to PacifiCorp's actions, as alleged in Snake River's Amended Complaint, as well as any claim for damages since that date are irrelevant and inadmissible.

B.   *Prejudice and Waste of Time*

Even if not entirely irrelevant, evidence and arguments relating to the issues in this case that have already been dismissed would be far less probative than they would be prejudicial against PacifiCorp's case and wasteful of the Court's time. Such evidence and arguments should therefore be excluded. *See* Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . or by considerations of . . . waste of time . . . .").

The only remaining claim in this case, and the only matter for which Snake River may yet adduce evidence, is whether PacifiCorp violated antitrust laws by allegedly refusing to wheel power to Snake River before December 8, 2000 (and, if so, the extent to which Snake River was damaged thereby). Resolution of this matter cannot be significantly advanced by evidence and arguments suggesting that PacifiCorp declined to sell wholesale power or electrical facilities to Snake River, to wheel power to new customers who were members of Snake River, or to wheel power to Snake River after December 8, 2000, because these acts were wholly within PacifiCorp's rights under antitrust laws. Instead, evidence and arguments relating to PacifiCorp's alleged refusal to deal with Snake River in these entirely *permissible* ways would merely pose a risk of unfairly inducing the jury to conclude that PacifiCorp similarly refused to deal with Snake River in the purportedly *unlawful* manner alleged. This the Court should not allow. *See Florida Fuels v. Belcher Oil Co.*, 717 F. Supp. 1528, 1537 (S.D. Fla. 1989).

In *Florida Fuels*, another antitrust case, the district court excluded from trial any evidence that the defendant had refused to deal with the plaintiff, a competitor, for the purpose of leasing the defendant's fuel storage tanks, because the refusal-to-deal claim pertaining to the lease had been dismissed on summary judgment. The court concluded that, in light of the summary judgment, the evidence "would only be prejudicial" of the defendant's case on the remaining claim of refusal to sell fuel to the plaintiff. *Id.* As in *Florida Fuels*, the evidence of PacifiCorp's refusal to deal with Snake River in permissible ways would be unfairly prejudicial with regard to Snake River's remaining refusal-to-wheel claim.

Moreover, even if such evidence were not impermissibly prejudicial, its presentation would be a waste of the Court's time. This case has been before the Court for more than five years, including an appeal to the Ninth Circuit and a remand back. The result of the foregoing litigation has been a series of dismissals of Snake River's meritless claims. Their resurrection by way of Snake River's presentation of potentially endless testimony, documents, and arguments is a disservice to both the Court and PacifiCorp and of no permissible advantage to Snake River.

DATED: April 2*t*, 2002.

STOEL RIVES LLP

_____
David J. Jordan
John M. Eriksson
Marc T. Rasich
Mary S. Hobson
Attorneys for Defendant PacifiCorp