Robert C. Huntley, ISB No. 894
Christopher F. Huntley ISB No. 6056
Huntley, Park, Thomas Burkett,
 Olsen & Williams, L.L.P.
250 So. 5th Street, Suite 660
P.O. Box 2188
Boise, ID  83702
Telephone: (208) 388-1230
Fax : (208) 388-0234

Charles F. Wheatley, Jr.
Wheatley & Ranquist
34 Defense Street
Annapolis, MD 21401
Telephone: (410) 266-7524
Fax: (301) 261-8699

Attorneys for Snake River Valley Electric Association

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICORP, (Including UTAH POWER & LIGHT, a division),<br><br>Defendant. | Case No. CIV 96-0308-E-BLW<br><br>**MOTION FOR EMERGENCY PROTECTIVE ORDER OR DECLARATION**<br><br>AND<br><br>**MOTION TO STRIKE**<br><br>(RE: EXPERT WITNESSES INCORRECTLY AND LATE DESIGNATED BY PACIFICORP) |

The Scheduling Conference Order of Judge Winmill dated September 4, 2001 provided the

following schedule for designation of experts in paragraph 6:

**MOTION FOR EMERGENCY PROTECTIVE ORDER OR DECLARATION
AND MOTION TO STRIKE- 1**

(1)     Plaintiffs by December 21, 2001;

Defendant by January 22, 2002; and

All rebuttal experts by February 5, 2002.

Paragraph 7 provided "no undisclosed expert rebuttal opinion will be allowed at trial."

Attached hereto as Appendix A is the PacifiCorp Witness List dated April 2, 2002, the same date that Motions in Limine were due.

Attached hereto as Appendix B is the Motion and Stipulation for amendment of discovery and disclosure deadlines which provided in paragraph 6:

> 6. "PacifiCorp will serve its final expert reports on or before March 21, 2000."

This Stipulation did not provide for new experts, but only provided for additional reports of designated experts. PacifiCorp's Expert Disclosure dated January 22, 2002 listed only two experts, Adam Jaffe of Brandeis University to testify on antitrust and monopolistic matters and anti-competitive matters and Jack Stamper of PacifiCorp from Portland, Oregon to testify on three issues only:

A.    What would the charge be for Snake River's use of PacifiCorp's transmission system? What is the basis for this charge?

B.    What would the charge be for Snake River's use of PacifiCorp's distribution system? What is the basis for this charge?

C.    What would the charge be for Snake River's use of PacifiCorp's Control Area Services? What is the basis of such charges?

That initial disclosure stated on page 2:

**MOTION FOR EMERGENCY PROTECTIVE ORDER OR DECLARATION
AND MOTION TO STRIKE- 2**

> Because there is information yet to be provided by Snake River through discovery and in Snake River's expert reports that is relevant and necessary to the testimony of PacifiCorp's experts, including those identified herein, PacifiCorp reserves the right to modify, amend, or supplement its expert's reports after such information is provided. In accordance with the above referenced stipulation, PacifiCorp's additional expert witness reports will be submitted by March 21, 2002.

PacifiCorp received Dr. Slaughter's report (pursuant to agreement of the parties) on March 8, 2002.

PacifiCorp never moved to add additional experts and supplied no amended or additional expert reports by March 21st. **Thus, PacifiCorp has no right to call any experts other than the two designated on January 22, 2002.**

PacifiCorp has now provided a list of 11 witnesses, a number of whom are in the expert category and has added a new expert, Albert Vondra, C.P.A., J.D., C.F.E. and stated that he will testify:

> "Mr. Vondra generally will testify about the appropriate calculation of damages for any alleged refusal by PacifiCorp to wheel power to Snake River members, including then cost differential between prices paid to PacifiCorp and the prices, including distribution and transmission adders, Snake River members would have paid under the Enron contract."

### PLAINTIFFS' MOTIONS

Plaintiffs hereby make the following motions based upon the above and foregoing facts:

1. **Albert Vondra, C.P.A., J.D., C.F.E.** Plaintiffs move for an Order Disallowing the undisclosed expert Albert Vondra from testifying. Plaintiffs advise the Court as follows:

    A.    Mr. Vondra was not designated in January 2002 and in fact PacifiCorp designated no witness relative to computation of damages.

  B. PacifiCorp did make a reservation because of the late data being supplied for Dr. Slaughter which in turn caused the late filing of his damage computations, that it might wish to provide an expert in that area. However, a witness could have been designated relative to the matters Dr. Slaughter disclosed on December 21, 2001.

  C. PacifiCorp will argue that due to "agreement between the parties" and the stipulation, that it is excused from meeting the January deadline. However, the Court has now nullified that agreement by holding Dr. Slaughter to his pre-agreement disclosure and therefore the Court should also nullify the agreement as to PacifiCorp's witness.

  D. Should the Court not nullify the agreement bilaterally, the disclosure in the witness statement dated April 2nd, 2002 is in violation of the stipulation extending deadlines which required PacifiCorp to serve final expert reports before March 21, 2002 (PacifiCorp had Dr. Slaughter's disclosure on March 8th and requested no time beyond March 21st).

  E. After the close of business on Monday, April 8th, PacifiCorp served a detailed expert witness report by Mr. Vondra, well beyond the March 21st date.

  2. **Plaintiffs further move for a Protective Order** that their taking of the deposition of Mr. Vondra not in any way prejudice their right to move to exclude his testimony.

  3. **Jack Stamper:** Mr. Stamper was originally designated as an expert witness by PacifiCorp in January 2002. On April 8th, after the close of business hours, PacifiCorp served an

**MOTION FOR EMERGENCY PROTECTIVE ORDER OR DECLARATION**
**AND MOTION TO STRIKE- 4**

Amended Expert Report of Jack E. Stamper (which he signed on April 4th). That amended report is beyond the stipulated and ordered deadline of March 21st, and therefore should be stricken and testimony thereon should be denied. There is no possibility of Plaintiffs having opportunity to schedule his deposition and in any event the deadline is the deadline.

4.  **Professor Adam Jaffe:** Professor Jaffe was originally designated as an expert witness by PacifiCorp on January 22, 2002. On April 8th, 2002 after the close of business hours, PacifiCorp served an Amended Expert Report of Adam Jaffe (which he signed on April 8th). That amended report is beyond the stipulated and ordered deadline of March 21st, and therefore should be stricken and testimony thereon should be denied. There is no possibility of Plaintiffs having opportunity to schedule his deposition and in any event the deadline is the deadline.

Dr. Jaffe was designated in January as an expert, primarily on the regulatory framework and analysis of Snake River's anti-competitive claims, and calculations of PacifiCorp's market share. He stated he expected to testify on the "economic validity of Snake River's **assessment of alleged damages if and when and analysis of damages is presented by the Plaintiff.**"

Dr. Slaughter's assessment was served on PacifiCorp on March 8th and the deadline for any supplemental disclosure by PacifiCorp was March 21st and no extension was asked for or granted. Accordingly, Plaintiffs move that the supplemental report be stricken and that no testimony be presented thereon.

5.  **Witnesses:**   State Senator Robert Lee
    State Representative Del Reybold
    IPUC Commissioner Marsha Smith
    John Mooney
    Verle Topham

**MOTION FOR EMERGENCY PROTECTIVE ORDER OR DECLARATION
AND MOTION TO STRIKE- 5**

These witnesses are being designated to testify on the Idaho Legislature's "Public Policy" relative to the Electric Supplier Stabilization Act. **These are not fact witnesses. They are designated to testify as experts on the law and upon "public policy".**

Their testimony should be denied on at least two grounds:

(1) They were not designated as experts either in January or March.

(2) The issue of the public policy of the State is for the Court to determine as a matter of law from the plain reading of the applicable state and federal statutes; and

(3) The real purpose and thrust of their testimony would be to convince the jury that the Ninth Circuit erred in its ruling that Plaintiffs have standing for an appropriate antitrust action. Their testimony is an attempt to circumvent "the law of this case".

Plaintiffs move that the proposed testimony of these witnesses be denied.

Respectfully submitted this 9th day of April, 2002.

        Wheatley & Ranquist

        _____
        Charles F. Wheatley, Jr.

        Huntley, Park, Thomas Burkett,
        Olsen & Williams, L.L.P.

        _____
        Robert C. Huntley

        Counsel for SRVEA

**MOTION FOR EMERGENCY PROTECTIVE ORDER OR DECLARATION
AND MOTION TO STRIKE- 6**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of April, 2002, a true and correct copy of the foregoing document was served on the below listed individuals by the method indicated below:

| | |
|---|---|
| Mary S. Hobson, ISB#2142<br>STOEL RIVES<br>101 South Capitol Blvd., Suite 1900<br>Boise, ID 83702<br>**Fax: 389-9040** | ___ Hand Delivered<br>___ U.S. Mail<br>___ Overnight Mail<br>_X_ Facsimile |
| John M. Eriksson, Esq.<br>STOEL RIVES<br>One Utah Center<br>201 S. Main St. Suite 1100<br>Salt Lake City, UT 84111<br>**Fax: 801-578-6999** | ___ Hand Delivered<br>___ U.S. Mail<br>___ Overnight Mail<br>_X_ Facsimile |
| Brett T. DeLange<br>Deputy Attorney General<br>Consumer Protection Unit<br>Office of the Attorney General<br>Len B. Jordan Building, Lower Level<br>700 West Jefferson Street, Room 210<br>P. O. Box 83720<br>Boise, ID  83720-0010<br>**Fax: 334-2830** | ___ Hand Delivered<br>___ U.S. Mail<br>___ Overnight Mail<br>_X_ Facsimile |

_____
Robert C. Huntley

**MOTION FOR EMERGENCY PROTECTIVE ORDER OR DECLARATION AND MOTION TO STRIKE- 7**

COPY

David J. Jordan (1751)
John M. Eriksson (4827)
Marc T. Rasich (9279)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328-3131

Mary S. Hobson
Erik F. Stidham
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, Idaho 83702-5958
Telephone: (208) 389-9000

Attorneys for Defendant
PacifiCorp

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICORP (including UTAH POWER & LIGHT, a division),<br><br>Defendant,<br><br>STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General,<br><br>Defendant-Intervenor. | Case No. 96-308-E-BLW<br><br>**PACIFICORP'S WITNESS LIST** |

Appendix A

## WITNESS LIST

In accordance with the Court's September 4, 2001 Case Management Order, PacifiCorp submits the following list of witnesses and potential witnesses:

1. State Senator Robert Lee

    Mr. Lee generally will testify about Idaho's public policy as expressed in and through the Electric Supplier Stabilization Act and amendments thereto, including the need for safe, reliable, affordable power for all Idaho residents and the need to prevent customer pirating to meet those public policy goals.

2. Representative Del Reybold

    Mr. Reybold generally will testify about Idaho's public policy as expressed in and through the Electric Supplier Stabilization Act and amendments thereto, including the need for safe, reliable, affordable power for all Idaho residents and the need to prevent customer pirating to meet those public policy goals.

3. Commissioner Marsha Smith
   Idaho Public Utilities commission
   472 W. Washington Street
   Boise, Idaho 83702

    Commissioner Smith generally will testify about the consistency of PacifiCorp's position in this case with Idaho's public policy as expressed in and through the Electric Supplier Stabilization Act, and with the Commission's findings in Case No. GNR-E-96-1, Order No. 26555.

4. John Mooney
   c/o Marc T. Rasich
   Stoel Rives LLP
   201 So. Main Street, Suite 1100
   Salt Lake City, UT 84111

    Mr. Mooney generally will testify about PacifiCorp's good faith reliance on Idaho's public policy as expressed in and through the Electric Supplier Stabilization Act.

5. Verl Topham
   c/o Marc T. Rasich
   Stoel Rives LLP
   201 So. Main Street, Suite 1100
   Salt Lake City, UT 84111

Mr. Topham generally will testify about PacifiCorp's good faith reliance on Idaho's public policy as expressed in and through the Electric Supplier Stabilization Act.

6. Glen Pond
c/o Marc T. Rasich
Stoel Rives LLP
201 So. Main Street, Suite 1100
Salt Lake City, UT 84111

Mr. Pond generally will testify about PacifiCorp's operations and service territory in southeaster Idaho as it relates to Snake River's claims.

7. Colin Persichetti
c/o Marc T. Rasich
Stoel Rives LLP
201 So. Main Street, Suite 1100
Salt Lake City, UT 84111

Mr. Persichetti generally will testify about the facts and issues surrounding Snake River's purported request for wheeling services and Pacificorp's responses. In particular, he will testify that, prior to the filing of this lawsuit he did not know who or what Snake River was nor what kind of service Snake River was seeking, and that Snake River never filed a complete or abbreviated application.

8. Dave Cory
c/o Marc T. Rasich
Stoel Rives LLP
201 So. Main Street, Suite 1100
Salt Lake City, UT 84111

Mr. Cory generally will testify about the facts and issues surrounding Snake River's purported request for wheeling services and Pacificorp's response. In particular, Mr. Cory will testify that, prior to the filing of this lawsuit he did not know who or what Snake River was nor what kind of wheeling service it was seeking.

9. Jack Stamper
c/o Marc T. Rasich
Stoel Rives LLP
201 So. Main Street, Suite 1100
Salt Lake City, UT 84111

Mr. Stamper generally will testify about the fees Pacificorp's charges for the wheeling service Snake River allegedly seeks in this case, including the methods of calculating those costs, and a comparison of those charges with fees PacifiCorp charges other customers for similar service.

10. Dr. Adam B. Jaffe
    Dept. of Economics and Graduate
       School of Intl. Economics and Finance
    Mailstop No. MS021
    Brandeis University
    415 South Street
    Waltham, MA 02454

    Dr. Jaffe generally will testify about the relevant geographic and product markets, and antitrust injury alleged by Snake River, the regulatory environment in the public utility industry at the time Snake River made its request for wheeling to Pacificorp and the approriate measure of damages for any alleged refusal to wheel from an economic perspective. Specifically, Mr. Jaffe will testify to those matters set forth in his expert report and will rebut aspects of the testimony of Dr. John Wilson and Dr. Richard Slaughter. He will testify that the regulatory environment in 1996 was such that it would have been reasonable for PacifiCorp to have refused to provide the wheeling allegedly sought by Snake River. He will also testify that lost spot market sales are not an antitrust injury flowing from the alleged anticompetitive act of refusing to wheel for retail delivery power, that Dr. Slaughter's hypothetical A rate overestimates Snake River's damages in this case, and that PacifiCorp is not a monopolist in the wholesale power supply market.

11. Albert Vondra, CPA, JD, CFE
    PriceWaterhouseCoopers
    B.P. Tower
    200 Public Square, 27th Floor
    Cleveland, OH 44114-2301

    Mr. Vondra generally will tetisfy about the appropriate calculation of damages for any alleged refusal by PacifiCorp to wheel power to Snake River members, including the cost differential between prices paid to PacifiCorp and the prices, including distribution and transmission adders, Snake River members would have paid under the Enron contract.

DATED: April 2, 2002.

STOEL RIVES LLP

_/s/ Glen Cook for_

David J. Jordan
John M. Eriksson
Marc T. Rasich
Mary S. Hobson
Attorneys for Defendant PacifiCorp

Case 4:96-cv-00308-BLW Document 226 Filed 04/10/02 Page 12 of 15

01/22/02 14:00 FAX

U.S. COURTS

02 JAN 22 PM 4:01

RECEIVED
CLERK

David J. Jordan (1751)
John M. Eriksson (4827)
Marc T. Rasich (9279)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328-3131

Mary S. Hobson (ISB # 2142)
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, Idaho 83702-5958
Telephone: (208) 389-9000

Attorneys for Defendant
PacifiCorp

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICORP (including UTAH POWER & LIGHT, a division),<br><br>Defendant,<br><br>STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General,<br><br>Defendant-Intervenor. | Case No. 96-308-E-BLW<br><br>**MOTION AND STIPULATION FOR AMENDMENT OF DISCOVERY AND DISCLOSURE DEADLINES** |



Appendix B

MOTION AND STIPULATION FOR AMENDMENT
OF DISCOVERY AND DISCLOSURE DEADLINES - PAGE 1
SaltLake-164658.1 0019436-00149

COME NOW, the parties and move and stipulate for a revised discovery schedule, which the parties agree will not require vacating the April 22, 2002 trial date, as follows.

1. Plaintiffs will provide complete, non-evasive responses and/or supplemental responses to PacifiCorp's First, Second and Third Sets of Interrogatories and First Set of Requests for Admission, and will produce *all* non-privileged documents responsive to PacifiCorp's First, Second, Third, and Fourth Set of Requests for Production, regardless of any claim by Snake River that such documents have been produced or made available previously, by February 14, 2002;

2. PacifiCorp will provide its response to Plaintiffs' request regarding billing history on or before February 14, 2002;

3. As to those expert disclosures which are ready at the present time, PacifiCorp will forward them to Plaintiffs, reserving the right to modify and/or supplement them in light of further information provided by Snake River pursuant to this stipulation and/or in light of Snake River's revised/supplemented expert opinions;

4. PacifiCorp reserves the right to provide additional expert reports within the time frame set forth below;

5. Plaintiffs' expert, Dr. Richard Slaughter, Dr. John W. Wilson and Anton Tonc will provide their revised, updated, and final reports by February 21, 2002;

6. PacifiCorp will serve its final expert reports on or before March 21, 2002;

7. PacifiCorp will depose Plaintiffs' experts on or before March 9, 2002;

8. Plaintiffs will depose PacifiCorp's experts on or before April 9, 2002; and

9. PacifiCorp reserves the right to move (1) to strike any expert report not complying with the requirements of Rule 26(a)(2)(B) and to exclude any expert testimony related to that report; (2) to compel further responses to written discovery and further production of responsive documents; and (3) to continue the trial and related dates should Snake River fail to comply fully with its obligations and representations under the terms of this stipulation.

The parties respectfully request leave to utilize the above and foregoing schedule.

Respectfully submitted this 22nd day of January, 2002.

STOEL RIVES LLP

_____
Marc T. Rasich
Attorneys for Defendant PacifiCorp


WHEATLEY & RANQUIST

_____
Charles F. Wheatley, Jr.

HUNTLEY, PARK, THOMAS BURKETT,
OLSEN & WILLIAMS, LLP

_____
Robert C. Huntley
Counsel for SRVEA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of January, 2002, I caused to be served the foregoing **Motion and Stipulation for Amendment of Discovery and Disclosure Deadlines** via ~~hand delivery~~ facsimile upon the following:

Robert C. Huntley
Christopher F. Huntley
HUNTLEY, PARK, THOMAS BURKETT,
   OLSEN & WILLIAMS, LLP
250 So. 5th Street, Suite 660
P.O. Box 2188
Boise, ID 83702

and via U.S. Mail upon the following:

Charles F. Wheatley, Jr.
Timothy P. Ingram
WHEATLEY & RANQUIST
34 Defense Street
Annapolis, MD 21401

Brett DeLange
Deputy Attorney General
700 W. Jefferson St., Rm. 210
P.O. Box 83720
Boise, ID 83720-0010

By _Robert C. Huntley_