Robert C. Huntley, ISB No. 894
Christopher F. Huntley ISB No. 6056
Huntley, Park, Thomas Burkett,
 Olsen & Williams, L.L.P.
250 So. 5th Street, Suite 660
P.O. Box 2188
Boise, ID  83702
Telephone: (208) 388-1230
Fax : (208) 388-0234

Charles F. Wheatley, Jr.
Wheatley & Ranquist
34 Defense Street
Annapolis, MD 21401
Telephone: (410) 266-7524
Fax:  (301) 261-8699

U.S. COURTS

02 APR 15 PM 3:13

CAMERON S. BURKE
CLERK           IDAHO

**ORIGINAL**

Attorneys for Snake River Valley Electric Association

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFICORP (Including UTAH POWER & LIGHT COMPANY, a division)<br><br>Defendant,<br><br>STATE OF IDAHO by and through Allen G. Lance, Attorney General<br><br>Defendant-Intervenor. | Case No. CV96-308-E-BLW<br><br>**SNAKE RIVER'S MEMORANDUM IN OPPOSITION TO PACIFICORP'S MOTION IN LIMINE RE: EVIDENCE PERTAINING TO MATTERS ON WHICH SUMMARY JUDGMENT HAS BEEN GRANTED** |

SRVEA's Memorandum in Opposition to PacifiCorp's
Motion in Limine Re: Evidence Pertaining to Matters On
Which Summary Judgment Has Been Granted - 1

Snake River Valley Electric Association ("Snake River") hereby submits its Memorandum in Opposition to PacifiCorp's Memorandum in Support of Motion in Limine Re: Evidence Pertaining to Matters On Which Summary Judgment Has Been Granted. In its motion, PacifiCorp seeks to preclude any evidence relating to those matters.

Plaintiff's have no intent to present evidence to establish any of the matters on which the Court has already granted Summary Judgment to PacifiCorp, but submit that PacifiCorp is improperly seeking to bar evidence that is related to the issues which the Court has ruled are subject to trial.

In addition, Snake River submits that the Court should receive evidence of conduct of PacifiCorp and damages relating therefrom based on the events occurring since December 8, 2000 to permit a separate finding of fact as to damages by the jury relating thereto. This would obviate the need for any further trial should it be established on appeal that PacifiCorp had no antitrust immunity as of that date. See Snake River's motion under Fed. R.Civ. Proc. 60(b)(6) for relief from order filed April 2, 2002.

PacifiCorp's attempt to exclude admissible evidence under Fed. R. Evid. 402 under Fed. R. Evid. 403 does not apply to the evidence that relates to the facts that are at issue in the present case.

## ARGUMENT

### A. Relevance.

Under Federal Rule of Evidence Fed. R. Evid. 401, evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Evidence of Snake River's early

SRVEA's Memorandum in Opposition to PacifiCorp's
Motion in Limine Re: Evidence Pertaining to Matters On
Which Summary Judgment Has Been Granted - 2

organizational efforts, the detailed engineering study completed, its establishment as an electric cooperative, and its detailed negotiations with PacifiCorp during 1994 and 1995 are relevant to establish that PacifiCorp has refused to wheel wholesale power to SRVEA for it to compete with PacifiCorp for customers in the relevant market area. These facts are of consequence to the determination of that basic issue. The evidence does make it more probable than it would be without the evidence.

PacifiCorp improperly seeks to exclude any such relevant evidence solely on the ground that it would also relate to issues that are not involved in this case. The cases cited by PacifiCorp, namely *Galletta v. Deasy*, 9 Fed. Appx. 909, 915-16 (10th. Cir.)(2001) and *Pescatore v. Pan American World Airways*, 97 F.3d 1, 16-17 (2d Cir)(1996) involved evidence "that directly relate only to matters that have been dismissed." Where the evidence as here, relates to a basic claim posed by PacifiCorp in this case, that it was willing to wheel power to Snake River for resale by Snake River to former customers of PacifiCorp, the evidence is clearly relevant to that issue now before the Court. For example, during the prior negotiations, a number of officials of PacifiCorp specifically stated that they would never agree to allow Snake River to serve any of their existing customers. This evidence directly conflicts with PacifiCorp's present claim that it never refused to wheel to SRVEA for service to such customers.

Furthermore, PacifiCorp apparently intends to present evidence relating to its alleged willingness to provide wheeling service to new customers of Snake River beyond the 1,320 foot limit under the Idaho Electric Supply and Stabilization Act. Despite this Court's clear ruling that PacifiCorp was committed to provide such wheeling for those new customers, PacifiCorp now seeks

SRVEA's Memorandum in Opposition to PacifiCorp's
Motion in Limine Re: Evidence Pertaining to Matters On
Which Summary Judgment Has Been Granted - 3

to rely on such a ruling as basis for its defense to its refusal to wheel for the completely different customers involved in this case. Because of this, evidence as to whether PacifiCorp has lived up to that commitment relating to new customers that it made to the Court, is now relevant to the central issue in this case. The actual facts demonstrate that PacifiCorp has discriminated against SRVEA's new members by claiming fictitious large costs and other roadblocks which has in fact, precluded Snake River from ever getting any wheeling service from PacifiCorp for new members since the date of this Court's Summary Judgment on that issue in 1998.

### B. Prejudice and Waste of Time

PacifiCorp claims that even though evidence and argument relating to issues that have already been dismissed are relevant, such evidence and argument should be denied under Fed. R. Evid. 403 because of considerations of "unfair prejudice" or "waste of time." The basic problem in this case has been that PacifiCorp seeks to present evidence to the jury that it has not refused to wheel to Snake River relating to its existing customers because of its alleged conduct that it would agree to wheel for new customers beyond the limit of the ESSA. The company often makes that contention, without distinguishing those customers from existing customers in its attempt to argue that it has never refused to wheel power to Snake River at any time. These attempts improperly prejudice the Plaintiff and certainly require rebuttal. It is quite clear from PacifiCorp's witness list that it seeks to prejudice the jury by bringing on state witnesses to allege that PacifiCorp's alleged refusal to deal with Snake River during the relevant time period was permissible under State policy. This poses a risk of unfairly inducing the jury to believe that PacifiCorp had not refused to deal with Snake River in the purportedly unlawful manner alleged.

SRVEA's Memorandum in Opposition to PacifiCorp's
Motion in Limine Re: Evidence Pertaining to Matters On
Which Summary Judgment Has Been Granted - 4

The case of *Florida Fuels v. Belcher Oil Co.*, 717 F. Supp. 1528, 1537 (S. D. Fla)(1989) cited by PacifiCorp is not in point because it dealt with a situation where there was no evidence that the defendant controls essential facilities. In the present case, to the contrary, the evidence clearly shows that the Defendant controls essential facilities. Therefore, relevant evidence showing that the Defendant intended to not provide wheeling service to Snake River to allow it to compete for customers in the relevant market area should not be dismissed under rule 403.

PacifiCorp's final argument that any relevant evidence as to the issues which this Court has set for trial should be dismissed as a waste of time is purely indicative of its prevailing attitude that it is not subject to the Federal Antitrust Laws, despite the clear holding by the Ninth Court of Appeals to the contrary.

## CONCLUSION

For the foregoing reasons, Snake River submits that PacifiCorp's Motion in Limine should be **DENIED**.

DATED this 15th day of April, 2002.

_____
Charles F. Wheatley, Jr.
Wheatley & Ranquist
34 Defense Street
Annapolis, MD 21401

_____
Robert C. Huntley, ISB No. 894
Huntley, Park, Thomas, Burkett.
  Olsen & Williams, L.L.P.
250 So. 5th Street, Suite 660
Boise, ID   83701

Counsel for SRVEA

SRVEA's Memorandum in Opposition to PacifiCorp's
Motion in Limine Re: Evidence Pertaining to Matters On
Which Summary Judgment Has Been Granted - 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of April, 2002, a true and correct copy of the foregoing document was served on the below listed individuals by the method indicated below:

| | |
|---|---|
| Mary S. Hobson, ISB#2142<br>STOEL RIVES<br>101 South Capitol Blvd., Suite 1900<br>Boise, ID 83702<br>**Fax: 389-9040** | X Hand Delivered<br>___ U.S. Mail<br>___ Overnight Mail<br>___ Facsimile |
| John M. Eriksson, Esq.<br>STOEL RIVES<br>One Utah Center<br>201 S. Main St. Suite 1100<br>Salt Lake City, UT 84111<br>**Fax: 801-578-6999** | ___ Hand Delivered<br>___ U.S. Mail<br>___ Overnight Mail<br>X Facsimile |
| Brett T. DeLange<br>Deputy Attorney General<br>Consumer Protection Unit<br>Office of the Attorney General<br>Len B. Jordan Building, Lower Level<br>700 West Jefferson Street, Room 210<br>P. O. Box 83720<br>Boise, ID  83720-0010<br>**Fax: 334-2830** | X Hand Delivered<br>___ U.S. Mail<br>___ Overnight Mail<br>___ Facsimile |

_____
Charles F. Wheatley, Jr.
Robert C. Huntley

SRVEA's Memorandum in Opposition to PacifiCorp's
Motion in Limine Re: Evidence Pertaining to Matters On
Which Summary Judgment Has Been Granted - 6