Robert C. Huntley, ISB No. 894
Christopher F. Huntley ISB No. 6056
Huntley, Park, Thomas Burkett,
 Olsen & Williams, L.L.P.
250 So. 5th Street, Suite 660
P.O. Box 2188
Boise, ID  83702
Telephone: (208) 388-1230
Fax : (208) 388-0234

Charles F. Wheatley, Jr.
Wheatley & Ranquist
34 Defense Street
Annapolis, MD 21401
Telephone: (410) 266-7524
Fax:  (301) 261-8699

U.S. COURTS

02 APR 15  PM 3: 13

REC'D_____ FILED_____
    CAMERON S. BURKE
    CLERK           IDAHO

**ORIGINAL**

Attorneys for Snake River Valley Electric Association

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION, | ) ) ) ) |
| Plaintiff, | ) Case No. CV96-308-E-BLW ) |
| vs. | ) **SNAKE RIVER'S** ) **MEMORANDUM IN** |
| PACIFICORP (Including UTAH POWER & LIGHT COMPANY, a division) | ) **OPPOSITION TO** ) **PACIFICORP'S MOTION IN** ) **LIMINE PERTAINING TO** |
| Defendant, | ) **IDAHO POWER'S OFFER OF** ) **WHOLESALE ELECTRICITY** |
| STATE OF IDAHO by and through Allen G. Lance, Attorney General | ) ) ) |
| Defendant-Intervenor. | ) ) |

Snake River Valley Electric Association ("Snake River") hereby submits its Memorandum in Opposition to PacifiCorp's Motion in Limine to Exclude "evidence and arguments pertaining to an alleged 'firm offer' from Idaho Power for wholesale delivery of electricity to Plaintiff, Snake River Valley Electric Association or any of its proxies or representatives. The motion seeks to also exclude any expert testimony and reports premised upon the existence and validity of such an offer." The sole basis for seeking to exclude such evidence by PacifiCorp is its contention that it is inadmissible under Rule 402 of the Federal Rules of Evidence, "because they are irrelevant to any issue before this Court."

Rule 402 of the Federal Rules of Evidence provides that "all relevant evidence is admissible." Rule 401 defines "relevant evidence" as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

The complaint by Snake River against PacifiCorp for refusing to wheel wholesale power was filed by Snake River on July 17, 1996, based on a refusal to wheel by PacifiCorp of wholesale power which Snake River had a firm proposal to acquire from Idaho Power Company, effective May 1, 1996. Plaintiff's Exhibit 1088 is the proposal for the sale of wholesale power from Idaho Power Company to Snake River's engineering corporation, headed by Lynn Marsing, dated November 22, 1995, attached as Appendix A hereto.

Idaho Power proposed to sell firm wholesale power to Snake River at favorable wholesale rates for five years. The quantities of power to be delivered were identical to those contained in the subsequent Enron contract entered February 27, 1997, commencing May 1, 1997. The Board of

Directors of Snake River, at their meeting of December 12, 1995, discussed the Idaho Power offer. Lynn Marsing of EGY discussed the value of the offer and how fortunate Snake River was to receive it, because the rate of 22 mills for a five-year term was substantially below the UPL existing rates. *See* Exhibit No. 1087, Appendix B hereto. Snake River subsequently sent an express request for wheeling of the quantities set forth in the Idaho Power Company at the exact receipt points on December 18, 1995. Exhibit No. 1089, Appendix C hereto.

On February 5, 1996, Idaho Power wrote to Snake River to extend its offer for 60 days beyond their original expiration date of January 31, 1996, to March 31, 1996. Exhibit No. 1092, Appendix D hereto. By letter of June 21, 1996, Idaho Power extended the offer in its proposal of November 22, 1995 to September 1, 1996. Plt's Exhibit No. 1096, Appendix E hereto. This letter was over a month subsequent to the letter of May 16, 1996 from Dave Churchman of Idaho Power to Carl Palmer on which PacifiCorp relies in its motion contending erroneously that Idaho Power terminated its proposal to Snake River on May 16, 1996 (*see* Affidavit of Mary S. Hobson, dated April 2, 2002, enclosing the May 16, 1996 letter from David C. Churchman to Carl Palmer.) [1] Because PacifiCorp refused to agree to wheel the power, as requested in Snake River's letter of December 18, 1995 to PacifiCorp, the Idaho Power offer terminated as of September 1, 1996.

PacifiCorp's refusal to wheel to Snake River precluded Snake River from accepting the firm proposal from Idaho Power for the purchase of firm wholesale power for five years. This evidence is clearly relevant to Snake River's claim in this case of a violation of the Federal antitrust laws and resulting damages.

---

[1]     Furthermore, a review of that letter by Churchman to Carl Palmer never advised that Idaho Power was terminating its offer.

SRVEA's Memorandum in Opposition to PacifiCorp's Motion in Limine
Pertaining to Idaho Power's Offer of Wholesale Electricity  - 3

For these reasons, PacifiCorp's Motion in Limine to Exclude Evidence Pertaining to Idaho

Power's Offer of Wholesale Electricity should be **DENIED.**

DATED this 15th day of April, 2002.

Respectfully submitted,

Charles F. Wheatley, Jr.
Wheatley & Ranquist
34 Defense Street
Annapolis, MD 21401
Telephone: (410) 266-7524
Facsimile: (301) 261-8699

Robert C. Huntley, ISB No. 894
Huntley, Park, Thomas, Burkett.
    Olsen & Williams, L.L.P.
250 So. 5th Street, Suite 660
Boise, ID   83701
Telephone:   (208) 388-1230
Facsimile:   (208) 388-0234

Counsel for SRVEA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of April, 2002, a true and correct copy of the foregoing document was served on the below listed individuals by the method indicated below:

Mary S. Hobson, ISB#2142
STOEL RIVES
101 South Capitol Blvd., Suite 1900
Boise, ID 83702
**Fax: 389-9040**

     _X_ Hand Delivered
     ___ U.S. Mail
     ___ Overnight Mail
     ___ Facsimile

John M. Eriksson, Esq.
STOEL RIVES
One Utah Center
201 S. Main St. Suite 1100
Salt Lake City, UT 84111
**Fax: 801-578-6999**

     ___ Hand Delivered
     ___ U.S. Mail
     ___ Overnight Mail
     _X_ Facsimile

Brett T. DeLange
Deputy Attorney General
Consumer Protection Unit
Office of the Attorney General
Len B. Jordan Building, Lower Level
700 West Jefferson Street, Room 210
P. O. Box 83720
Boise, ID 83720-0010
**Fax: 334-2830**

     _X_ Hand Delivered
     ___ U.S. Mail
     ___ Overnight Mail
     ___ Facsimile

Charles F. Wheatley, Jr.
Robert C. Huntley

SRVEA's Memorandum in Opposition to PacifiCorp's Motion in Limine
Pertaining to Idaho Power's Offer of Wholesale Electricity  - 5

# APPENDIX A

1/º2/95  WED 16:33 FAX                                                      @001


PLAINTIFF'S
EXHIBIT
108Y

755

TO: _R. Lynn Marsing_

COMPANY: _EGY_

FROM: _Dave Churchman_



**IDAHO POWER COMPANY**
1221 W. IDAHO
CHQ - 4TH FLOOR
BOISE, IDAHO 83702

MAILING ADDRESS — P.O. BOX 70  BOISE, IDAHO 83707

**NUMBER OF PAGES TO FOLLOW THIS COVER PAGE:** __3__

**DATE:** _1/22_                    **TIME:** _4:00_

**WE HAVE A CANNON LASER FAX 7000 — (208) 388-6905**

**IF THERE IS A PROBLEM WITH YOUR TELECOPY, PLEASE CONTACT:**

_____ **TELEPHONE #** _____

**COMMENTS:**

SENT BY:Wheatley & Ranquist ; 4-15-02 ; 4:30PM ; Wheatley & Ranquist→ +2083880234;# 4

11/22/95  WED 16:33 FAX                                                                                      ☒002



IDAHO POWER COMPANY
P.O. BOX 70
BOISE, IDAHO 83707

David C. Churchman
Ph. (208) 388-2931
Fax (208) 388-6915

November 22, 1995

Attn: R Lynn Marsing
EGY Resource Development Corporation
P.O. Box 72569
Salt Lake City, Utah  84107

CONFIDENTIAL

Dear Mr. Marsing:

Thank you for providing Idaho Power Company the opportunity to respond to your Request For Proposals.  We are pleased to submit the attached proposal.  Idaho Power is able to provide all the services described in the Request For Proposals necessary to meet the Customer's requirements.

This offer is for a firm system sale.  Idaho Power delivers over a million mw-hrs of energy yearly, and has never interrupted a firm customer even during periods of extreme power shortages such as those experienced in February, 1989 and December, 1990.  Idaho Power relies on a broad diversity of generating resources in four states to supply its customers. Additionally, Idaho Power is interconnected with seven large utilities from both the Northwest and Southwest region giving it access to a variety of wholesale markets.

The transmission cost to deliver capacity and associated energy to the stated points of delivery is included in the attached rates.  If insufficient transmission capacity is available, alternate transmission arrangements such as construction or alternate delivery points may be required resulting in additional transmission costs.

In your Request For Proposals you mentioned that you are not interested in soliciting separate proposals for generation and ancillary services.  Providing ancillary services such as load following and load shaping outside of Idaho Power's control area would require metering of the load.  Although, we are interested in providing these services we may require additional information if the load is not in Idaho Power's control area.

The attached rate has both an energy and capacity component.  The monthly capacity charge would be based upon a stated monthly contract demand, although we would allow some flexibility in determining this contract demand.  The energy charge would be assessed only on the actual energy used.

The rates and terms of this offer are considered proprietary and confidential.  Please do not share this information publicly or make this information available to third parties.

If there is any information we can provide please don't hesitate to call.  Thank you for including us in your solicitation.

Sincerely,

David C. Churchman
Wholesale Coordinator

CONFIDENTIAL

# EGY Resource Development Corporation

**Capacity:**  150 MW  May 1 - September 15
21 MW  September 16 - April 30

**Energy:**  Estimated energy requirement: 410,000 MWh yearly

**Load Factor:**  Estimated monthly load factor:  May 1 - September 15: 70%
September 16 - April 30: 52%

**Term:**  May 1996 - April 2001

**Delivery Point:**  Midpoint Substation
Drummond Substation
Borah Substation
Jefferson Substation
Kinport Substation
Goshen Substation
Amps Substation

CONFIDENTIAL

**Reliability:**  This is a firm system sale.

**Demand Charge:**  $4.00/kW-mth

**Energy Charge:**  $22.0/MWh

**Transmission Charge:**  The transmission to the substations listed under Delivery Points is included in the above rate.

**Term of Offer:**  This offer expires January 31, 1996.

**Confidentiality:**  Idaho Power requests that all prices, terms, and conditions of this offer remain confidential.

# APPENDIX B

PLAINTIFF'S
EXHIBIT
1087

## MINUTES

SRVEA Board of Directors; December 12, 1995

Cyringa Room, Stardust Motel, Idaho Falls, Idaho

Attendance: SRVEA                          Guests: EGY Resource Development

 Del Ray Holm, President                  Lynn Marsing, President
 Doyle Beck, Vice President               Anton Tonc, Professional Engineer
 Kevin Ward, Treasurer
 Brent Stolworthy, Director
 Clyde Cook, Director
 Mark Tucker, Director
 LaVerl Womack, Director

 Carl Palmer, Consultant to SRVEA (Conducting)


Mr. Palmer called the meeting to order at 1:03pm. All directors were present, with Mr. Holm Presiding. There were no minutes from the last meeting due to recording equipment not being set to record. Mr. Palmer handed out a sheet from Jewel Electric comparing the heat efficiencies of coal, gas, wood, and electricity. Also the cost to heat by each. Also a "draft" Christmas letter was handed out for Board consideration to be sent to all SRVEA supporters.

Mr. Palmer introduced the guests - recognized the Idaho Power offer and the part Mr. Marsing and Mr. Tonc played as an organization through which Idaho Power could make a power offer to SRVEA. He asked the guests to inform the Board in more detail as to the Idaho Power offer, what it means to SRVEA members and projected costs.

Mr. Marsing discussed the value of the offer and how fortunate SRVEA was to receive it. Also, that in the "world of power rates", 22 mills is an excellent rate, including a five year term! Final rates were projected to be around 30 mills (3.0¢/kwh). Then Mr. Marsing reviewed the origin of the offer as coming to SRVEA after Micron had opted to go with UP&L rather than Idaho Power. And thus, the Idaho Power offer is confidential because UP&L learning of this offer could go to Idaho Power and offer them a share of the Micron load in exchange for withdrawing the offer to the Idaho customer (SRVEA). Idaho Power would – in all liklihood – go for UP&L's offer because Micron is a sure load, whereas SRVEA is still without a distribution system at this reporting.

Mr. Tonc discussed bringing Idaho Power through UP&L's system via "Retail Wheeling" and "Wholesale Wheeling". He discussed the groundwork (politically) that has been done by other states (specifically California), and the trend towards opening power lines to competition. He informed the group how SRVEA was being watched, as SRVEA is on the forefront of this wheeling movement. and will be a model to be followed. Mr. Tonc also discussed different aspects of negotiations and how certain principals of "costing" and "valuing" are recognized as standards in the electric utility business. These principals will be followed in UP&L-SRVEA negotiations. He also stated that this procedure will keep UP&L from "double charging" or claiming a position in negotiations that is considered questionable or arbitrary. Mr. Tonc also stated that when negotiations begin definite boundries and membership of SRVEA will have to be provided, and the maps and designation cards will be an excellent resource for that information.

Page 2: Minutes

SRVEA meeting 12/12/95

Mr. Cook suggested a meeting(s) be held wherein attendees would be asked to be
"in or out" and sign a membership sheet including a pledge to support the initial
set up.

Mr. Tonc suggested that some type of a tier designation be established wherein the
largest power consumers/supporters be designated as Tier I customers; Tier II customers
would be the median power consumers/supporters; and Tier III customers would be
those who have not supported SRVEA.

Mr. Stolworthy had asked the question, "Can SRVEA sell excess or surplus power to
other Utilities"? Mr. Tonc responded that a power contract will have a minimum
requirement that SRVEA will be required to pay for, whether used or not. If it is
not used or needed by SRVEA at the time, it could be sold on the open market.

Mr. Palmer suggested that the prime concern at this time is to stay focused on
what SRVEA's relationship is going to be with UP&L, i.e. in court or in wheeling
negotiations.

Call to Charles Wheatley Jr.
WHEATLEY AND RANQUIST, SRVEA legal counsel
Washington, D.C.

Mr. Wheatley was asked what was needed in terms of defining SRVEA membership as
SRVEA requests UP&L to wheel Idaho Power. Mr. Wheatley stated that the most
important information needed is the capacity and energy that SRVEA is asking to
be wheeled...and that SRVEA has been offered from Idaho Power. He stated the work
done in maping and listing those who have designated SRVEA to represent their
electric interests is sufficient for now.

It was decided that Lynn Marsing and Charles Wheatley draw up a letter to be sent
to UP&L and copied to PacifiCorp requesting wheeling of the capacity and energy
of the Idaho Power offer, but not specifying the source as Idaho Power. Mr. Whe
stated that if they reject this wheeling request SRVEA has two options:

1. File under Section 211 of the Federal Energy Act before FERC.
   (This would put SRVEA in front of FERC).

2. File in Federal Court under the federal antitrust laws.

Mr. Wheatley stated that the Antitrust laws have more teeth than filing before
FERC. Especially since SRVEA has the landmark Otter Tail Power case as a preced
setting law case. He stated this is especially powerful since SRVEA has been
denied audience with UP&L to negotiate the purchase of distribution; and also
rejection of wheeling a competitive power resource, namely SRVEA's Idaho Power
offer. Another reason not to go to FERC, congress, in the Federal Power Act, p
in a special provision that allows FERC to scrutinize an applicant as to being
"distribution" utility. That is, a utility that currently has the ability to
distribute power to its customers. This requirement is not in the antitrust la
therefore UP&L may try to tie SRVEA up on this issue even though Mr. Wheatley
states SRVEA may qualify under the power act. Mr. Palmer asked how far past

Page 3:  Minutes

SRVEA meeting 12/12/95

transmission and down into distribution can SRVEA request power to be wheeled.
Mr. Wheatley stated that all the talk about retail wheeling is not going to be
worth anything if SRVEA can't obtain wheeling down to where the customer takes
power from the utility, because by definition retail wheeling is directly to the
customer.

Mr. Wheatley also stated that if UP&L were to lose the antitrust suit they would
lose big (treble damages, attorney's fees, and court costs); so there is incentive
to come to the negotiating table. Alternatively, proceedings before FERC can be
delayed and administrativly drawn out, and there are no  cash refunds or damages.
Also,  SRVEA can file an antitrust action relatively soon whereas it would take
approximately 4 months to prepare a filing at FERC.

Mr. Palmer asked,  what SRVEA could get under the antitrust action, wheeling
through UP&L or a system purchase. Mr. Wheatley replied, "wheeling service down
to where the customer takes service".

The question came up as to a sign-up sheet for customers desiring to take power from
SRVEA.  Mr. Palmer said he would contact other utilities as to their sign-up
procedures for new customers.

Mr. Wheatley agreed to draft a letter - to be reviewed by Lynn Marsing and Anton
Tonc - to be sent to Utah Power requesting wheeling of the Idaho Power offer,
without identifying Idaho Power as the resource. Mr. Wheatley agreed to draft the
letter immediately.  The call terminated.

Mr. Tonc suggested UP&L's response to the request to wheel letter will be that some of
the delivery points and interconnections are loaded.  Also; they will want more informa
and try and draw SRVEA into a paper blizzard.  SRVEA needs to be aware of this strategy
UP&L will be testing SRVEA's metal to see just how committed they are Mr. Tonc stated.
Also he said, "The check-list we gave SRVEA years back for getting into the power busin
has been completed and you have covered all the bases.  You are ready to go".

Mr. Beck asked for clarification between what SRVEA gets with Antitrust vs the Idaho
Electric Stablization Act (going to the Idaho District Court).  The answer was antitrus
gives SRVEA wheeling over UP&L's lines whereas the Idaho Law can order UP&L - upon proo
of unsatisfactory rates charged or service rendered - to "vacate" the electric system.
Mr. Beck suggested the Board may want to look at implementing both actions concurrently
to apply increased pressure on UP&L to get them to the negotiating table.

There was no further discussion. Mr. Palmer thanked the guests on behalf of the SRVEA
Board then called for a motion to dismiss.  Mr. Stolworthy made the motion.  Mr. Ward
seconded the motion.

Meeting adjourned at 3:01pm

# APPENDIX C

# *Snake River Valley Electric Association*
## *"Our Own Power System Serving Us"*

December 18, 1995



Mr. John Mooney, Executive Vice President
Utah Power and Light Company
201 South Main OUC 2300
Salt Lake City, Utah 84140

Dear Mr. Mooney:

The Snake River Valley Electric Cooperative ("SRVEA" or "Cooperative"), a non-profit corporation chartered under the laws of Idaho as an electric cooperative, hereby requests that Utah Power and Light Company provide firm transmission service over its electric system to the Cooperative for up to 150 MW from May 1 to September and up to 21 MW from September 16 to April 30 each year, to supply the electric requirements of the Cooperative's members for the period May 1996 to April 2001.

The points of wholesale power receipt by SRVEA include Midpoint Substation, Drummond Substation, Borah Substation, Jefferson Substation, Kinport Substation, Goshen Substation and Amps Substation.

Delivery points for this request are the existing delivery points on Utah Power system to each of the members of the SRVEA.

SRVEA requests that the Utah Power and Light Company provide it with a service agreement for the wheeling service requested herein within thirty (30) days.

For the Board of Directors,

Del Ray Holm, President
SNAKE RIVER VALLEY ELECTRIC ASSOCIATION

cc: Frederick W. Buckman

759

**13586 North 45th East    *    Idaho Falls, Idaho 83401**

# APPENDIX D



'Utilities Purchasing
Public Interest
Above
Corporate Profits'

PLAINTIFF'S
EXHIBIT
1092

CONFIDENTIAL

To:     Board of Directors, SRVEA
        Charles Wheatley Jr.
        Lynn Marsing

From:   Carl Palmer

Date:   February 5, 1996

Subj:   Calls from UP&L/PacifiCorp

Gentlemen:

    Idaho Power has given us a 60 day extension on their power offer to us.
We are now working with them on a power agreement SRVEA can sign.

    Del Ray has been contacted twice by telephone by individuals from PacifiCorp
and UP&L respectively.  They wanted some general information.  I advised Del Ray
that if anyone contacts us verbally asking for any information; our reply at this
time should be a courteous...We are waiting for a written response to our letter
sent to John Mooney in UP&L dated December 18, and forwarded on January 2 to Dennis
Steinberg in PacifiCorp.  Until such time we have no authority to release any
information.

    What may seem to you the most trivial information given verbally over the
telephone can be used against us.  Calling is a good sign but we want to receive
the power company's intentions in writing.


# CARL PALMER & ASSOCIATES

Public Power Consultants
345 East 4500 South, Suite B
Salt Lake City, Utah 84107
(801) 268-3007

770

# Snake River Valley Electric Association

## *"Your Own Power System Serving You"*

February 5, 1996

Mr. Frank Vandersloot, President & CEO
Melaleuca Inc.
3910 South Yellowstone Hwy
Idaho Falls, Idaho 83402

Dear Mr. Vandersloot:

If you are a customer of Utah Power and Light in the Idaho Falls area,
The Snake River Valley Electric Association (SRVEA) is poised to offer an
alternative to that service.

Over 600 farmers and numerous businessmen on UP&L, over the last 5 years,
have helped organize and support this project of bringing in "other" power as
the electric utility industry moves toward deregulation.

Myrt Ogden suggested I contact you and explain the opportunities - especially
to commercial customers - of lower cost service from surrounding utilities that
have "hydro" based vs UP&L's "coal fired" power.

Engineering and feasibility studies have been completed. Articles of
incorporation and by-laws have been drawn up and filed. Financing and legal
expertise are on board. Individuals and business names are on file, supporting
SRVEA instead of UP&L. Contacts with UP&L and their mother company PacifiCorp
have been made. And most importantly, a lower cost, alternative, firm supply
of power has been offered to SRVEA.

I think you would be impressed with the work that has been completed, those
who are behind this project, and the alternative power resources now available
to you.

Next time I'm in the Idaho Falls area, I would be pleased to meet with you
and bring you up to date on the past and current plans of your SRVEA. Hopefully
you will join with us. I'll call you for an appointment.

Best regards,

Carl L. Palmer
Consultant to the SRVEA

cc: Myrt Ogden, President
    Intermountain Construction Co.

771

13586 N. 45th E.     •     Idaho Falls, Idaho 83401

# APPENDIX E



IDAHO POWER COMPANY
P.O. BOX 70
BOISE, IDAHO 83707

David C. Churchman
Ph. (208) 388-2931
Fax (208) 388-6915

June 21, 1996



PLAINTIFF'S
EXHIBIT
1096

R. Lynn Marsing
President
EGY Resource Development Corporation
Salt Lake City, Utah. 84107

Dear Lynn:

As a wholesale supplier of electricity, we welcome the opportunity to supply bulk power requirements to eligible wholesale customers. We appreciate your consideration of Idaho Power Company as a supplier of your customer's power supply requirements. Idaho Power will extend its offer to sell the power you have requested under the rates, terms and conditions of our proposal dated November 22, 1995. Idaho Power extends this offer through September 1, 1996.

Thank you for your consideration of Idaho Power and we look forward to doing business in the future.

Sincerely,

David C. Churchman
Wholesale Coordinator

860