Robert C. Huntley, ISB No. 894
Christopher F. Huntley ISB No. 6056
Huntley, Park, Thomas Burkett,
 Olsen & Williams, L.L.P.
250 So. 5th Street, Suite 660
P.O. Box 2188
Boise, ID  83702
Telephone: (208) 388-1230
Fax : (208) 388-0234

Charles F. Wheatley, Jr.
Wheatley & Ranquist
34 Defense Street
Annapolis, MD 21401
Telephone: (410) 266-7524
Fax:  (301) 261-8699

Attorneys for Snake River Valley Electric Association

U.S. COURTS
02 APR 15 PM 3: 12
REC'D_____
CAMERON S. BURKE
CLERK         IDAHO

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION, | ) ) ) ) |
| Plaintiff, | ) Case No. CV96-308-E-BLW ) |
| vs. | ) **SNAKE RIVER'S** ) **MEMORANDUM IN** |
| PACIFICORP (Including UTAH POWER & LIGHT COMPANY, a division) | ) **OPPOSITION TO** ) **PACIFICORP'S MOTION** ) **TO DISMISS OR TO** |
| Defendant, | ) **STRIKE PLAINTIFF'S** ) **CLAIM UNDER SECTION 3** |
| STATE OF IDAHO by and through Allen G. Lance, Attorney General | ) **OF THE CLAYTON ACT** ) ) |
| Defendant-Intervenor. | ) ) |

Snake River Valley Electric Association ("Snake River") hereby submits its Memorandum in Opposition to PacifiCorp's Motion to Strike Plaintiff's Claim Under Rule 12(b)(6) or alternatively, 12(f) of the Federal Rules of Civil Procedure.

PacifiCorp's motion should be stricken because it is out of time. The scheduling order issued by this Court on September 4, 2001 relating to the remanded proceedings from the Ninth Circuit set a deadline for dispositive motions:

> 4. <u>Dispositive Motion Deadline</u>: All dispositive motions <u>shall be filed by November 26, 2001.</u>

This clearly bars PacifiCorp's motion at this time. This case has been pending before the District Court since July 17, 1996 and PacifiCorp has improperly waited until the eve of trial, on remand from the Court of Appeals.[1] There is simply no justification for PacifiCorp's not complying with this Court's scheduling order.

Second PacifiCorp relies only on Rule 12 (b)(6) or Rule 12 (f) as a basis for its motion, which refer to pleadings made at the initiation of a case. For example Rule 12 (b)(6) permits raising of a defense before pleading. Third, no motion under Rule12 (b)(6) or Rule12 (f) is proper to resolve disputed issues of fact.

At the outset, PacifiCorp distorts plaintiff's complaint by referring only the paragraph 12(a) and completely ignores paragraph 12(b) which states as follows:

> (12) Defendant, in violation of Section 3 of the Clayton Act, 15 U.S. C. §14, has acted to substantially lessen competition and tended to create a monopoly by:
> \* \* \*

---

[1] The Court of Appeals expressly noted Snake River's claim under Section 3 of the Clayton Act, Snake River Valley Elec. Assn. v. PacifiCorp, 238 F3d 1189, 1190 (9th Cir.)(2001).

SRVEA's Memorandum in Opposition to PacifiCorp's Motion to Dismiss or to Strike Plaintiff's Claim Under Section 3 of the Clayton Act - 2

(b) restricting the sale of electricity to plaintiff on the condition that plaintiff not purchase or use the electricity and generation and transmission facilities of other utilities, where such other utilities are in competition with defendant;

The substance of this claim relates to the sale or contracts that PacifiCorp has with its members which preclude its members from taking power service from any alternate supplier, i.e. Snake River. This conflicts with the mandate of Section 3 of the Clayton Act:

> It shall be unlawful for any person engaged in commerce, in the course of such commerce, to lease or make a sale or contract for sale of goods - or other commodities, ....for consumption...within the United States...on the condition that the lessee or the purchaser thereof shall not use or deal in the...commodities of a competitor or competitors of the lessor or seller, with the effect of such lease, sale or contract for sale...may be to substantially lessen competition or tend to create a monopoly in any line of commerce.

15 U.S.C. §14. PacifiCorp's contract with its customers who are members of Snake River create a tying agreement which ties PacifiCorp's customers to acceptance of PacifiCorp's sale of power. The Ninth Circuit has long recognized that such tying can constitute a violation of Section 3 of the Clayton Act. A case earlier cited by PacifiCorp confirms that such tying arrangements can be a violation of Section 3:

> Phonetele alleges that AT&T violated Section 3 of the Clayton Act apparently by tying AT&T customers to acceptance of AT&T's interconnecting devices. Tying can constitute a per se violation of both Section 3 of the Clayton Act and Section 1 of the Sherman Act. *Seymour v. Jas. H. Matthews & Co.* 550 F2d 1207, 1211-1213 (9th Cir.)(1977)
> 
> \* \* \*
> 
> ...the Defendant, however has the burden of showing the tying was reasonable for the entire time it was in effect.

*Phonetelle Inc. v. American Tel & TelCo* 664 F.2d 716, 738-739 (9th Cir.)(1981).

Electricity has been ruled a number of times to be a commodity under Section 3 of the Clayton Act. *City of Kirkwood v. Union Electric Co.*, 671 F.2d 1173, 1181-1182 (8th Cir.)(1982);

SRVEA's Memorandum in Opposition to PacifiCorp's Motion to Dismiss or to Strike Plaintiff's Claim Under Section 3 of the Clayton Act - 3

*Town of Norwood, Mass v. Boston Edison Co.*, 676 F.Supp. 396, (D.Mass.)(1988); *City of Gainesville, Florida v. Florida Power and Light Co.*, 488 F.Supp. 1258, 1279-1283 (D.Fla)(1980); *Borough of Ellwood City v. Pennsylvania Power Co.*, 570 F.Supp. 553, 553-561(W.D.Pa.)(1983).

Contrary to PacifiCorp's claim, it has been held that an agreement between a Pennsylvania Utility which required it to take from a Maryland Utility all of its energy needed to fill contracts with third parties violates Section 3 of the Clayton Act. *Pennsylvania W.& P. Co. v. Consolidated G., E.L.& P Co.* 184 F2d 552, 559 (4th Cir.)(1950), *cert. denied* 340 U.S. 906; see also *Powers v. Nassau Development Corp*, 753 F.2d 457, 460, clarified on denial of rehearing 756 F.2d 1084 (5th cir.)(1985)(an agreement between a land development company and Houston Gas, a public utility, requiring all future purchase's of the land to obtain utility services exclusively from Houston Gas, violates Section 3 of the Clayton Act.); *Alabama Systems and Supply Co. v. SCM Corporation*, 415 F.2d 55, 61, 62, 64 (4th Cir.)(1969)(cert. denied) 397 U.S. 920, (an illegal tying arrangement under Section 3 of the Clayton Act may be shown to exist even where it is not imposed by means of an express contractual provisions and may be inferred by an extrinsic course of conduct supplementing the written contract.)

Plaintiff's Expert, Dr. Wilson's testimony establishes that PacifiCorp's requirement that its existing customers agree to purchase power only from it constitutes an improper tying arrangement to prevent competition from SRVEA on behalf of its members.

## CONCLUSION

For the above reasons, Snake River's Section 3 of the Clayton Act claim poses genuine issues of fact which preclude any motion to dismiss and should be denied.

SRVEA's Memorandum in Opposition to PacifiCorp's Motion to Dismiss or to Strike Plaintiff's Claim Under Section 3 of the Clayton Act - 4

DATED this 15th day of April, 2002.

Respectfully submitted,

_____
Charles F. Wheatley, Jr.
Wheatley & Ranquist
34 Defense Street
Annapolis, MD 21401
Telephone: (410) 266-7524
Facsimile: (301) 261-8699

_____
Robert C. Huntley, ISB No. 894
Huntley, Park, Thomas, Burkett.
  Olsen & Williams, L.L.P.
250 So. 5th Street, Suite 660
Boise, ID  83701
Telephone:  (208) 388-1230
Facsimile:   (208) 388-0234

Counsel for SRVEA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of April, 2002, a true and correct copy of the foregoing document was served on the below listed individuals by the method indicated below:

| | |
|---|---|
| Mary S. Hobson, ISB#2142<br>STOEL RIVES<br>101 South Capitol Blvd., Suite 1900<br>Boise, ID 83702<br>**Fax: 389-9040** | X Hand Delivered<br>___ U.S. Mail<br>___ Overnight Mail<br>___ Facsimile |
| John M. Eriksson, Esq.<br>STOEL RIVES<br>One Utah Center<br>201 S. Main St. Suite 1100<br>Salt Lake City, UT 84111<br>**Fax: 801-578-6999** | ___ Hand Delivered<br>___ U.S. Mail<br>___ Overnight Mail<br>X Facsimile |
| Brett T. DeLange<br>Deputy Attorney General<br>Consumer Protection Unit<br>Office of the Attorney General<br>Len B. Jordan Building, Lower Level<br>700 West Jefferson Street, Room 210<br>P. O. Box 83720<br>Boise, ID 83720-0010<br>**Fax: 334-2830** | X Hand Delivered<br>___ U.S. Mail<br>___ Overnight Mail<br>___ Facsimile |

_____
Charles F. Wheatley, Jr.
Robert C. Huntley