
ORIGINAL



David J. Jordan (Utah Bar #1751)
John M. Eriksson (Utah Bar #4827)
Marc T. Rasich (Utah Bar #9279)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328-3131

Mary S. Hobson (ISB #2142)
Erik F. Stidham (ISB #5483)
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, Idaho 83702-5958
Telephone: (208) 389-9000

Attorneys for Defendant
PacifiCorp

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICORP (including UTAH POWER & LIGHT, a division),<br><br>Defendant,<br><br>STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General,<br><br>Defendant-Intervenor. | Case No. 96-308-E-BLW<br><br>**PACIFICORP'S OPPOSITION TO: (i) SNAKE RIVER'S MOTION TO STRIKE VARIOUS EXPERT WITNESS DISCLOSURES, AND (ii) SNAKE RIVER'S MOTION TO EXCLUDE DEFENDANT'S EXHIBITS** |

PACIFICORP'S OPPOSITION TO: (i) SNAKE RIVER'S MOTION TO STRIKE VARIOUS EXPERT
WITNESS DISCLOSURES, AND (ii) SNAKE RIVER'S MOTION TO EXCLUDE DEFENDANT'S
EXHIBITS - 1
SaltLake-170516.1 0019436-00149



## I. INTRODUCTION

Following this Court's order striking portions of the expert report of Dr. Slaughter, Snake River has filed a barrage of motions including: (1) a notice of possible fraud or misrepresentation on the Court (and a supplement thereto); (2) a motion to strike all or some portion of the testimony of all of PacifiCorp's experts and to strike the testimony of five additional witnesses ("Motion to Strike"); and (3) a motion to exclude all of PacifiCorp's exhibits. None of Snake River's motions have merit.[1]

In its Motion to Strike, Snake River claims that the Supplement to the expert report of Adam Jaffe, the expert report of Al Vondra, and the amended expert report of Jack Stamper (collectively, the "Reports") must be stricken because PacifiCorp did not disclose them in a timely fashion. The true facts, however, are that PacifiCorp disclosed the Reports within the time frame agreed to by counsel. Indeed, counsel for Snake River acknowledged the agreement in open court less than a week prior to filing its motion.

Further, the Amended Report of Jack Stamper was served approximately two weeks after Mr. Stamper received new information from Snake River; and it has the net effect of reducing the charges that Snake River would have had to pay for the wheeling services it allegedly sought from PacifiCorp. PacifiCorp expressly reserved the right to supplement or amend its reports in light of new information provided by Snake River in the parties stipulation filed and approved by the Court. The Amended Stamper Report is just such an amendment and was served within the time framed agreed to by counsel. Moreover, Snake

River has had the original Stamper Report since January, but never indicated any desire to take his deposition. Snake River cannot possibly claim that it is somehow prejudiced now by an amendment that adds no new theory or methodology to that original report.

Snake River also claims in its Motion to Strike, that the testimony of John Mooney, Verl Topham, State Senator Lee, State Representative Reybold, and Commissioner Smith[2] should be precluded because they are undisclosed experts who will testify about a public policy that can only be gleaned from the language of a statute that already has been rejected as a basis for state action immunity by the Ninth Circuit. The witnesses, however, who will provide fact, not expert, testimony, can properly testify regarding their understanding of Idaho public policy, and will support PacifiCorp's regulatory justification claim, not a claim for state action immunity.

Thus, Snake River's motion to strike should be denied.

Finally, in its Motion to Exclude, Snake River argues that all of PacifiCorp's exhibits should be excluded because PacifiCorp failed to produce a single page of the single exhibit that Snake River did not have already. PacifiCorp, however, sent Snake River that page, along with additional copies of every exhibit unique to PacifiCorp's list, as soon as it discovered the inadvertence. Snake River has had those additional copies since April 9, 2002.

---

[1] The merits of the notice of possible fraud upon or misrepresentation on the Court is addressed in a separate brief filed previously.

[2] PacifiCorp has decided not to call Senator Lee, Representative Reybold or Commissioner Smith.

PACIFICORP'S OPPOSITION TO: (i) SNAKE RIVER'S MOTION TO STRIKE VARIOUS EXPERT WITNESS DISCLOSURES, AND (ii) SNAKE RIVER'S MOTION TO EXCLUDE DEFENDANT'S EXHIBITS - 2
SaltLake-170516.1 0019436-00149

## II. STATEMENT OF FACTS

As the Court is aware, in September 2001, the Court set a December 21, 2001 deadline for the disclosure of expert testimony by Snake River, including the disclosure of the expert reports described in Rule 26(a)(2)(B). The Court set PacifiCorp's disclosure deadline for one month thereafter on January 22, 2002.

On December 22, 2001, Snake River served PacifiCorp with the expert report of Richard A. Slaughter, Ph.D. (the "Original Slaughter Report"). *See* Affidavit of Mary Hobson, filed in support of PacifiCorp's Motion to Strike Portions of the Slaughter Report, Hobson Aff., Ex. G. As this Court already has determined, the Original Slaughter Report did not meet the requirements of Rule 26(a)(2)(B). *Id*; Memorandum Decision and Order dated April 8, 2002.

After receiving the Original Slaughter Report, PacifiCorp sent a January 8, 2002 letter to Snake River noting the report's deficiencies and asking that the report be brought into compliance with Rule 26(a)(2)(B). Hobson Aff., Ex. H. On January 15, 2002, Snake River responded by stating that "Dr. Slaughter's present report is proper." Hobson Aff., Ex. I. PacifiCorp wrote Snake River on January 18, 2002, reiterating its objections to the Original Slaughter Report and stating that <u>the inadequacies of the report prevented PacifiCorp's experts from properly preparing their reports</u> and that PacifiCorp would be forced to move to strike the report. Hobson Aff., Ex. J. (Emphasis added).

Counsel for Snake River subsequently telephoned counsel for PacifiCorp to discuss a stipulation that would permit additional time for Snake River to provide a report that

complied with the requirements of Rule 26. Rasich Aff., ¶ 2. During the course of that and follow-up conversations, counsel for PacifiCorp made it clear that PacifiCorp would only agree to the requested extension with a commitment by Snake River to: (i) provide complete, non-evasive responses to discovery that PacifiCorp deemed essential to the preparation of its defense and the preparation of its experts' reports; and (ii) allow PacifiCorp the same 30-day window that PacifiCorp had under the original scheduling order to file its expert reports after receipt of compliant Snake River reports. *Id.* During the course of those conversations, counsel for PacifiCorp also expressly stated that PacifiCorp would have an additional expert to rebut Snake River's damage claims. *Id.*

The parties documented their agreement in the January 22nd Stipulation that was subsequently approved by the Court and which included the following provisions:

> 1. Plaintiffs will provide complete, non-evasive responses and/or supplemental responses to PacifiCorp's First, Second and Third Sets of Interrogatories and First Set of Requests for Admission, and will produce *all* non-privileged documents responsive to PacifiCorp's First, Second, Third, and Fourth Set of Requests for Production, regardless of any claim by Snake River that such documents have been produced or made available previously, by February 14, 2002;
>
> * * *
>
> 3. As to those expert disclosures which are ready at the present time, PacifiCorp will forward them to Plaintiffs, reserving the right to modify and/or supplement them in light of further information provided by Snake River pursuant to this stipulation and/or in light of Snake River's revised/supplemented expert opinions;
>
> 4. PacifiCorp reserves the right to provide additional expert reports within the time frame set forth below;

     5.    Plaintiffs' experts, Dr. Richard Slaughter, Dr. John W. Wilson and Anton Tone will provide their revised, updated, and final reports by February 21, 2002;

     6.    PacifiCorp will serve its final reports on or before March 21, 2002.

Rasich Aff., Ex. A. (Emphasis added.)

As the Court knows, after entering the stipulation, Dr. Slaughter required additional time to complete his report. Rasich Aff., ¶ 4. Consequently, counsel for PacifiCorp and counsel for Snake River agreed that the deadlines in the Stipulation would be extended by two weeks. *Id.* This gave Dr. Slaughter until March 7, 2002, to serve his report, and gave PacifiCorp's experts the 30 days previously set by the court and agreed upon by the parties to file their reports. *Id.* Counsel for PacifiCorp confirmed the agreement — i.e., that PacifiCorp would have a month within which to provide its expert reports — in a letter sent to counsel for Snake River on March 4, 2002. *Id.*, Ex. B. Counsel for Snake River did not dispute counsel for PacifiCorp's description of the agreement. *Id.* Indeed, counsel for Snake River <u>confirmed</u> the existence of the agreement during the oral argument on PacifiCorp's motion to strike portions of Dr. Slaughter's expert report held on April 5, 2002:

> Now, during Dr. Slaughter's deposition, [PacifiCorp] brought a man out from Cleveland, Ohio, Al Vondra from PriceWaterHouse Coopers, and he's supposed to be the man to oppose Dr. Slaughter . . . . Now, due to working this out — and I appreciate counsel saying it's nice that we can rely on each other, they've known since the beginning that Dr. Slaughter had to have this data to finalize his report and <u>we've agreed that Mr. Vondra's report, which we don't have his computation yet, is due on Sunday and perhaps we'll get it on Monday</u>.

Rasich Aff., ¶ 5, Ex. C (13:17-14:8). (Emphasis added).

III. ARGUMENT

    A. **PacifiCorp Served the Vondra Report, the Supplement to the Jaffe Report and the Amended Stamper Reports Within the Time Frame Agreed to by Counsel**

Snake River contends that PacifiCorp never asked for nor was given any extension of time beyond the March 21st deadline set forth in the parties' stipulation to provide its rebuttal reports regarding damages. Motion, pp. 4, 5. Not true. As discussed above, counsel for Snake River and counsel for PacifiCorp agreed that the deadlines set forth in the parties' stipulation would be extended by two weeks, making Dr. Slaughter's report due on or about the 7th of March and PacifiCorp's reports due on or about April 7th. Rasich Aff., ¶ 4. Counsel for PacifiCorp confirmed his understanding of the agreement in a letter dated March 4th. Rasich Aff., ¶ 4, Ex. B. Counsel for Snake River did not dispute the stated deadline for filing PacifiCorp's reports. *Id.* Indeed, counsel for Snake River <u>admitted</u> that the parties reached this agreement at the hearing on PacifiCorp's motion to strike. Rasich Aff., ¶ 5, Ex. C (13:17-14:8).

As Snake River's counsel acknowledges, counsel for the parties specifically agreed on a due date for defendant's expert reports. PacifiCorp abided by the terms of that agreement by it serving its reports on Monday, April 8, 2002 – one month after receiving the New Slaughter Report and two weeks after receiving a revision to that report. Rasiff Aff, ¶ 6. Counsel for Snake River's claim to the contrary is baseless.

### B. PacifiCorp Filed the Amended Stamper Report in Accordance with Terms of the Parties Stipulation

As discussed above and as clearly expressed in the parties stipulation, PacifiCorp expressly reserved the right to amend its reports in light of new information provided by Snake River. Rasich Aff., Ex. A. In Section II of his Amended Report, Mr. Stamper states that the amended report was necessary to reflect (a) corrections to the distribution charges in his original report (calculations which decrease these charges from $7.90 to $6.84 per kw/m); and (b) to incorporate new information provided by Snake River in (i) its Second Supplement to PacifiCorp's First and Third Sets of Interrogatories dated March 8, 2002, and (ii) in the deposition of Dr. Slaughter taken on March 19, 2002. See Rasich Aff., Exhibit D (Amended Report Jack Stamper at p. 2.) PacifiCorp served the Amended Stamper Report just over two weeks after Mr. Stamper received the final piece of information from Snake River which permitted Mr. Stamper to complete the modification of his report. Rasich Aff., ¶ 6. It was served within the time frame agreed to by counsel and, in any event, is a proper supplementation under Rule 26(e) of the Federal Rules of Civil Procedure.[3]

---

[3] Rule 26(e) provides in pertinent part that:

> A party who has made a disclosure under subdivision (a) . . . is under a duty to supplement or correct the disclosure . . . to include information thereafter acquired . . . .

Fed. R. Civ. P. 26(e)(1).

The Amended Stamper Report was served in accordance with PacifiCorp's obligations under this Rule.

PACIFICORP'S OPPOSITION TO: (i) SNAKE RIVER'S MOTION TO STRIKE VARIOUS EXPERT WITNESS DISCLOSURES, AND (ii) SNAKE RIVER'S MOTION TO EXCLUDE DEFENDANT'S EXHIBITS - 7
SaltLake-170516.1 0019436-00149

Moreover, Snake River can show no possible prejudice stemming from the Amended Stamper Report. That report <u>reduces</u> the distribution charges that Snake River would have been required to pay for the wheeling services it allegedly sought. *See* Rasich Aff., Ex. D. Otherwise, it does little more than incorporate the information belatedly provided to PacifiCorp by Snake River — information which Snake River's own expert used in his own second supplemental report, served on March 27, 2002. Rasich Aff., ¶ 6. Prior to filing its motion to strike, Snake River had never indicated any desire to take Mr. Stamper's deposition, though it has had his original report since January. Snake River should not be heard to argue, now, that it is somehow prejudiced by an amended report that reduces the amount to be charged Snake River for distribution but does not change the analysis/methodology for reaching that conclusion, because it has not had the opportunity to take his deposition.

        C.      **Mooney and Topham Are Fact, Not Expert, Witnesses, Who Are Competent to Testify About Their Role in This Case and About Their Understanding of Idaho Public Policy**

Snake River contends that John Mooney and Verl Topham, both of whom were disclosed on PacifiCorp's witness list, should be stricken because (i) they were not designated as experts in January or March; (ii) public policy can be determined only by the express language of the applicable legislation itself; and (iii) their testimony is offered only to encourage the jury to disregard the Ninth Circuit's decision on State Action Immunity. Snake River is incorrect on all counts. Motion, at pp. 5-6.

First, these witnesses are not expected to provide expert testimony. John Mooney is a former vice-president of PacifiCorp and Verl Topham is the former general counsel for PacifiCorp. Both witnesses were the authors or recipients of correspondence identified as exhibits in this case and both were involved in establishing the positions PacifiCorp has taken in this case. Their testimony is factual not expert and, therefore, cannot be stricken on the grounds that they were not disclosed in January or March.

Second, John Mooney and Verl Topham are not testifying regarding Idaho public policy, they are testifying about PacifiCorp's understanding of that policy and the positions PacifiCorp has taken in this litigation in light of that understanding.

Third, the testimony of these witnesses relates to regulatory justification <u>not</u> state action immunity. The concepts are distinct. *See* Phonetele, Inc. v. AT&T Co., 664 F.2d 716, 737-38 (9th Cir. 1981). While the Ninth Circuit has ruled on one of those concepts under pre-amendment ESSA (state action immunity), it has not ruled on the other (regulatory justification). There is no basis for striking testimony that could provide support to both.

### D. PacifiCorp's Exhibits Should Not be Excluded Because PacifiCorp Inadvertently Failed to Send Snake River One Page of One Exhibit Until April 8th

Snake River contends that all of PacifiCorp's exhibits should be excluded because of PacifiCorp's failure to comply with the Court's scheduling order. PacifiCorp, however, submitted its exhibit list on April 2nd in accordance with the Court's scheduling order. All of the exhibits on that list with the exception of one page of one exhibit, had been produced

to Snake River previously. Rasich Aff., ¶ 8. PacifiCorp inadvertently failed to send Snake River a copy of one page, which only identified recipients of copies of a letter to which that page was attached. Regardless, when it discovered the inadvertence, PacifiCorp promptly sent Snake River a copy of the single page of the single exhibit that Snake River did not have. *Id.* The document was served by fax and Federal Express on April 8, 2002. *Id.*

## IV.   CONCLUSION

For all the foregoing reasons, Snake River's Motion to Strike Expert Testimony and Motion to Exclude Exhibits should be denied.

DATED: April 16th, 2002.

STOEL RIVES LLP

David J. Jordan
John M. Eriksson
Marc T. Rasich
Mary S. Hobson
G. Rey Reinhardt
Attorneys for Defendant PacifiCorp

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of April, 2002, I caused to be served the foregoing **PACIFICORP'S OPPOSITION TO: (i) SNAKE RIVER'S MOTION TO STRIKE VARIOUS EXPERT WITNESS DISCLOSURES, AND (ii) SNAKE RIVER'S MOTION TO EXCLUDE DEFENDANT'S EXHIBITS** via facsimile and U.S. Mail upon the following:

Robert C. Huntley
Christopher F. Huntley
HUNTLEY, PARK, THOMAS BURKETT,
  OLSEN & WILLIAMS, LLP
250 So. 5th Street, Suite 660
P.O. Box 2188
Boise, ID 83702

Brett DeLange
Deputy Attorney General
700 W. Jefferson St., Rm. 210
P.O. Box 83720
Boise, ID 83720-0010

Charles F. Wheatley, Jr.
Timothy P. Ingram
WHEATLEY & RANQUIST
34 Defense Street
Annapolis, MD 21401

By [signature]