

ORIGINAL

David J. Jordan (Utah Bar #1751)
John M. Eriksson (Utah Bar #4827)
Marc T. Rasich (Utah Bar #9279)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328-3131

Mary S. Hobson (ISB #2142)
Erik F. Stidham (ISB #5483)
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, Idaho 83702-5958
Telephone: (208) 389-9000

Attorneys for Defendant
PacifiCorp

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICORP (including UTAH POWER & LIGHT, a division),<br><br>Defendant,<br><br>STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General,<br><br>Defendant-Intervenor. | Case No. 96-308-E-BLW<br><br>**PACIFICORP'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE RE EVIDENCE PERTAINING TO ITS OFFER TO STEP INTO ENRON'S SHOES** |

PacifiCorp has moved to exclude evidence or arguments Snake River may seek to introduce that would reveal or otherwise rely on the fact that PacifiCorp had conditionally offered to discharge the duties of Enron Power Marketing, Inc. ("Enron") under the February 1997 Power Purchase and Sale Agreement between Enron and Snake River. Such evidence and arguments would be not only irrelevant but unfairly prejudicial. Snake River argues that PacifiCorp's offer is relevant to prove that PacifiCorp both knew of and refused Snake River's request for wheeling of Enron's power. Snake River is mistaken.

Snake River claims that the offer "refutes" PacifiCorp's contention that it did not refuse a request for wheeling from Snake River. Not true. PacifiCorp's offer was contingent on Snake River's ability to obtain an injunction from this Court requiring PacifiCorp to wheel in the future. Based upon the state action immunity doctrine, this Court granted PacifiCorp's motion for summary judgment and dismissed Snake River's claim for injunctive relief. Accordingly, PacifiCorp's contingent offer is now moot. Moreover, it is simply nonsensical for Snake River to argue that a stipulation made to the Court at a December 1997 hearing, regarding a contract entered into in 1997, supports Snake River's claim that PacifiCorp had refused to wheel prior to the filing of this lawsuit in July 1996.

Snake River also asserts that PacifiCorp's offer, once cited by this Court and the Ninth Circuit, became "law of the case" and tantamount to "civil proceedings and judgments." (Mem. in Opp. at 3.) PacifiCorp's conditional offer, however, could not be "law of the case," because the offer is merely an underlying fact — a fact that PacifiCorp does not dispute, but one that is irrelevant to the issues of the case and one that would be unfairly prejudicial to PacifiCorp.

PacifiCorp thus respectfully requests that its motion to exclude evidence and argument pertaining to the conditional offer to step into Enron's shoes be granted.

DATED: May 2, 2002.

STOEL RIVES LLP

David J. Jordan
John M. Eriksson
Marc T. Rasich
G. Rey Reinhardt
Attorneys for Defendant PacifiCorp

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _2_ day of May, 2002, I caused the foregoing PACIFICORP'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE RE EVIDENCE PERTAINING TO ITS OFFER TO STEP INTO ENRON'S SHOES to be served:

via hand-delivery to the following:

>Robert C. Huntley
>Christopher F. Huntley
>Huntley, Park, Thomas, Birkett,
> Olsen & Williams, L.L.P.
>250 So. 5th Street, Suite 660
>P.O. Box 2188
>Boise, Idaho 83702

>Brett DeLange
>Deputy Attorney General
>Consumer Protection Unit
>Office of the Attorney General
>700 W. Jefferson St., Rm. 210
>P.O. Box 83720
>Boise, ID 83720-0010

and mailed, postage prepaid, to:

>Charles F. Wheatley, Jr.
>Wheatley & Ranquist
>34 Defense Street
>Annapolis, MD 21401

By: _____