David J. Jordan (1751)
John M. Eriksson (4827)
Marc T. Rasich (9279)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328-3131

Mary S. Hobson
Erik F. Stidham
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, Idaho 83702-5958
Telephone: (208) 389-9000

Attorneys for Defendant
PacifiCorp

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICORP (including UTAH POWER & LIGHT, a division),<br><br>Defendant,<br><br>STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General,<br><br>Defendant-Intervenor. | Case No. 96-308-E-BLW<br><br>**PACIFICORP'S REPLY IN SUPPORT OF ITS MOTIONS IN LIMINE RE EVIDENCE PERTAINING TO MATTERS ON WHICH SUMMARY JUDGMENT HAS BEEN GRANTED** |

PacifiCorp has moved to exclude evidence and arguments that pertain *solely* to issues on which the Court already has granted summary judgment to PacifiCorp (or that otherwise have been waived). Such evidence and arguments are by definition irrelevant as well as unfairly prejudicial of PacifiCorp's case and wasteful of the Court's time. Snake River opposes this motion on ground that evidence and arguments relating to the matters thus disposed of are relevant to the few issues remaining to be tried.[1] Specifically, Snake River maintains that PacifiCorp's refusal to provide services or to sell facilities that PacifiCorp was within its rights in refusing to provide or to sell somehow sheds light on PacifiCorp's alleged refusal to wheel power despite some purported legal duty to do so. (Mem. in Opp. at 3.) Lawful conduct, however, cannot realistically establish an incidence of unlawful conduct.

Snake River also apparently seeks to introduce evidence regarding PacifiCorp's efforts (or lack thereof) to provide wheeling services to new Snake River customers who reside outside PacifiCorp's current service area. (Mem. in Opp. at 2-3.) Of course, this issue also has been decided previously in PacifiCorp's favor and, again, is entirely extraneous to Snake River's desire to obtain wheeling services to pre-existing customers within PacifiCorp's service area — the only claim remaining to be tried.

Snake River also requests trial of PacifiCorp's liability for antitrust violations allegedly occurring after December 8, 2000, the date on which, as this Court already has

---

[1] To the extent that this were true with respect to any particular evidence, that evidence would by definition not be subject to PacifiCorp's motion insofar as it rests on Rule 402.

PACIFICORP'S REPLY IN SUPPORT OF ITS MOTIONS IN LIMINE RE EVIDENCE PERTAINING
TO MATTERS ON WHICH SUMMARY JUDGMENT HAS BEEN GRANTED - Page 2
Portlnd3-1381186.1 0058802-00110

ruled, PacifiCorp's state-action immunity to the antitrust laws arose. (Mem. in Opp. at 2.) PacifiCorp obviously objects to this attempt to ignore the Court's summary judgment ruling. The whole point of summary judgment is to avoid the expense of needless litigation. It is contrary to the existence of that procedure to proceed to try an issue thereby disposed of in the hopes of sparing the *losing* party any inconvenience that might attend a theoretically possible second trial.

Regardless, evidence of prior conduct should be excluded if it is more prejudicial than probative or if it is wasteful of this Court's time. *See* Fed. R. Evid. 403. Such considerations compelled the court in *Florida Fuels v. Belcher Oil Co.*, 717 F. Supp. 1528 (S.D. Fla. 1989), to exclude evidence that the defendant had *lawfully* refused to deal with the plaintiff from the trial of the plaintiff's remaining antitrust claim. Snake River attempts to distinguish *Florida Fuels* by pointing out that on summary judgment the court found that the defendant did not control essential facilities. (Mem. in Opp. at 5.) The defendant's lack of control of essential facilities was only relevant, however, to the court's conclusion that the defendant's refusal to deal was lawful. *See* 717 F. Supp. at 1536-37. It was not relevant to the court's ruling that evidence of the refusal to deal would be unduly prejudicial in the trial of the plaintiff's pending antitrust claim. Thus, the fact that this Court has not reached a conclusion regarding ownership of essential facilities does not compel a different result.

For the foregoing reasons, PacifiCorp respectfully requests that its motion be granted.

DATED: May 3, 2002.

STOEL RIVES LLP

David J. Jordan
John M. Eriksson
Marc T. Rasich
G. Rey Reinhardt
Attorneys for Defendant PacifiCorp

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3 day of May, 2002, I caused the foregoing PACIFICORP'S REPLY IN SUPPORT OF ITS MOTIONS IN LIMINE RE EVIDENCE PERTAINING TO MATTERS ON WHICH SUMMARY JUDGMENT HAS BEEN GRANTED to be served:

via hand-delivery on May 3, 2002 to the following:

> Robert C. Huntley
> Christopher F. Huntley
> Huntley, Park, Thomas, Birkett,
>  Olsen & Williams, L.L.P.
> 250 So. 5th Street, Suite 660
> P.O. Box 2188
> Boise, Idaho 83702
>
> Brett DeLange
> Deputy Attorney General
> Consumer Protection Unit
> Office of the Attorney General
> 700 W. Jefferson St., Rm. 210
> P.O. Box 83720
> Boise, ID 83720-0010

and mailed, postage prepaid, to:

> Charles F. Wheatley, Jr.
> Wheatley & Ranquist
> 34 Defense Street
> Annapolis, MD 21401

By: _[signature]_