David J. Jordan (1751)
John M. Eriksson (4827)
Marc T. Rasich (9279)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Sale Lake City, Utah 84111
Telephone: (801) 328-3131

Mary S. Hobson
Erik F. Stidham
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702-5958
Telephone: (208) 389-9000

Attorneys for PacifiCorp

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICORP (including UTAH POWER & LIGHT, a division),<br><br>Defendant,<br><br>STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General,<br><br>Defendant-Intervenor. | Case No. 96-308-E-BLW<br><br>**REPLY MEMORANDUM IN SUPPORT OF PACIFICORP'S MOTION TO EXCLUDE EVIDENCE OF WHEELING AGREEMENT WITH THIRD PARTIES** |

In its moving papers, PacifiCorp argued that Snake River should be precluded from presenting evidence or testimony regarding agreements entered into by PacifiCorp with third parties to transmit power at distribution level voltages unless Snake River could establish that

REPLY MEMORANDUM IN SUPPORT OF PACIFICORP'S MOTION TO
EXCLUDE EVIDENCE OF WHEELING AGREEMENT WITH THIRD PARTIES - Page 1

SEATTLE 1379987.1 58802-0110

the service provided under those transactions was substantially similar to that requested by Snake River. PacifiCorp argued that the service it provides to various third parties is dramatically different from that requested by Snake River and thus the terms of PacifiCorp's agreements with those third parties is both irrelevant and likely to confuse the jury to the prejudice of PacifiCorp. *See Rangen v. Valley Trout Farms, Inc.*, 658 P2d 961 (Idaho 1983); *Minnesota Farm Bureau v. North Dakota Agricultural Marketing*, 563 F2d 906, 94 (8th Cir 1977).

Snake River does not dispute these basic facts, it ignores them. Instead, in an apparent attempt to improperly argue its own belated motion in limine, Snake River claims that PacifiCorp is barred from presenting any evidence of any applicable rate by the filed rate doctrine. (Opp. Memo at 2.) Snake River is mistaken. This case is not about a utility company's attempt to raise its rates after an agreement has been reached — the filed rate doctrine might prohibit such an increase in some circumstances. Here, there is no wheeling agreement. The parties differ as to the reason for that fact, but do not dispute the fact itself. Regardless of the reason, no agreement was reached and PacifiCorp is not seeking to retroactively increase its rates under that agreement. Thus, the filed rate doctrine does not apply.

In contrast, Snake River is seeking damages it purportedly suffered by calculating lost profits in a hypothetical world in which an agreement was reached to provide service that PacifiCorp has never provided before. Obviously, PacifiCorp would have had a rate in that hypothetical situation and Snake River's purported damages should be offset using that rate. Snake River is entitled to cross-examine PacifiCorp on the calculation of that rate with relevant evidence — i.e., instances where PacifiCorp provided similar services for less or free of charge — something it cannot do. But it is not entitled to cross-examine with evidence of agreements for dissimilar services with dissimilar third parties, i.e., PacifiCorp's agreement

REPLY MEMORANDUM IN SUPPORT OF PACIFICORP'S MOTION TO
EXCLUDE EVIDENCE OF WHEELING AGREEMENT WITH THIRD PARTIES - Page 2

with UAMPS. Such evidence is irrelevant, likely to confuse the jury and unfairly prejudice PacifiCorp.

Snake River also argues that the $.75 rate charged to UAMPS is part of Snake River's "basic evidence demonstrating that PacifiCorp refused to wheel for Snake River." (Opp. Memo. at 2.) This argument puts the cart before the horse. PacifiCorp could not have filed a rate for the services Snake River sought until those services were spelled out by Snake River and an agreement was reached. Since Snake River never filled out an application, and never identified for PacifiCorp the specific services sought, no agreement was reached. Thus, no rate was filed. The fact that no rate was filed might tend to show that no agreement was reached — an undisputed fact — but it has no tendency to show why no agreement was reached — the disputed fact. Thus, the existence of PacifiCorp's wheeling agreements with dissimilar third parties such as UAMPS is irrelevant and unduly prejudicial. Evidence or testimony regarding such agreements should be stricken in limine.

Dated: May 3, 2002

STOEL RIVES LLP

_____
David J. Jordan
John M. Eriksson
Marc T. Rasich
G. Rey Reinhardt
Attorneys for PacifiCorp

**REPLY MEMORANDUM IN SUPPORT OF PACIFICORP'S MOTION TO
EXCLUDE EVIDENCE OF WHEELING AGREEMENT WITH THIRD PARTIES - Page 3**

SEATTLE 1379987.1 58802-0110

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of May, 2002, I served a true and correct copy of **REPLY MEMORANDUM IN SUPPORT OF PACIFICORP'S MOTION TO EXCLUDE EVIDENCE OF WHEELING AGREEMENT WITH THIRD PARTIES** in the above-entitled matter as follows:

| | |
|---|---|
| Robert C. Huntley<br>Christopher F. Huntley<br>Huntley, Park, Thomas, Birkett,<br> Olsen & Williams, L.L.P.<br>250 So. 5th Street, Suite 660<br>P.O. Box 2188<br>Boise, Idaho 83702 | [ ] Via Facsimile<br>[ ] Via U.S. Mail Service<br>[ ] Via Overnight Delivery Service<br>[√] Via Hand Delivery |
| Brett DeLange<br>Deputy Attorney General<br>Consumer Protection Unit<br>Office of the Attorney General<br>700 W. Jefferson St., Rm. 210<br>P.O. Box 83720<br>Boise, ID 83720-0010 | [ ] Via Facsimile<br>[ ] Via U.S. Mail Service<br>[ ] Via Overnight Delivery Service<br>[√] Via Hand Delivery |
| Charles F. Wheatley, Jr.<br>Wheatley & Ranquist<br>34 Defense Street<br>Annapolis, MD 21401 | [ ] Via Facsimile<br>[√] Via U.S. Mail Service<br>[ ] Via Overnight Delivery Service<br>[ ] Via Hand Delivery |

G.Rey Reinhardt, IV

REPLY MEMORANDUM IN SUPPORT OF PACIFICORP'S MOTION TO
EXCLUDE EVIDENCE OF WHEELING AGREEMENT WITH THIRD PARTIES - Page 4

SEATTLE 1379987.1 58802-0110