

ORIGINAL

David J. Jordan (1751)
John M. Eriksson (4827)
Marc T. Rasich (9279)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328-3131

Mary S. Hobson (ISB #2142)
Erik F. Stidham (ISB #5483)
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, Idaho 83702-5958
Telephone: (208) 389-9000

Attorneys for Defendant
PacifiCorp

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICORP (including UTAH POWER & LIGHT, a division),<br><br>Defendant,<br><br>STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General,<br><br>Defendant-Intervenor. | Case No. 96-308-E-BLW<br><br>**PACIFICORP'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE RE EVIDENCE PERTAINING TO SNAKE RIVER MEMBERS' OWNERSHIP OF PACIFICORP LINE EXTENSIONS** |



PacifiCorp moves to exclude, on relevance grounds, any evidence that plaintiff Snake River Valley Electric Association ("Snake River") might offer supporting its claim that several of its members own extensions of transmission lines from PacifiCorp's service grid to the members' property. In opposition, Snake River concedes that ownership of the line extensions "is irrelevant." (Memo. in Opp. 2.) Snake River's concession establishes that it cannot be permitted to dispute PacifiCorp's ownership of the line extensions. *See* Fed. R. Evid. 402 (barring admission of irrelevant evidence).

Snake River nevertheless maintains that evidence of its members' contributions of some portion of the funds necessary to erect the line extensions is relevant to issues at trial, because it bears on the reasonableness of hypothetical transmission charges that PacifiCorp is entitled to offset against Snake River's alleged damages. This proposition is disingenuous. The reasonableness of a utility's rates are not based on the costs that the consumer bears. Consequently, while Snake River would have latitude to present evidence relating to PacifiCorp's costs of erecting and maintaining the line extensions, it should not be permitted to offer proof that its members paid any part of the cost of those extensions. Moreover, such an assertion assumes facts that Snake River cannot prove[1], is irrelevant and is unfairly prejudicial. *See* Fed. R. Evid. 403.

Snake River also argues that the "filed-rate doctrine" should preclude PacifiCorp from establishing any distribution charge as an offset against Snake River's alleged damages.[2] This is so, Snake River argues, because PacifiCorp has never sought FERC's approval of such a

---

[1] Despite specific requests directed at the issue, Snake River has produced no evidence of the portions of PacifiCorp's system for which its members allegedly paid, nor any evidence of such purported payments.

charge for Snake River and the filed rate doctrine precludes levying rates that have not been previously approved and published. This argument turns the filed-rate doctrine on its head. That doctrine exists to prevent price-discrimination by requiring common carriers to post their prices for certain services and to charge them precisely. *See Brown v. MCI Worldcom Network Servs., Inc.*, 277 F.3d 1166, 1170 (9th Cir. 2002). Snake River seeks merely to obtain a rate for transmission services that no one else in the market would ever receive—that is, no charge at all. This outcome is precisely what the filed-rate doctrine was established to preclude.[3] *See id.* ("Neither the carrier *nor its customers* may deviate from the tariff.") (Emphasis added.)

For the foregoing reasons, PacifiCorp respectfully requests that its motion be granted.

DATED: May 3, 2002.          STOEL RIVES LLP

                              _____
                              David J. Jordan
                              John M. Eriksson
                              Marc T. Rasich
                              G. Rey Reinhardt
                              Attorneys for Defendant PacifiCorp

---

[2] This argument is simply an untimely and improper motion in limine that does not address the merits of PacifiCorp's motion. It should be disregarded on those grounds alone.

[3] Snake River's contention that FERC has jurisdiction to review and approve wholesale transmission rates, (Memo. in Opp. at 3), is not disputed. It is also wholly unrelated to the Idaho Public Utility Commission's power to determine the ownership of distribution lines used by utilities within its jurisdiction.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 3, 2002, I caused the foregoing PACIFICORP'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE RE EVIDENCE PERTAINING TO SNAKE RIVER MEMBERS' OWNERSHIP OF PACIFICORP LINE EXTENSIONS to be served:

via hand-delivery to the following:

>Robert C. Huntley
>Christopher F. Huntley
>Huntley, Park, Thomas, Birkett,
> Olsen & Williams, L.L.P.
>250 So. 5th Street, Suite 660
>P.O. Box 2188
>Boise, Idaho  83702
>
>Brett DeLange
>Deputy Attorney General
>Consumer Protection Unit
>Office of the Attorney General
>700 W. Jefferson St., Rm. 210
>P.O. Box 83720
>Boise, ID 83720-0010

and mailed, postage prepaid, to:

>Charles F. Wheatley, Jr.
>Wheatley & Ranquist
>34 Defense Street
>Annapolis, MD  21401

By: _____