

ORIGINAL

David J. Jordan (1751)
John M. Eriksson (4827)
Marc T. Rasich (9279)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328-3131

Mary S. Hobson
Erik F. Stidham
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID  83702-5958
Telephone:  (208) 389-9000

    Attorneys for PacifiCorp

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFICORP (including UTAH POWER & LIGHT, a division),<br><br>    Defendant,<br><br>STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General,<br><br>    Defendant-Intervenor. | Case No. 96-308-E-BLW<br><br>**REPLY IN SUPPORT OF PACIFICORP'S MOTION TO EXCLUDE EVIDENCE OF ACTIONS OF PACIFICORP BEFORE OCTOBER 3, 2000** |

    PacifiCorp has moved in limine to preclude Snake River from introducing evidence or argument of alleged wrongful conduct or damages resulting therefrom prior to October 3, 2000.  PacifiCorp based its motion on the ground that controlling law of this case

**REPLY IN SUPPORT OF PACIFICORP'S MOTION TO EXCLUDE EVIDENCE OF ACTIONS OF PACIFICORP BEFORE OCTOBER 3, 2000 - Page 1**
SEATTLE 1379986.1 58802-0110

264

establish that PacifiCorp had a reasonable justification for refusing to wheel power to Snake River prior to the Ninth Circuit's decision of October 3, 2000. It cannot be disputed that until the Ninth Circuit reversed this Court's summary judgment, PacifiCorp was reasonably entitled to rely and did rely on this Court's order which held that PacifiCorp was immune from any obligation to wheel.

Snake River does not dispute the law of this case that (i) a purpose of ESSA is to promote harmony among utilities in Idaho an to prevent the pirating of customers, and (ii) that ESSA authorized PacifiCorp to refuse to provide the requested wheeling service. Instead, Snake River argues that PacifiCorp's motion is an improper attempt to avoid the Ninth Circuit's ruling and to avoid application of the state action immunity test. Snake River is wrong on both counts.

First, PacifiCorp's motion is based on regulatory justification, a claim that was not before the Ninth Circuit. Thus, its decision on state action immunity does not foreclose a motion based on regulatory justification. Second, state action immunity and regulatory justification are two separate and distinct claims. The *Phonetele* court recognized as much. While the *Phonetele* court expressly addressed the state action immunity test of *Midcal Aluminum*, and concluded that the utility was not immune under that test, it explicitly recognized that its "holding that appellees have no [state action] immunity does not mean that we disregard their status as a [regulated entity]." 664 F.2d at 737. The court went on to state that such an entity may avoid antitrust liability where its actions were based on concrete regulatory imperatives. Very clearly, the Ninth Circuit recognized regulatory justification as a claim separate and apart from state action immunity.

Third, Snake River argues that *Phonetele* does not apply because it involved a conflict between federal regulatory law and federal antitrust laws, and "[t]here was no state law immunity issue." This is flat wrong — state law immunity was an issue in the case, and it did factor into the test PacifiCorp raised in its moving papers. There is no hint in *Phonetele* that

federal regulation alone was at issue. The court speaks only of "the regulatory authority," and it is clear from context that it means *any* regulatory authority, federal or state.

It is undisputed that ESSA contained a regulatory imperative prohibiting pirating of customers for the good of Idaho and that the imperative authorized PacifiCorp's alleged refusal to wheel. It is also undisputed that this Court held that ESSA specifically applied to PacifiCorp in this factual setting. PacifiCorp was justified in relying on this Court's Order. Any evidence of an alleged refusal to wheel prior to the October 3, 2000 ruling by the Ninth Circuit cannot form the basis of an antitrust violation under *Phonetele*. Thus, it is irrelevant and should be excluded.

David J. Jordan
John M. Eriksson
Marc T. Rasich
G. Rey Reinhardt
Attorneys for PacifiCorp

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of May, 2002, I served a true and correct copy of **REPLY IN SUPPORT OF PACIFICORP'S MOTION TO EXCLUDE EVIDENCE OF ACTIONS OF PACIFICORP BEFORE OCTOBER 3, 2000** in the above-entitled matter as follows:

Robert C. Huntley  
Christopher F. Huntley  
Huntley, Park, Thomas, Birkett,  
 Olsen & Williams, L.L.P.  
250 So. 5th Street, Suite 660  
P.O. Box 2188  
Boise, Idaho 83702

[ ] Via Facsimile  
[ ] Via U.S. Mail Service  
[ ] Via Overnight Delivery Service  
[√] Via Hand Delivery

Brett DeLange  
Deputy Attorney General  
Consumer Protection Unit  
Office of the Attorney General  
700 W. Jefferson St., Rm. 210  
P.O. Box 83720  
Boise, ID 83720-0010

[ ] Via Facsimile  
[ ] Via U.S. Mail Service  
[ ] Via Overnight Delivery Service  
[√] Via Hand Delivery

Charles F. Wheatley, Jr.  
Wheatley & Ranquist  
34 Defense Street  
Annapolis, MD 21401

[ ] Via Facsimile  
[√] Via U.S. Mail Service  
[ ] Via Overnight Delivery Service  
[ ] Via Hand Delivery

G. Rey Reinhardt, IV