David J. Jordan (Utah Bar #1751)
John M. Eriksson (Utah Bar #4827)
Marc T. Rasich (Utah Bar #9279)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328-3131

Mary S. Hobson (ISB #2142)
Erik F. Stidham (ISB #5483)
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, Idaho 83702-5958
Telephone: (208) 389-9000

Attorneys for Defendant
PacifiCorp

UNITED STATES COURTS
DISTRICT OF IDAHO

SEP - 3 2002

LODGED_____ M. REC'D _____
_____FILED _____

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFICORP (including UTAH POWER & LIGHT, a division),<br><br>Defendant,<br><br>STATE OF IDAHO, by and through ALAN G. LANCE, Attorney General,<br><br>Defendant-Intervenor. | Case No. 96-308-E-BLW<br><br>**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE: EVIDENCE PERTAINING TO PACIFICORP'S POWER MARKET TRANSACTIONS** |

MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE: EVIDENCE PERTAINING TO PACIFICORP'S
POWER MARKET TRANSACTIONS -- 1
SaltLake-182392.1 0058802-00110

301

ORIGINAL

PacifiCorp anticipates that Snake River may seek to offer evidence and arguments relating to PacifiCorp's purchase and sale of power in various power markets at the trial in this matter. Such evidence is inadmissible for numerous reasons.

Under Rule 402 of the Federal Rules of Evidence[1], "evidence which is not relevant is not admissible." Evidence is "relevant" only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. When evidence of occurrences involving third parties is offered in a case involving a specific transaction or event, a threshold requirement of relevance is whether the third-party events occurred under circumstances which are substantially similar in time, place and nature. *See e.g. Rangen, Inc. v. Valley Trout Farms Inc.*, 658 P.2d 955, 961 (Idaho 1983) (credit practices used with other customers not relevant to the credit practices at issue with plaintiff); *Minnesota Farm Bureau Mktg. Corp. v. North Dakota Agricultural Mktg. Ass'n*, 563 F.2d 906, 911 (8th Cir. 1997) (finding it proper to exclude prior grain contracts with two other farmers that were dissimilar to the contract at issue).

Here, Snake River is seeking parade before the jury evidence of instances in which PacifiCorp bought or sold electricity in various markets between 1999 and 2001. Evidence of any such sales does not tend to prove any fact of consequence to this action absent proof from Snake River that the circumstances in each of PacifiCorp's market transactions was substantially similar to those hypothetical transactions Snake River claims it would have made. *Rangen*, 658

---

[1] Except where noted, all references to "Rule" are references to the Federal Rules of Evidence.

P.2d at 961; *Minnesota Farm*, 563 F.2d at 94. Plaintiff cannot in this case make the required showing.

PacifiCorp is a large power generation, transmission and distribution company that is regulated at the federal and state level. Snake River, in contrast, is a purported co-op formed by a group of irrigation farmers that is not regulated by FERC or the Idaho PUC. PacifiCorp has continuing relationships with numerous entities that generate, purchase, sell, transmit and distribute power and participates daily in a number of power markets. It has obtained all required approvals necessary for it to do so. In contrast, Snake River has never transacted, and currently does not transact, any business in the spot or other power markets. It owns no generation, transmission or distribution facilities and it has none of the approvals or credit ratings necessary to operate in the power markets. The businesses are simply too distinct for the transactions that one makes to be relevant to hypothetical transactions of the other. Moreover, Snake River offers no evidence that PacifiCorp is a "market maker" such that its transactions could be fairly said to represent the market. This lack of relevance also requires the exclusion of any expert testimony Snake River might offer which would bring these irrelevant transactions before the jury. When an expert testifies, "facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the Court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. Here, there is simply too little probative value and too much potential prejudice to PacifiCorp to permit Snake River's experts to testify about PacifiCorp's market sales.

In short, the direct evidence, expert reports, and expert testimony that PacifiCorp anticipates Snake River will offer concerning PacifiCorp's power market transactions with third

parties is inadmissible due to the lack of substantial similarity under Rule 401; would result in unfair prejudice, confusion of issues, and waste of jurors' time under Rule 403; and is barred disclosure under Rule 703. PacifiCorp and its market activities are simply too dissimilar from Snake River and its hypothetical activities to be admitted as evidence or disclosed by Snake River's expert. PacifiCorp's motion therefore should be granted.

DATED: September 3d, 2002          Respectfully Submitted,

                                   STOEL RIVES LLP

                                   _____
                                   David J. Jordan
                                   John M. Eriksson
                                   Marc T. Rasich
                                   G. Rey Reinhardt
                                   Attorneys for Defendant PacifiCorp

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of September, 2002, I caused to be served the foregoing **MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE: EVIDENCE PERTAINING TO PACIFICORP'S POWER MARKET TRANSACTIONS**, via facsimile and U.S. Mail upon the following:

Robert C. Huntley
Christopher F. Huntley
HUNTLEY, PARK, THOMAS BURKETT,
  OLSEN & WILLIAMS, LLP
250 So. 5th Street, Suite 660
P.O. Box 2188
Boise, ID  83702

Brett DeLange
Deputy Attorney General
700 W. Jefferson St., Rm. 210
P.O. Box 83720
Boise, ID  83720-0010

Charles F. Wheatley, Jr.
Timothy P. Ingram
WHEATLEY & RANQUIST
34 Defense Street
Annapolis, MD 21401

By: _____