ORIGINAL
U.S. COURTS
02 SEP 18 PM 1:02
CAMERON S. BURKE
CLERK           IDAHO

David J. Jordan (Utah Bar #1751)
John M. Eriksson (Utah Bar #4827)
Marc T. Rasich (Utah Bar #9279)
STOEL RIVES LLP
201 South Main Street, #1100
Salt Lake City, Utah 84111-4904
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

Mary S. Hobson (ISB# 2142)
G.Rey Reinhardt, IV (ISB# 6902)
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, Idaho 83702-5958
Telephone: (208) 389-9000
Facsimile: (208) 389-9040

Attorneys for Defendant PacifiCorp

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFICORP,<br><br>Defendant,<br><br>STATE OF IDAHO, by and through ALLEN G. LANCE, Attorney General,<br><br>Defendant-Intervenor. | Case No. CV 96-0308-E-BLW<br><br>**REPLY MEMORANDUM IN SUPPORT OF PACIFICORP'S MOTION IN LIMINE TO STRIKE DR. RICHARD SLAUGHTER'S REPORT** |

### I.  INTRODUCTION

Snake River Valley Electric Association ("Snake River") has chosen to respond to PacifiCorp's Motion In Limine To Strike Dr. Richard Slaughter's Report by filing a three-sentence brief referring this Court to yet another (fifth) round of "supplemental" expert reports.

**REPLY MEMORANDUM IN SUPPORT OF PACIFICORP'S MOTION IN LIMINE TO STRIKE DR. RICHARD SLAUGHTER'S REPORT–1**
Boise-146880.1 0058802-00110

314

In so doing, Snake River concedes all legal issues raised by PacifiCorp in its motion to strike Dr. Slaughter's report and reaffirms the unreliable nature of the ever-changing opinions (original, revised, updated and supplemented) advanced by Dr. Slaughter.

## II.   ARGUMENT

A.  **Snake River Has "Consented To the Granting" of PacifiCorp's Motion To Strike The Report of Dr. Slaughter By Failing To Submit A Response In Compliance With the Local Rules.**

The response brief filed by Snake River violates the Local Rules of Civil and Criminal Practice Before the United States District Court for the District of Idaho (the "Local Rules") in numerous respects. First, the Local Rules state that a response brief "must contain all of the reasons and points and authorities relied upon by the responding party." D. Idaho L. Civ. R. 7.1(c)(3). The response brief filed by Snake River fails to cite any points and authorities. Moreover, the supplemental expert reports submitted by Snake River in lieu of a response brief speak only to factual questions, leaving all legal arguments raised by PacifiCorp unopposed.

The Local Rules establish specific consequences for this failure. Local Rule 7.1(f) states that a responding party's failure to abide by the rules "may be deemed to constitute a consent to the granting of said motion or other application." By failing to submit a response brief containing any points and authorities, Snake River has consented to the granting of PacifiCorp's motion in limine to strike the report of Dr. Slaughter.[1]

B.  **The "Supplemental Expert Reports" Submitted By Snake River Prove the Untrustworthiness of Those Reports**

The Supplemental Expert Report of Dr. Slaughter filed by Snake River in opposition to PacifiCorp's motion to strike that report is merely one more unconvincing attempt by Dr.

---

[1] At the very least, Snake River has precluded itself from disputing any legal issues or conclusions contained in PacifiCorp's motion to strike the expert report of Dr. Slaughter.

**REPLY MEMORANDUM IN SUPPORT OF PACIFICORP'S MOTION IN LIMINE TO STRIKE DR. RICHARD SLAUGHTER'S REPORT--2**

Boise-146880.1 0058802-00110

Slaughter to patch the holes in his flawed report. Indeed, the supplemental report filed by Dr. Slaughter on September 10, 2002 marks the fifth revision/supplementation of Dr. Slaughter's report since Snake River first disclosed its spot market damages theory on March 8, 2002. Rather than strengthening Dr. Slaughter's report, however, the numerous revisions submitted by Snake River serve only to reveal the unreliability of that report. Specifically, the ongoing alteration of both Dr. Slaughter's opinions and the bases for those opinions reveals that Dr. Slaughter (1) lacks the qualifications to testify about hypothetical lost sales in the spot market and (2) that his methodology for doing so is unreliable.

### III. CONCLUSION

Snake River's "response brief" fails to raise a single point or authority in response to PacifiCorp's motion to strike Dr. Slaughter's report and leaves the legal arguments in PacifiCorp's motion unopposed. Moreover, the attempt by Snake River to submit voluminous "supplemental expert reports" in response to PacifiCorp's motion is an improper attempt by Snake River to circumvent the Local Rules. Thus, this Court should grant PacifiCorp's motion to strike the report of Dr. Slaughter.

DATED: September 18, 2002

Respectfully submitted,

STOEL RIVES LLP

_____
David J. Jordan
John M. Eriksson
Marc T. Rasich
G. Rey Reinhardt, IV

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of September, 2002, I caused to be served the foregoing **REPLY MEMORANDUM IN SUPPORT OF PACIFICORP'S MOTION IN LIMINE TO STRIKE DR. RICHARD SLAUGHTER'S REPORT**, via facsimile and U.S. Mail upon the following:

> Robert C. Huntley
> Christopher F. Huntley
> HUNTLEY, PARK, THOMAS BURKETT,
>   OLSEN & WILLIAMS, LLP
> 250 So. 5th Street, Suite 660
> P.O. Box 2188
> Boise, ID 83702
>
> Brett DeLange
> Deputy Attorney General
> 700 W. Jefferson St., Rm. 210
> P.O. Box 83720
> Boise, ID 83720-0010
>
> Charles F. Wheatley, Jr.
> Timothy P. Ingram
> WHEATLEY & RANQUIST
> 34 Defense Street
> Annapolis, MD 21401

By: _____