David J. Jordan (Utah Bar #1751)
John M. Eriksson (Utah Bar #4827)
Marc T. Rasich (Utah Bar #9279)
STOEL RIVES LLP
201 South Main Street, #1100
Salt Lake City, Utah 84111-4904
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

Mary S. Hobson (ISB# 2142)
G.Rey Reinhardt, IV (ISB# 6902)
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, Idaho 83702-5958
Telephone: (208) 389-9000
Facsimile: (208) 389-9040

Attorneys for Defendant PacifiCorp

U.S. COURTS

02 SEP 25   4:52

CLERK   IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFICORP,<br><br>Defendant,<br><br>STATE OF IDAHO, by and through ALLEN G. LANCE, Attorney General,<br><br>Defendant-Intervenor. | Case No. CV 96-0308-E-BLW<br><br>**REPLY MEMORANDUM IN SUPPORT OF PACIFICORP'S MOTION IN LIMINE RE: EVIDENCE PERTAINING TO PACIFICORP'S POWER MARKET TRANSACTIONS** |

Snake River Valley Electric Association ("Snake River") responds to PacifiCorp's Motion In Limine Re: Evidence Pertaining To PacifiCorp's Power Market Transactions by submitting evidence that PacifiCorp purchased significant quantities of power in 2000 and 2001.

**REPLY MEMORANDUM IN SUPPORT OF PACIFICORP'S MOTION IN LIMINE RE: EVIDENCE PERTAINING TO PACIFICORP'S POWER MARKET TRANSACTIONS -- 1**

Boise-147270.1 0058802-00110

ORIGINAL 322

Snake River's argument misses the point. PacifiCorp does not dispute that it purchased power in 2000 and 2001. However, Snake River has completely failed to show any similarity between the PacifiCorp transactions reflected in the roughly two-hundred pages of appendices submitted by Snake River, and the hypothetical transactions Snake River claims it would have made. Consequently, evidence of the PacifiCorp transactions is inadmissible in this litigation.

Snake River and PacifiCorp are too dissimilar for the transactions made by PacifiCorp to be representative of the hypothetical transactions of Snake River. Snake River appears to concede that PacifiCorp (1) is a large power generation, transmission and distribution company that is regulated both at the federal and state level, (2) has ongoing relations with numerous entities that generate, purchase, sell, transmit and distribute power, (3) owns its own transmission and distribution facilities, (4) participates daily in a number of power markets and (5) has obtained all required approvals necessary for it conduct a wide array of market transactions. Snake River does not possess <u>any</u> of these attributes. The differences between Snake River and PacifiCorp are further illustrated in Snake River's opposition brief, in which Snake River concedes that PacifiCorp has a service area that spans over six states and has a transmission system that encompasses <u>ten states</u> with a combined circuit length of approximately <u>15,000 miles</u>. Snake River, on the other hand, has a service area limited to a small section of southeastern Idaho and has no delivery system at all.

In addition to the dissimilarities of the two businesses, Snake River admits that during 2000 and 2001 PacifiCorp engaged in both short-term and long-term purchases, with short-term purchases being on terms of "less than one year." Even if all of PacifiCorp's purchases were on terms of "less than one year," (which they are not), Snake River has not shown, or even attempted to show, the comparability of such purchases to purchases on the day-ahead spot

market, which is the only market into which Snake River claims it would have sold electricity. Further, PacifiCorp's transactions in 2001 in particular are not relevant to Snake River's hypothetical transactions it claims would have occurred through December 8, 2000. There is simply no basis for asserting that the day-ahead spot market sales Snake River claims it would have made are similar to the types and quantities of wholesale transactions PacifiCorp engaged in over its ten-state, 15,000 mile transmission system. Introduction of evidence of PacifiCorp's transactions of the type and quantity submitted by Snake River would only tend to confuse and prejudice the jury.

Pursuant to Federal Rules of Evidence 401, 403 and 703, the numerous distinctions between PacifiCorp and Snake River preclude Snake River from submitting direct evidence, expert reports and expert testimony concerning PacifiCorp's power market transactions with third parties. Therefore, PacifiCorp's motion should be granted.

DATED: September 25, 2002

                                                  Respectfully submitted,

                                                  STOEL RIVES LLP

                                                  _____
                                                  David J. Jordan
                                                  John M. Eriksson
                                                  Marc T. Rasich
                                                  G.Rey Reinhardt, IV

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of September, 2002, I caused to be served the foregoing **REPLY MEMORANDUM IN SUPPORT OF PACIFICORP'S MOTION IN LIMINE RE: EVIDENCE PERTAINING TO PACIFICORP'S POWER MARKET TRANSACTIONS**, via facsimile and U.S. Mail upon the following:

Robert C. Huntley
Christopher F. Huntley
HUNTLEY, PARK, THOMAS BURKETT,
  OLSEN & WILLIAMS, LLP
250 So. 5th Street, Suite 660
P.O. Box 2188
Boise, ID 83702

Brett DeLange
Deputy Attorney General
700 W. Jefferson St., Rm. 210
P.O. Box 83720
Boise, ID 83720-0010

Charles F. Wheatley, Jr.
Timothy P. Ingram
WHEATLEY & RANQUIST
34 Defense Street
Annapolis, MD 21401

By: _____
G. Rey Reinhardt, IV