Robert C. Huntley, ISB No. 894
Christopher F. Huntley ISB No. 6056
Huntley, Park, Thomas Burkett,
 Olsen & Williams, L.L.P.
250 So. 5ᵗʰ Street, Suite 660
P.O. Box 2188
Boise, ID  83702
Telephone: (208) 388-1230
Fax : (208) 388-0234

Charles F. Wheatley, Jr.
Wheatley & Ranquist
34 Defense Street
Annapolis, MD 21401
Telephone: (410) 266-7524
Fax:  (301) 261-8699

Attorneys for Snake River Valley Electric Association

US COURTS
DISTRICT OF IDAHO

OCT 14 2002

REC'D _____ FILED _____
_____ S. BURKE
CLERK IDAHO

**ORIGINAL**


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO


| | |
|---|---|
| SNAKE RIVER VALLEY ELECTRIC ASSOCIATION,<br><br>        Plaintiff,<br><br>v.<br><br>PACIFICORP, (Including UTAH POWER & LIGHT, a division),<br><br>        Defendant. | Case No. CIV 96-0308-E-BLW<br><br><br>**Brief of Snake River in Support of Motion to Strike/Deny PacifiCorp's Newly Filed Ninth Affirmative Defense Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy** |


### OVERVIEW

The late-asserted **ninth defense** should be denied for any one or several of the following

**Brief of Snake River in Support of Motion to Strike/Deny
PacifiCorp's Newly Filed Ninth Affirmative Defense
Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 1**

reasons contained in this overview:

(1) If the Defense had any merit whatsoever, it could have and should have been asserted at the time of the filing of the initial answer, or at the latest at the time of the initial cutoff date for amended pleadings set up in the court's initial scheduling order of June 13, 1997. The deadline was **June 30, 1997**. Nothing has changed since that date relative to this issue.

(2) The second deadline missed is that of **November 30, 2001** established in the Court's second scheduling order of September 4th, 2001. There, in paragraph 3, the Court stated:

> Amendment of Pleadings and Joinder of Parties: All motions to amend pleadings and join parties, except for allegations of punitive damages, shall be filed on or before **November 30, 2001**. This deadline shall only be extended for good cause shown.[1] All parties are entitled to know the claims and parties well-before trial rather than be forced to pursue or defend against a moving target.
>
> > [1] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are not governed by the liberal provisions of Fed. R. Civ. P. 15(a) but instead by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

The last two sentences quoted from the text of paragraph 3 and the footnote are especially instructive - - PacifiCorp has demonstrated no excuse or good cause for any departure from the rules.

Had Plaintiff's been timely notified of this defense, we certainly would have taken proper discovery action, including depositions and other preparations for trial.

(3) There is an evidentiary basis for denial of this defense. That is there is neither documentary evidence, or specific testimony of any witness that PaCifiCorp ever thought about or relied on the doctrine until attorney's suggested it after the complaint was filed and PacifiCorp's initial motion to dismiss was filed, the time line being as follows:

**Brief of Snake River in Support of Motion to Strike/Deny**
**PacifiCorp's Newly Filed Ninth Affirmative Defense**
**Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 2**

| Exhibit # | Date | Description |
|-----------|------|-------------|
| 1066 | 10/11/94 | Letter from Westerberg of UP&L to Palmer cancelling Oct. 19,1994 meeting |
| 1070 | 11/21/94 | Letter from Glenn Pond, UP&L to Dear Irrigator declining to sell service territory or facilities |
| 1071 | 11/22/94 | Letter from Westerberg to Wheatley rejecting a meeting re: Wheatley's several "concept proposals" |
| 1078 | 6/30/95 | Letter from V.P. Topham of PacifiCorp to Board of SRVEA stating: "...we do not wish to pursue your proposal at this time." |
| 1093 | 2/16/96 | Letter from Perischetti to Del Ray Holm forwarding inapplicable Tariff 9&10 |
| 1097 | 7/17/96 | Snake River files Complaint |
|  | 8/7/96 | PacifiCorp files Motion to Dismiss - raised ESSA defense for State Action Immunity |
|  | 5/7/97 | PacifiCorp's Answer to Complaint.  Asserted only State Action Immunity Defense, not regulatory defense or the disjunct "good faith, reasonable reliance on the laws and public policies of the State of Idaho" |

In the period between October, 1994, when the first letter was sent and August 1996, when the motion to dismiss was filed, **a period of one year and ten months**, not once did PacifiCorp advise that its refusal was based on any of the so-called defenses.

Furthermore, and very troubling, is the fact that in PacifiCorp's proposed exhibits, we do not see copies of any board of directors minutes of PacifiCorp or memos of attorneys to the corporate board and operating officers , or any other document indicating that PacifiCorp was relying on these defenses. It is now too late to come forward with any new documentation. One must ask, how is this defense to be established for the jury - - must it be on the basis of some board of directors action, or counsel's advice to the chief operating officer, or is it something which can be manufactured out of whole cloth long after the refusals to deal occurred without any prior reference or reliance upon ESSA or public policy? The only evidence brought up to this Court in that the attorney's dreamed

**Brief of Snake River in Support of Motion to Strike/Deny**
**PacifiCorp's Newly Filed Ninth Affirmative Defense**
**Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 3**

up this defense - no officer of PacifiCorp even thought of it as an excuse during negotiations with

Snake River.

(4) The ninth defense as filed really appears to be two separate defenses in the disjunctive,

the defense reading:

### NINTH DEFENSE
Plaintiff's claims are barred and/or Defendant is not liable based upon the doctrine of
regulatory justification and/or Defendant's good-faith, reasonable reliance on the laws and
public policies of the state of Idaho.

The request made in open court was to add the doctrine of "regulatory justification," and now the

alternative defense following the words "and/or" have been added.

Query, how can it reasonably be argued that either one of those two prongs of the ninth

defense were not disposed of by the Ninth Circuit decision?

(5) The Court stated in our earlier discussion that this new defense was brought up in

PacifiCorp's briefing earlier this spring and that leave to amend pleadings is governed by the liberal

provisions of Rule 15a. Two problems: (1) if PacifiCorp knew about the defense when it wrote its

brief, should it not then have moved to amend at that time and not during the course of the trial; and

(2) how does that "liberal provision" concept square with footnote 1 of both scheduling orders?

Where is the proper notice to Snake River so that Snake River's attorneys could prepare for

this purported "unilateral amendment by brief?"

(6) If the ESSA statute did not grant anti-trust immunity before December 8, 2000, how can

it be relied upon by the defense as public policy during the time of the operative facts of this case?

(7) Finally, the review of the case authorities which follow in this brief demonstrate that there

**Brief of Snake River in Support of Motion to Strike/Deny**
**PacifiCorp's Newly Filed Ninth Affirmative Defense**
**Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 4**

is absolutely no distinction between state action immunity and regulatory justification in the context of this case. Further, the ruling of the 9th Circuit constitutes "issue preclusion."

## ARGUMENT

The first six points above speak for themselves and require no further briefing. This argument will be devoted to the final point in the overview.

Snake River hereto respectfully requests that the Court now bar PacifiCorp from contending in the present case before the jury that it has a defense to compliance with the Federal Antitrust laws based on an alleged good faith regulatory compliance with the Idaho ESSA as originally enacted, which the Ninth Circuit held did not grant PacifiCorp any immunity under the Federal Antitrust Laws. This claim should be rejected by the Court because: (1) that the *Phonetele* cases do not authorize any regulatory defense by PacifiCorp because it has admitted that its actions to refuse to wheel under the original ESSA have not "necessitated by concrete factual imperatives recognized as legitimate by the regulatory authority,"[1] (claimed by PacifiCorp in this case to be the Idaho Public Utility Commission); (2) PacifiCorp has admitted that the ESSA as originally enacted and construed by the Ninth Circuit does not provide it with any immunity or defense under the Federal Antitrust law, and that the Amended ESSA of December 8, 2000 gave it a right to seek such a defense only by obtaining a decision from the State Public Utilities Commission, which right it never exercised; and (3) PacifiCorp's attempt to pursue a state regulatory defense is barred by principles of issue

---

[1] *Phonetele v. AT&T*, 664 F.2d 716, 737-738 (9th Cir., 1981) and *Phonetele v. AT&T*, 889 F.2d 224 (9th Cir, 1989); *Southern Pac Communication v. AT&T*, 740 F.2d 980, 1009 (D.C. Cir., 1984), cert denied, 470 U.S. 1005 (1985).

**Brief of Snake River in Support of Motion to Strike/Deny**
**PacifiCorp's Newly Filed Ninth Affirmative Defense**
**Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 5**

preclusion (collateral estoppel).

## FACTUAL BACKGROUND

Prior to Snake River filing its Complaint on July 17, 1996, none of PacifiCorp's written refusals to provide wheeling service to Snake River made any references to the ESSA as a justification for its conduct. PacifiCorp raised the ESSA for the first time in its motion filed August 7, 1996 to dismiss the Complaint under Rule 12 (b)(6). This motion raised only the defense of State Action Immunity. After that motion was denied by the Court in its Decision of April 25, 1997, PacifiCorp filed its answer to the Complaint on May 7, 1997, which expressly asserted only a defense under "State Action Immunity."[2]

Subsequently after the State of Idaho intervened in the case, it filed a motion for summary judgment on January 23, 1998 based on the old ESSA, that the "State Action Doctrine Immunizes PacifiCorp" from "Federal Antitrust Attack and Competitive Conduct that was directed by the State."[3] PacifiCorp filed a memorandum in support of the State's motion stating that:

I. This Court Should Grant Summary Judgment Against Snake River Because PacifiCorp Is Immunized From Liability Under the Doctrine of State Action Immunity.

PacifiCorp's Memo of February 9, 1998 at p. 3. At no time since the commencement of the case did PacifiCorp ever argue that the ESSA was the basis for any defense based on state regulatory action, separate from the immunity doctrine.

---

[2] PacifiCorp's Answer:

"FIFTH DEFENSE"

"Defendant is immune from Plaintiff's claims under the doctrine of state action immunity."

[3] State Memorandum at 4.

**Brief of Snake River in Support of Motion to Strike/Deny**
**PacifiCorp's Newly Filed Ninth Affirmative Defense**
**Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 6**

After the Court had granted the State's Motion for Summary Judgment, Snake River appealed to the Ninth Circuit. At that point, both the State and PacifiCorp took the position that the ESSA language in §61-332(B) to prohibit the "pirating" of customers of another supplier was self executing and did not require regulatory action by any regulatory agency of the State of Idaho.[4] After briefing and oral argument, the U.S. Court of Appeals for the Ninth Circuit unanimously rejected that contention, and denied rehearing en banc:

> It is clear that the statute is not self-policing, but in addition we fail to find any state supervision whatsoever. Section 61-332B allows the electric supplier to define its service territory solely by consent without any reference to any statute or regulation. The statute simply allows private parties to decide under what circumstances competition will be allowed. There exists no reference to state regulation. As the Supreme Court has observed: Our decisions make clear that the purposes of the active supervision inquiry is not to determine whether the state has met some normative standard, such as efficiency with its regulatory practices. Its purpose is to determine whether the State has exercised sufficient independent judgment and control so that the details of the rates or prices have been established as a precedent of deliberate state intervention, not simply by agreement among private parties. *Ticor*, 84 U.S. at 634-635, ...

*Snake River Valley Electric Association v. PacifiCorp*, 238 F.3d 1189, 1195 (9th Cir. 2001); emphasis added.

PacifiCorp's motion for summary judgment filed November 26, 2001 was based on new legislation enacted by the Idaho Legislature on December 8, 2000 (memo at 4-7), and argued that this "immunized [PacifiCorp] from antitrust liability for conduct after December 8, 2000 under the State Action Immunity Doctrine." (memo at 8-12), as well as providing "Good Faith Reliance on Idaho's Regulatory Policy Against Retail Wheeling," memo at 16-19. It was quite clear from PacifiCorp's motion that its regulatory defense argument was based solely on the language of the

---

[4] Brief of State of Idaho and PacifiCorp in Ninth Circuit, at pp _____.

**Brief of Snake River in Support of Motion to Strike/Deny**
**PacifiCorp's Newly Filed Ninth Affirmative Defense**
**Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 7**

new ESSA of December 8, 2000, which added a section purporting to give the Idaho PUC jurisdiction, after a required filing by the utility, to consider claims of "retail wheeling" and a prior 1996 study by the Commission concluding that the ESSA was deficient and: "some form of Commission 'oversight' was required." PacifiCorp memo at 18-19.

Having taken the position earlier before this Court that the December 8, 2000 amendment to ESSA only provided immunity going forward from that date, PacifiCorp is precluded from seeking a retroactive application now.

The Court in its Order of February 7, 2002 granted the State's motion that PacifiCorp had antitrust immunity based on the new ESSA as of December 8, 2000, but denied PacifiCorp's motion for summary judgment against Snake River's claim for a refusal to wheel under Section 2 of the Sherman Act.

On August 21, 2002, long after the deadline for dispositive motions, PacifiCorp filed a new Motion for Summary Judgment which admitted that Snake River had an "antitrust claim based on a purported failure to wheel existing customers before December 8, 2000," Memo at 2, but directed its argument against various damage claims of Snake River and ongoing injunctive relief. To this, PacifiCorp sought to add a new claim for summary judgment that PacifiCorp reasonably believed....that the anti-piracy provisions in ESSA necessitated its action, citing for the first time the first *Phonetelle* case, 664 F.2d 716, 737, 738 (9th Cir. 1981). Id. at 18-20.

Snake River opposed this motion on the ground that "PacifiCorp's claim of antitrust immunity based on its alleged belief in State Public Policy was too late and erroneous." Memo of Sept. 11, 2002 at 17-19.

**Brief of Snake River in Support of Motion to Strike/Deny**
**PacifiCorp's Newly Filed Ninth Affirmative Defense**
**Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 8**

This Court in its Decision of September 25, 2002 expressly denied PacifiCorp's motion for partial summary judgment based on its argument that "it is immune from suit because it reasonably believed that its challenged action violated the public interest, as set forth in the ESSA anti-piracy provisions." Order at 1, 5-6. Despite this, PacifiCorp claims it is entitled to seek a jury verdict that could allow the jury to determine that the old ESSA trumps the Federal Antitrust Laws.

**I.     The Phonetele Cases Do Not Authorize A Regulatory Agency Defense Because PacifiCorp's Refusals to Wheel Under the Original ESSA Were Not "Necessitated by Concrete Factual Imperatives Recognized As Legitimate By the Regulatory Authority"**

The *Phonetele* cases and *Southern Pac. Communications Co.* cases expressly ruled that the so-called regulatory agency defense to the applicability of the Federal Antitrust laws, only applies, as this Court recognized, when "necessitated by concrete factual imperatives recognized as legitimate by the regulatory authority." *Phonetele v. AT&T*, 664 F.2d 716, 737-738 (9th Cir., 1981) and *Phonetele v. AT&T*, 889 F.2d 224 (9th Cir, 1989); *Southern Pac Communication v. AT&T*, 740 F.2d 980, 1009 (D.C. Cir., 1984), cert denied, 470 U.S. 1005 (1985), see court's decision of September 25, 2002 at 6. That test cannot be met as a matter of law under the old ESSA based on the controlling law of the case set by the Ninth Circuit in *Snake River Valley Electric Authority v. PacifiCorp*, 238 F3d 1189 (9th Cir. 2001). There simply was no jurisdiction vested in the Idaho PUC under the old ESSA, and therefore there could be no approval of PacifiCorp's conduct by a "regulatory agency" under the *Phonetele* case.

> Section 61-332B allows the electric supplier to define its service territory solely by consent without any reference to any statute or regulation. The statute simply allows private parties to decide under what circumstances competition will be allowed. There exists no references to state regulation.

**Brief of Snake River in Support of Motion to Strike/Deny**
**PacifiCorp's Newly Filed Ninth Affirmative Defense**
**Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 9**

238 F.3d at 1195.

Furthermore, the Ninth Circuit has confirmed that the earlier *Phonetele* cases should not be applied to allow a regulatory justification where the earlier order involved did not **compel** anticompetitive conduct by defendants. *Columbia Steel Castings v. Portland General Electric*, 111 F.3d 1427, 1445 (9th Cir. 1996). The Ninth Circuit held that where the prior state action (the approval of a 1972 agreement by the Oregon PUC for exchange of facilities) for a utility (PGE) without mandating any exclusive territories, did not "necessitate" action by the utility by "concrete factual imperatives" to meet the regulatory agency defense of *Phonetele*:

> ...that 1972 Order used permissive language (...[PP&L] may transfer to [PG&E] all electric distribution plants....Because the language of the 1972 Order was permissive, it did not require PGE and PP&L to perform the 1972 agreement...

111 F3d at 1445. This is indistinguishable from the ruling of the Ninth Circuit in *Snake River Valley Electric Assoc. v. PacifiCorp*, 238 F.3d 1189 at 1195 that the old ESSA, §61-332B, "allows the electric supplier to define its service territory solely by consent without any reference to any statute or regulation" and "simply allows the electric supplier to decide under what circumstances competition will be allowed..."

Accordingly, based on the law of the case in the Ninth Circuit for *Snake River* and *Columbia Steel Castings*, no valid legal basis exists for PacifiCorp to rely on the *Phonetele* case to support its claim that it is entitled to raise a regulatory justification defense in this case.

**II.     After Enactment of the Amended ESSA on December 8, 2000, Pacificorp Admitted That the Original ESSA Did Not Provide it with Any Defense under the Federal Antitrust Laws and That the Amended ESSA Gave it a Right to Seek Such a Defense Only by Obtaining a Decision from the Idaho Public Utilities Commission Which it Never Obtained**

**Brief of Snake River in Support of Motion to Strike/Deny**
**PacifiCorp's Newly Filed Ninth Affirmative Defense**
**Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 10**

Nothing in the original ESSA gave the Idaho Public Utility Commission any jurisdiction to consider whether PacifiCorp was justified in refusing to wheel for Snake River. The Ninth Circuit denied the appeals of both PacifiCorp and the State, holding:

> It is clear the statute is not self-policing, but in addition we fail to find any state recognition as to any state supervision whatsoever. Section 61-332B allows the electric supplier to define its service territory solely by consent without any reference to any statute or regulation. The statute simply allows private parties to decide under what circumstances competition will be allowed. There exists no reference to state regulation.

*Snake River Valley Electric Association v. PacifiCorp*, 238 F.3d 1189, 1195 (9th Cir. 2001); emphasis added.

PacifiCorp admitted this is true even with respect to the enactment of the new ESSA on December 8, 2000, when PacifiCorp then filed an application with the Idaho PUC alleging that the new ESSA gives the Commission express authority "to review denials of service that may constitute retail wheeling and/or sham wholesale transactions." Answer of PacifiCorp of July 20, 2001, before the Idaho PUC, at 9. This clearly precludes PacifiCorp from arguing, as it does, that any state regulatory agency defense existed prior to the enactment of the December 8, 2000 amendments to the ESSA. Furthermore, since there has been no decision by the Idaho PUC to confirm any applicability of the new ESSA to protect PacifiCorp, no such state regulatory defense is now available to PacifiCorp.

## III.   PacifiCorp's Attempt to Raise the State Regulatory Defense is Barred by Res Judicata and Issue Preclusion

*Montana v. United States*, 440 U.S. 147 (1979) ruled that "regardless of a change in law, a fact, question or right adjudged in the original action cannot be disputed in a subsequent action, even

**Brief of Snake River in Support of Motion to Strike/Deny
PacifiCorp's Newly Filed Ninth Affirmative Defense
Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 11**

though the determination was reached upon an erroneous view or by an erroneous application of law." *Montana v. United States*, 440 U.S. at 162 (emphasis added). The Restatement of the Law codifies this principle and adds a duty on a defendant to raise defenses in the first action, as follows:

> When a valid and final personal judgment is rendered in favor of the plaintiff:

*   *   *

> (2) In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed, or did interpose in the first action.

Restatement of the Law Second, Judgments 2d, Section 18.

PacifiCorp claimed throughout the earlier District Court proceedings that Snake River was barred by the ESSA from complying with the Federal Antitrust laws, but never presented the issue of state action regulatory defense in the appeal proceeding before the Ninth Circuit.[5] This is indistinguishable from the new claim by the State of Idaho raised on rehearing in the Ninth Circuit and rejected by the Court:

> In its petition for rehearing, Idaho argues that Idaho Code §61-325 limits a utility's authority to sell a service area absent approval by the Idaho Public Utility Commission. As Idaho did not raise this statute on appeal, the argument is waived.

238 F.3d at 1193, n. 10.

The issue posed by PacifiCorp of the state regulatory justification defense is, in substance, indistinguishable from that raised from the State Action Immunity Defense rejected by the Court.

In *Commissioner v. Sunnen*, 333 U.S. 591, 599-600 (1948), the Court ruled that:

> Of course, where a question of fact central to the judgment is actually litigated and

---

[5] Contrast *Columbia Steel Castings, supra,* 111 F.3d at 1195, where the regulatory defense issue was raised with the State Action Immunity issue in the appeal.

**Brief of Snake River in Support of Motion to Strike/Deny**
**PacifiCorp's Newly Filed Ninth Affirmative Defense**
**Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 12**

determined in the first tax proceeding, the parties are bound by that determination in a subsequent proceeding even though the cause of action is different. . . .

The factual issue that PacifiCorp was not bound by the ESSA but could "define its service territory solely by consent" and decide "under what circumstances competitors will be allowed," bars any attempt now by PacifiCorp to raise a state regulatory defense claim.

## ADDITIONAL INSTRUCTIVE TEACHINGS FROM THE NINTH CIRCUIT

There are several instructive statements from *Columbia Steel*, 111 F.3d 1427 and from *Phonetele, Inc. I*, 664 F.2d 716:

### A. From *Columbia*:

In *Columbia*, the defendant utility sought to justify its action by relying upon a later amendment (1992) by the Oregon PUC of a 1972 order which did not in its original form mandate any particular action. (Just as the Idaho Legislature has attempted to do here.) In *Columbia* the amendment, as in the instant case, came about after the lawsuit was filed and the Ninth Circuit responded at page 1441:

> The fact that the OPUC did not do what it now concludes that it intended to do in the 1972 Order does not alter the fact that the claim of PGE to a monopoly was not specifically and clearly authorized at the time that this court decided that Columbia Steel was entitled to a declaration that [the 1972 order] neither empowers nor authorizes PGE to monopolize the service of electric power to Columbia Steel.

The *Columbia* court further stated:

> In other words, state-action immunity is a question of federal antitrust law that turns on the clarity of a state's expression of its policy, not the subjective intent of its policymakers.

\* \* \*

**Brief of Snake River in Support of Motion to Strike/Deny**
**PacifiCorp's Newly Filed Ninth Affirmative Defense**
**Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 13**

To repeat, state-action immunity is not an issue of fact. It cannot be decided simply by ferreting out extrinsic evidence in an effort to ascertain the subjective intent of the state.

\* \* \*

In sum, the 1992 OPUC could not satisfy the *Midcal* test retroactively by amending the 1982 Order years after PGE entered into the monopolistic agreement it now seeks to cloak with federal antitrust immunity.

## B. In *Phonetele I* there are the following instructive quotes:

At 664 F.2d 735:

Conduct is exempt from the antitrust laws only when the regulated entity is required to pursue a particular course of action to comply with an identifiable and specific mandate of the regulatory statute.

\* \* \*

The allegations of the complaint describe conduct that quite obviously was not stimulated by regulatory supervision or coercion; it is of a character that reflects defendants' business judgment that its profits might be maximized if potential customers were discouraged from entering the various markets At&T controls.

At 664 F.2d 736:

The most recent Supreme Court decision analyzing the scope of the state-action exemption is *California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 100 S. Ct. 937, 63 L. Ed. 2d 233 (1980). There, in reaffirming its earlier precedents in this area, the Court distilled from those propr decisions two requirements necessary to obtain immunity under *Parker v. Brown*: (1) the challenged restraint must be clearly articulated and affirmatively expressed as state policy; and (2) that policy must be actively supervised by the state itself. Id. At 105. [\*\*52] See also, *New Motor Vehicle Bd. V. Orrin W. Fox Co.*, 439 U.S. 96, 99 S. Ct. 403, 58 L. Ed. 2d 361 (1978); *City of Lafayette v. Louisiana Power & Light Co.*, 435 U.S. 389, 98 S. Ct. 1123, 55 L. Ed. 2d 364 (1978). n52 The Court has clearly stated that "state authorization, approval, encouragement, or participation in restrictive private conduct confers no antitrust immunity." *Cantor*, 428 U.S.

**Brief of Snake River in Support of Motion to Strike/Deny**
**PacifiCorp's Newly Filed Ninth Affirmative Defense**
**Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 14**

at 592-93 (footnote omitted). n53

At 664 F.2d 738:

> The defendants may not justify their actions based on some mistake of law
> in interpreting the FCA, or judicial or FCC decisions.

## CONCLUSION

For the foregoing reasons, the Court should rule that PacifiCorp is not entitled to pursue a

regulatory justification defense under the *Phonetele* case and should so instruct the jury.

Respectfully submitted,

Wheatley & Ranquist

Charles F. Wheatley, Jr.

Huntley, Park, Thomas Burkett,
Olsen & Williams, L.L.P.

Robert C. Huntley
Counsel for SRVEA

**Brief of Snake River in Support of Motion to Strike/Deny**
**PacifiCorp's Newly Filed Ninth Affirmative Defense**
**Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 15**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of October, 2002, a true and correct copy of the foregoing document was served on the below listed individuals by the method indicated below:

Mary S. Hobson, ISB#2142
STOEL RIVES
101 South Capitol Blvd., Suite 1900
Boise, ID 83702
**Fax: 389-9040**

___ Hand Delivered
___ U.S. Mail
___ Overnight Mail
_X_ Facsimile

John M. Eriksson, Esq.
STOEL RIVES
One Utah Center
201 S. Main St.  Suite 1100
Salt Lake City, UT 84111
**Fax: 801-578-6999**

___ Hand Delivered
___ U.S. Mail
___ Overnight Mail
_X_ Facsimile

Brett T. DeLange                                      *Not Served*
Deputy Attorney General
Consumer Protection Unit
Office of the Attorney General
P. O. Box 83720
Boise, ID  83720-0010
**Fax: 334-2830**

___ Hand Delivered
___ U.S. Mail
___ Overnight Mail
_X_ Facsimile

Robert C. Huntley

**Brief of Snake River in Support of Motion to Strike/Deny**
**PacifiCorp's Newly Filed Ninth Affirmative Defense**
**Re: Regulatory Justification and Good Faith Reliance on Idaho Public Policy - 16**